# Plaintiff's Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| NEVAREZ LAW FIRM, PC, | § | |
| | § | |
| PLAINTIFF, | § | |
| v. | § | CAUSE NO. 3:15-cv-00297-DB |
| | § | |
| DONA ANA TITLE COMPANY, | § | |
| STEVE PARSLEY, | § | |
| SHAWNA BLOUNT f/k/a SHAWNA GONZALES, | § | |
| JACQUE SELBY, | § | |
| FIRST AMERICAN TITLE GUARANTY COMPANY | § | |
| f/k/a UNITED GENERAL TITLE INSURANCE | § | |
| COMPANY, | § | |
| FIRST AMERICAN TITLE INSURANCE COMPANY, | § | |
| FIRST AMERICAN FINANCIAL CORPORATION, | § | |
| ARACELI HERRERA, | § | |
| TOMASA R. ROJAS, | § | |
| a/k/a Tomasa Rojas, | § | |
| a/k/a Tomasa Rodriguez, | § | |
| a/k/a Tomasa Rodriguez Rojas, | § | |
| a/k/a Tomasa R. De Rojas, | § | |
| a/k/a Tomasa R. Derojas, | § | |
| a/k/a Tomasa R. Rodriguez, | § | |
| a/k/a Tomasa Rodriguez Deroja, | § | |
| a/k/a Tomasa Rodriguezderoja, | § | |
| a/k/a Tomasa Rodriguez Derojas, | § | |
| a/k/a Tomasa Rodriguezderojas, | § | |
| a/k/a Tomasa Rodriguez-Deroja, | § | |
| a/k/a Tomasa Rodriguez-Derojas, | § | |
| JOSE LUIS ROJAS, | § | |
| JOSE LUIS ROJAS, | § | |
| a/k/a JOSE ROJAS, | § | |
| a/k/a JOSE RODRIGUEZ, | § | |
| a/k/a JOSE LUIS RODRIGUEZ, | § | |
| a/k/a JOSE L ROJAS, | § | |
| ARTEMIO JAYME, | § | |
| VIVIANA JAYME, | § | |
| MARCO AURELIO JAYME, | § | |
| PAUL JAYME, | § | |
| MARIANA JAYME, | § | |
| GABRIELA JAYME, | § | |
| TATIANA JAYME, | § | |
| ZACOUR & ASSOCIATES, INC., | § | |

PAUL G. ZACOUR,                                          §
BANK OF AMERICA CORPORATION,                             §
COUNTRYWIDE HOME LOANS, INC., and                        §
COUNTRYWIDE HOME LOANS, INC.                             §
    d/b/a AMERICA'S WHOLESALE LENDER,              §
                                                         §
    DEFENDANTS.                                    §

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB        Page 2 of 312

# TABLE OF CONTENTS

I.      INTRODUCTORY STATEMENT. ................................................................6

II.     THE PARTIES AND SERVICE. ..............................................................9

III.    JURISDICTION AND VENUE. ..............................................................16

IV.     FACTUAL BACKGROUND. ..................................................................36

     A.      Introduction. ........................................................................... 36

     B.      The Fraudulent Sale Of The Thoroughbred Property. ......................... 39

     C.      The Fraudulent Appraisal Of The Thoroughbred Property. .................. 44

     D.      The Fraudulent Title Examination Of The Thoroughbred Property. ........ 50

     E.      Lender Liability On The Fraudulent Sale Of The Thoroughbred Property. ........ 54

     F.      The Fraudulent Closing Of The Thoroughbred Property. ..................... 56

     G.      The Fraudulent Disappearance Of The Thoroughbred Property Equity. .............. 68

     H.      The Fraudulent Checks Mailed By Rojas And Jayme During The Lease Term. . 77

     I.      The First Intentional Concealment of Pending Foreclosure By Rojas And Jayme. ...................................................................................... 79

     J.      Fraudulent Checks Continued To Be Mailed By Rojas And Jayme After The Lease. ........................................................................... 80

     K.      The Perjured Testimony Of Rojas And Jayme To Evade Eviction. ............ 81

     L.      The Other Intentional Concealments Of Pending Foreclosures By Rojas And Jayme. ..................................................................... 83

     M.      The Attempted Fraudulent Refinancing Of The Thoroughbred Property. .......... 85

     N.      The Third And Fourth Fraudulent Leases Of Rojas And Herrera. ........... 87

     O.      JOE MONGE And ROSANA MONGE Entered Into A Retainer Agreement With Plaintiff For Legal Representation. ..................................... 88

     P.      Findings By The Bankruptcy Court. ............................................ 89

     Q.      The Final Order Of The District Court. ........................................ 91

     R.      The Appeal To The Fifth Circuit. .............................................. 93

     S.      JOE MONGE And ROSANA MONGE Entered Into A Second Retainer Agreement With Plaintiff For Legal Representation. .......................... 94

     T.      JOE MONGE And ROSANA MONGE Breached The Agreement, And The RICO Agreement, By Failing To Pay Plaintiff. .............................. 95

     U.      Summary Of Damages. ......................................................... 96

     V.      Prohibited Activities Under RICO. ............................................ 97

          1.      Prohibited RICO Activities Under 18 U.S.C. §1962(a). .......... 100

          2.      Prohibited RICO Activities Under 18 U.S.C. §1962(b). ........ 100

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB

Page 3 of 312

3.    Prohibited RICO Activities Under 18 U.S.C. §1962(c)........................... 100

4.    Prohibited RICO Activities Under 18 U.S.C. §1962(d). ....................... 100

V.      PARTICIPATORY AND VICARIOUS LIABILITY.......................................................101

VI.    DISCOVERY RULE. ..................................................................................................107

VII.   CAUSES OF ACTION. ...............................................................................................108

A.    Action for Fraud by Misrepresentation and/or Inducement................................ 108

B.    Action for Fraud by Nondisclosure..................................................................... 109

C.    Action for Breach of Fiduciary Duty. .................................................................. 110

D.    Action for Fraud in a Real Estate Transaction.................................................... 111

E.    Action for Fraudulent Lien or Claim Filed. ........................................................ 112

F.    Action for Texas Deceptive Trade Practices. ...................................................... 113

G.    Action for New Mexico Unfair Trade Practices. ................................................. 115

H.    Action for Appropriation by Theft....................................................................... 116

I.    Action for Conversion.......................................................................................... 117

J.    Action for Quantum Meruit. ................................................................................ 118

K.    Action for Promissory Estoppel As A Claim....................................................... 119

L.    Action for Negligence and/or Gross Negligence. ............................................... 121

M.   Action for Breach of Duty of Good Faith and Fair Dealing. .............................. 122

N.    Action for Violation of TILA and RESPA Prior to Closing................................ 122

O.    Action for Violation of TILA and RESPA After Closing. .................................. 124

P.    Action for Breach of Contract of Title Commitment and Title Insurance.......... 125

Q.    Action for Negligent Provision of Title Services. ............................................... 126

R.    Action for Breach of Contract............................................................................. 128

VIII.  COUNTS UNDER THE RACKETEER INFLUENCED & CORRUPT
ORGANIZATIONS ACT ("RICO"). ........................................................................129

A.    The Enterprise. ..................................................................................................... 129

B.    Action for Mail Fraud. ........................................................................................ 130

C.    Action for Wire Fraud.......................................................................................... 156

D.    Action for Fraud and Related Activity in Connection with Identification
Documents. .......................................................................................................... 182

E.    Action for Fraud and Related Activity in Connection with Access Devices...... 192

F.    Action for Financial Institution Fraud. ............................................................. 200

G.    Action for Obstruction of Justice........................................................................ 206

H.    Action for Racketeering. ...................................................................................... 208

I.    Action for Laundering of Money.......................................................................... 241

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB

Page 4 of 312

| | J. | Action for Engaging in Monetary Transaction in Property Derived from Specified Unlawful Activity. ................................................................ 248 |

| | K. | Action for Illegal Money Transmitters. .............................................. 255 |
| | L. | Action for Interstate Transportation of Stolen Property. .................... 264 |
| | M. | Action for Interstate Transportation of Stolen Property. .................... 272 |
| | N. | Action for Fraud Connected With A Case Under Title 11. ................. 280 |

IX. LEGAL REQUIREMENTS FOR APPRAISAL STANDARDS AND LENDERS. ......285

A. The Federal Housing Administration and Mortgage Insurance for Single-Family Homes. ................................................................................................ 285

B. HUD's Direct Endorsement Program - Legal Requirements For Lenders Participating In The Direct Endorsement Mortgage Insurance Program............ 287

    1. Statutory Requirements. ........................................................... 287

    2. Regulatory Requirements ......................................................... 289

        a. Underwriting Requirements. ......................................... 289

C. HUD's Direct Endorsement Program - Lender Certifications To Induce FHA To Approve Direct Endorsement Mortgage Insurance Applications. ..................... 291

D. HUD's Direct Endorsement Program - Appraisal Requirements In HUD Handbooks And Forms Submitted To FHA As Applicable To Direct Endorsement Lenders. ................................................................................................ 293

E. HUD's Direct Endorsement Program - Direct Endorsement Lenders' Duties. ... 298

    1. Due Diligence As Required By Regulation. .............................. 298

    2. Due Diligence As Required By Common Law. ......................... 300

    3. The Fiduciary Duty Of Utmost Good Faith. ............................ 301

F. Defendants' Scheme And Plaintiff's Knowledge. ............................... 302

X. DAMAGES ................................................................................................305

XI. CONDITIONS PRECEDENT. ...................................................................309

XII. PRAYER FOR RELIEF. ............................................................................310

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB

Page 5 of 312

**TO THE HONORABLE DISTRICT COURT JUDGE DAVID BRIONES:**

**NOW COMES** the NEVAREZ LAW FIRM, PC (hereinafter referred to as "NEVAREZ LAW" and/or "Plaintiff"), by and through the undersigned counsel, and hereby files and asserts this Original Complaint against DONA ANA TITLE COMPANY, STEVE PARSLEY, SHAWNA BLOUNT f/k/a SHAWNA GONZALES, JACQUE SELBY, FIRST AMERICAN TITLE GUARANTY COMPANY f/k/a UNITED GENERAL TITLE INSURANCE COMPANY, FIRST AMERICAN TITLE INSURANCE COMPANY, FIRST AMERICAN FINANCIAL CORPORATION, ARACELI HERRERA, TOMASA R. ROJAS a/k/a Tomasa Rojas, a/k/a Tomasa Rodriguez, a/k/a Tomasa Rodriguez Rojas, a/k/a Tomasa R. De Rojas, a/k/a Tomasa R. Derojas, a/k/a Tomasa R. Rodriguez, a/k/a Tomasa Rodriguez Deroja, a/k/a Tomasa Rodriguezderoja, a/k/a Tomasa Rodriguez Derojas, a/k/a Tomasa Rodriguezderojas, a/k/a Tomasa Rodriguez-Deroja, a/k/a Tomasa Rodriguez-Derojas, JOSE LUIS ROJAS, JOSE LUIS ROJAS a/k/a JOSE ROJAS, a/k/a JOSE RODRIGUEZ, a/k/a JOSE LUIS RODRIGUEZ, a/k/a JOSE L ROJAS, ARTEMIO JAYME, VIVIANA JAYME, MARCO AURELIO JAYME, PAUL JAYME, MARIANA JAYME, GABRIELA JAYME, TATIANA JAYME, ZACOUR & ASSOCIATES, INC., PAUL G. ZACOUR, BANK OF AMERICA CORPORATION, COUNTRYWIDE HOME LOANS, INC., COUNTRYWIDE HOME LOANS, INC. d/b/a AMERICA'S WHOLESALE LENDER, (hereinafter jointly referred to as "Defendants"), and for causes of action respectfully shows unto the Court as follows:

## I.      INTRODUCTORY STATEMENT.

1.      This cause of action involves JOE MONGE and ROSANA MONGE (hereinafter jointly referred to as "MONGES"), who along with Plaintiff NEVAREZ LAW, are two (2) of the victims of the fraudulent real estate transactions of ALICIA ROJAS (hereinafter referred to as

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 6 of 312

"ROJAS") and FRANCISCO JAVIER JAYME (hereinafter referred to as "JAYME"), and the Defendants herein.  As a result of subject fraudulent real estate transactions, on April 27, 2009, JOE MONGE and ROSANA MONGE filed a petition for protection under Chapter 11 of the Bankruptcy Code, United States Code Title 11, in the United States Bankruptcy Court, Western District of Texas, El Paso Division, Case Number 09-30881-hcm (hereinafter referred to as the "Bankruptcy Case").

2.      JOE MONGE and ROSANA MONGE later engaged Plaintiff NEVAREZ LAW to represent them against ROJAS and JAYME, regarding subject fraudulent real estate transactions, in Adversary Proceeding No. 10-03019, in the United States Bankruptcy Court, Western District of Texas, El Paso Division.  Plaintiff NEVAREZ LAW successfully obtained a Final Judgment, against ROJAS and JAYME, from the United States District Court, Western District of Texas, El Paso Division, Case No. 3:14-cv-00385-PRM, which awarded JOE MONGE and ROSANA MONGE (a) approximately $712,178 in actual damages, (b) $240,238 in attorney's fees and costs, and (c) the turnover of real property located at 105 Thoroughbred Court, Santa Teresa, New Mexico.

3.      As noted above, this cause of action also involves ROJAS and JAYME, as principals and main perpetuators in Defendants' fraudulent real estate transactions.  However, on March 3, 2015, ROJAS and JAYME filed a petition under Chapter 7 of the Bankruptcy Code, United States Code Title 11, in the United States Bankruptcy Court, District of New Mexico, Case Number 15-10504-t7 (hereinafter referred to as the "Jayme/Rojas Bankruptcy Case").[1]

---

[1] As the Automatic Stay provisions of 11 U.S.C.A. §362(a)(1) stays the commencement of a judicial proceeding against debtors in bankruptcy, ROJAS and JAYME have not been named as Defendants in this cause of action. Accordingly, as soon as the Automatic Stay is lifted, by motion for relief of stay or otherwise, Plaintiff intends to

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB

Page 7 of 312

4.      Subsequently, JOE MONGE and ROSANA MONGE breached the retainer agreements they had entered into with NEVAREZ LAW, by refusing to pay NEVAREZ LAW all of the attorneys fees and costs that Plaintiff had incurred in representing JOE MONGE and ROSANA MONGE.  As a result, on September 10, 2015, the Chapter 11 case of JOE MONGE and ROSANA MONGE was voluntarily converted to a Chapter 7 case under the Bankruptcy Code, United States Code Title 11, in order to discharge the attorneys fees and costs owed to NEVAREZ LAW by JOE MONGE AND ROSANA MONGE.

5.      Moreover, based upon information and belief, the statute of limitations for JOE MONGE and ROSANA MONGE to file a cause of action under The Racketeer Influenced & Corrupt Organizations Act ("RICO"), 18 U.S.C. §1961, and 18 U.S.C. §1964, to recover their damages, including the attorneys fees and costs owed to NEVARZ LAW, resulting from the actions and inactions of the Defendants herein, expired in March of 2016.  As no RICO claims have been timely filed by JOE MONGE and ROSANA MONGE, based upon information and belief, the MONGES have apparently decided to abandon their attempt to recover monetary damages and attorneys fees and costs that may have been sustained and/or incurred, by JOE MONGE and ROSANA MONGE, as a result of the below-described actions of Defendants herein.

6.      Accordingly, this cause of action seeks to recover the foreseeable economic and financial injury and damages sustained and/or incurred by Plaintiff NEVAREZ LAW, due to the fraudulent real estate transactions of ROJAS and JAYME, and the Defendants herein.  As Plaintiff NEVARZ LAW no longer represents JOE MONGE and ROSANA MONGE, this cause

---

file a motion for leave to amend the pleadings, so as to add ROJAS and JAYME as Defendants in this cause of action.

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                   Page 8 of 312

of action does not seek to recover any monetary damages that may have been sustained and/or incurred by JOE MONGE and ROSANA MONGE.

## II.      THE PARTIES AND SERVICE.

7.      Plaintiff THE LAW OFFICES OF MICHAEL R. NEVAREZ, A PROFESSIONAL CORPORATION d/b/a NEVAREZ LAW FIRM, PC (hereinafter referred to as "NEVAREZ LAW" and/or "Plaintiff") is a professional corporation organized under the laws of the State of Texas.

8.      Upon information and belief, Defendant DONA ANA TITLE COMPANY is a New Mexico Corporation with its principal place of business at 425 S. Telshor Blvd., Ste. B, Las Cruces, New Mexico 88011.  Service of process upon Defendant DONA ANA TITLE COMPANY (hereinafter referred to as "DONA ANA TITLE") may be effected by service upon Defendant STEVE PARSLEY, President and Registered Agent, at 425 S. Telshor Blvd., Ste. B, Las Cruces, New Mexico 88011, or wherever said Defendant may be found. Upon information and belief, Defendant STEVE PARSLEY, is an individual and the President and Registered Agent of Defendant DONA ANA TITLE.  Defendant STEVE PARSLEY (hereinafter referred to as "PARSLEY") may be served with process at his principal place of business at 425 S. Telshor Blvd., Ste. B, Las Cruces, New Mexico 88011, or wherever said Defendant may be found.

9.      Upon information and belief, Defendant SHAWNA BLOUNT f/k/a Shawna Gonzales, is an individual and the Manager of the branch office location of DONA ANA TITLE at 1245 Country Club Road, Santa Teresa, New Mexico 88008.  Defendant SHAWNA BLOUNT (hereinafter referred to as "BLOUNT") may be served with process at her principal place of

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB

Page 9 of 312

business at 1245 Country Club Road, Santa Teresa, New Mexico 88008, or wherever said Defendant may be found.

10.     Upon information and belief, Defendant JACQUE SELBY, is an individual and a former title examiner employed by Defendant DONA ANA TITLE. Defendant JACQUE SELBY (hereinafter referred to as "SELBY") may be served with process at her principal place of residence at 2210 N. Valley Drive, Las Cruces, New Mexico 88007, or wherever said Defendant may be found.

11.     Upon information and belief, Defendant FIRST AMERICAN TITLE GUARANTY COMPANY, f/k/a United General Title Insurance Company (hereinafter individually and/or collectively referred to as "FIRST AMERICAN GUARANTY") is a California Corporation with its principal place of business at 1 First American Way, Santa Ana, California, 92707. Service of process upon Defendant FIRST AMERICAN GUARANTY may be effected by service upon Defendant FIRST AMERICAN GUARANTY's registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service, at 2710 Gateway Oaks Drive, Ste 150N, Sacramento, California 95833, or wherever said Defendant may be found.

12.     Upon information and belief, Defendant FIRST AMERICAN TITLE INSURANCE COMPANY (hereinafter individually and/or collectively referred to as "FIRST AMERICAN TITLE"), the parent company of Defendant FIRST AMERICAN GUARANTY, is a California Corporation with its principal place of business at 1 First American Way, Santa Ana, California, 92707. Service of process upon Defendant FIRST AMERICAN TITLE may be effected by service upon Defendant FIRST AMERICAN TITLE's registered agent, Corporation

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB

Page 10 of 312

Service Company d/b/a CSC – Lawyers Incorporating Service, at 2710 Gateway Oaks Drive, Ste 150N, Sacramento, California 95833, or wherever said Defendant may be found.

13.     Upon information and belief, Defendant FIRST AMERICAN FINANCIAL CORPORATION, the parent corporation of Defendants FIRST AMERICAN TITLE and FIRST AMERICAN GUARANTY, is a California Corporation with its principal place of business at 1 First American Way, Santa Ana, California, 92707.  Service of process upon Defendant FIRST AMERICAN FINANCIAL CORPORATION (hereinafter individually and/or collectively referred to as "FIRST AMERICAN FINANCIAL") may be effected by service upon Defendant FIRST AMERICAN FINANCIAL's registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service, at 2710 Gateway Oaks Drive, Ste 150N, Sacramento, California 95833, or wherever said Defendant may be found.

14.     Upon information and belief, Defendant ARACELI HERRERA is an individual who resides at 10344 Wilshire Drive, El Paso, Texas 79925.  Service of process upon Defendant ARACELI HERRERA (hereinafter referred to as "HERRERA") may be effected by service upon her at her place of residence at 10344 Wilshire Drive, El Paso, Texas 79925, or wherever said Defendant may be found.

15.     Upon information and belief, Defendant TOMASA R. ROJAS a/k/a Tomasa Rojas, a/k/a Tomasa Rodriguez, a/k/a Tomasa Rodriguez Rojas, a/k/a Tomasa R. De Rojas, a/k/a Tomasa R. Derojas, a/k/a Tomasa R. Rodriguez, a/k/a Tomasa Rodriguez Deroja, a/k/a Tomasa Rodriguezderoja, a/k/a Tomasa Rodriguez Derojas, a/k/a Tomasa Rodriguezderojas, a/k/a Tomasa Rodriguez-Deroja, a/k/a Tomasa Rodriguez-Derojas,  is an individual who purportedly resides at 103 Horseshoe Court, Santa Teresa, New Mexico 88008.  Service of process upon

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB

Page 11 of 312

Defendant TOMASA R. ROJAS (hereinafter referred to as "TOMASA") may be effected by service upon her at her place of residence at 103 Horseshoe Court, Santa Teresa, New Mexico 88008, or wherever said Defendant may be found.

16.     Upon information and belief, Defendant JOSE LUIS ROJAS is an individual who purportedly resides at 103 Horseshoe Court, Santa Teresa, New Mexico 88008.  Service of process upon Defendant JOSE LUIS ROJAS (hereinafter referred to as "JOSE LUIS, SR.") may be effected by service upon him at his place of residence at 103 Horseshoe Court, Santa Teresa, New Mexico 88008, or wherever said Defendant may be found.

17.     Upon information and belief, Defendant JOSE LUIS ROJAS a/k/a JOSE ROJAS, a/k/a JOSE RODRIGUEZ, a/k/a JOSE LUIS RODRIGUEZ, a/k/a JOSE L ROJAS, is an individual who purportedly resides at 103 Horseshoe Court, Santa Teresa, New Mexico 88008.  Service of process upon Defendant JOSE LUIS ROJAS (hereinafter referred to as "JOSE LUIS, JR.") may be effected by service upon him at his place of residence at 103 Horseshoe Court, Santa Teresa, New Mexico 88008, or wherever said Defendant may be found.

18.     Upon information and belief, Defendant ARTEMIO JAYME is an individual who resides at 105 Thoroughbred Court, Santa Teresa, New Mexico 88008-9130.  Defendant ARTEMIO JAYME (hereinafter referred to as "ARTEMIO") may be served with process at his place of residence at 105 Thoroughbred Court, Santa Teresa, New Mexico 88008-9130, or wherever said Defendant may be found.  Defendant ARTEMIO is the father of FRANCISCO JAVIER JAYME.

19.     Upon information and belief, Defendant VIVIANA JAYME is an individual who resides at 105 Thoroughbred Court, Santa Teresa, New Mexico 88008-9130.  Defendant

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 12 of 312

VIVIANA JAYME (hereinafter referred to as "VIVIANA") may be served with process at her place of residence at 105 Thoroughbred Court, Santa Teresa, New Mexico 88008-9130, or wherever said Defendant may be found. Defendant VIVIANA is the daughter of ALICIA ROJAS and FRANCISCO JAVIER JAYME.

20.   Upon information and belief, Defendant MARCO AURELIO JAYME is an individual who resides at 105 Thoroughbred Court, Santa Teresa, New Mexico 88008-9130. Defendant MARCO AURELIO JAYME (hereinafter referred to as "MARCO") may be served with process at his place of residence at 105 Thoroughbred Court, Santa Teresa, New Mexico 88008-9130, or wherever said Defendant may be found. Defendant MARCO is the son of ALICIA ROJAS and FRANCISCO JAVIER JAYME.

21.   Upon information and belief, Defendant PAUL JAYME is an individual who resides at 105 Thoroughbred Court, Santa Teresa, New Mexico 88008-9130. Defendant PAUL JAYME (hereinafter referred to as "PAUL") may be served with process at his place of residence at 105 Thoroughbred Court, Santa Teresa, New Mexico 88008-9130, or wherever said Defendant may be found. Defendant PAUL is the son of ALICIA ROJAS and FRANCISCO JAVIER JAYME.

22.   Upon information and belief, Defendant MARIANA JAYME is an individual who resides at 105 Thoroughbred Court, Santa Teresa, New Mexico 88008-9130. Defendant MARIANA JAYME (hereinafter referred to as "MARIANA") may be served with process at her place of residence at 105 Thoroughbred Court, Santa Teresa, New Mexico 88008-9130, or wherever said Defendant may be found. Defendant MARIANA is the daughter of ALICIA ROJAS and FRANCISCO JAVIER JAYME.

23.   Upon information and belief, Defendant GABRIELA JAYME is an individual who resides at 105 Thoroughbred Court, Santa Teresa, New Mexico 88008-9130. Defendant GABRIELA JAYME (hereinafter referred to as "GABRIELA") may be served with process at her place of residence at 105 Thoroughbred Court, Santa Teresa, New Mexico 88008-9130, or wherever said Defendant may be found. Defendant GABRIELA is the daughter of ALICIA ROJAS and FRANCISCO JAVIER JAYME.

24.   Upon information and belief, Defendant TATIANA JAYME is an individual who resides at 105 Thoroughbred Court, Santa Teresa, New Mexico 88008-9130. Defendant TATIANA JAYME (hereinafter referred to as "TATIANA") may be served with process at her place of residence at 105 Thoroughbred Court, Santa Teresa, New Mexico 88008-9130, or wherever said Defendant may be found. Defendant TATIANA is the daughter of ALICIA ROJAS and FRANCISCO JAVIER JAYME.

25.   Upon information and belief, Defendant ZACOUR & ASSOCIATES, INC. is a Texas Corporation with its principal place of business located at 128 Thunderbird Drive, Suite E, El Paso, Texas 79912. Service of process upon Defendant ZACOUR & ASSOCIATES, INC. (hereinafter referred to as "ZACOUR") may be effected by service upon its President, Mr. Paul G. Zacour, at 128 Thunderbird Drive, Suite E, El Paso, Texas 79912, or wherever said Defendant may be found.

26.   Upon information and belief, Defendant PAUL G. ZACOUR is an individual with a principal place of business located at 128 Thunderbird Drive, Suite E, El Paso, Texas 79912. Service of process upon Defendant PAUL G. ZACOUR (hereinafter referred to as "PAUL G.

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 14 of 312

ZACOUR") may be effected by service upon him at 128 Thunderbird Drive, Suite E, El Paso, Texas 79912, or wherever said Defendant may be found.

27.     Upon information and belief, Defendant BANK OF AMERICA CORPORATION is a North Carolina Corporation with its principal place of business at 401 North Tryon Street, NC1-021-02-20, Charlotte, North Carolina 28255.  Service of process upon Defendant BANK OF AMERICA CORPORATION (hereinafter referred to as "BANK OF AMERICA") may be effected by service by serving its registered agent for service of process, CT Corp System, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201, or wherever said Defendant may be found.

28.     Upon information and belief, Defendant COUNTRYWIDE HOME LOANS, INC. is a California Corporation with its principal place of business at P.O. Box 4281, Woodland Hills, California 91365.  Defendant COUNTRYWIDE HOME LOANS, INC. (hereinafter referred to as "COUNTRYWIDE") is owned by Defendant BANK OF AMERICA CORPORATION.  Service of process upon Defendant COUNTRYWIDE may be effected by service by serving its registered agent for service of process, CT Corp System, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201, or wherever said Defendant may be found.

29.     Upon information and belief, Defendant COUNTRYWIDE HOME LOANS, INC. d/b/a AMERICA'S WHOLESALE LENDER is a California Corporation with its principal place of business at P.O. Box 4281, Woodland Hills, California 91365.  Defendant COUNTRYWIDE HOME LOANS, INC. d/b/a AMERICA'S WHOLESALE LENDER (hereinafter referred to as "AMERICA'S WHOLESALE LENDER") is owned by Defendant BANK OF AMERICA CORPORATION.  Service of process upon Defendant COUNTRYWIDE may be effected by service by serving its registered agent for service of

process, CT Corp System, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201, or wherever said

Defendant may be found.

## III.     JURISDICTION AND VENUE.

30.     This Court has jurisdiction over these claims and controversy and the Parties

herein, because the suit arises under The Racketeer Influenced & Corrupt Organizations Act

("RICO"), 18 U.S.C. §1961, and 18 U.S.C. §1964, as ROJAS and JAYME, with Defendants

ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as

accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE

LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, SELBY, aided and abetted by

Defendants FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST

AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

WHOLESALE LENDER, and Defendants ZACOUR and PAUL G. ZACOUR, (hereinafter

referred to as the "Enterprise"), constitute an "enterprise" as that term is defined in 18 U.S.C.A.

§1961, that unlawfully engaged in interstate commerce and carried on activities that affect

interstate commerce, by receiving income derived, directly or indirectly, from a pattern of

racketeering activity, or through collection of an unlawful debt in which ROJAS and JAYME

and Defendants had participated as principals within the meaning of Section 2, Title 18, United

States Code, in order to use or invest, directly or indirectly, any part of such income, or the

proceeds of such income, in acquisition of any interest in, or the establishment or operation of,

any enterprise which is engaged in, or the activities of which affect, interstate or foreign

commerce, as above and hereinafter specified, all of which actions and inactions of ROJAS and

JAYME and said Defendants proximately caused severe economic and financial injury and

damage to Plaintiff.

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                              Page 16 of 312

31.     This Court has jurisdiction over these claims and controversy and the Parties herein, because the suit arises under 18 U.S.C. §1341, as ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, SELBY, aided and abetted by Defendants FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, and Defendants ZACOUR and PAUL G. ZACOUR, willfully and intentionally violated 18 USCA §1341, Frauds And Swindles, and Conspiracy To Engage In Frauds And Swindles, by devising or intending to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, and conspiring to devise or intend to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, for purposes of obtaining and converting JOE MONGE and ROSANA MONGE's property or business, to the economic and financial detriment of Plaintiff, without lawful authority, by means of false or fraudulent pretenses, representations, or promises, in that ROJAS and JAYME and said Defendants used or caused to be used the mails of the United States, by placing in a post office or authorized depository for mail, a mail or whatever to be sent or delivered by the Postal Service, certain letters, monies and checks, loan applications, mortgages, deeds of trust, title insurance documents and other documents related to the fraudulent activities of ROJAS and JAYME and said Defendants, between the states of Texas and New Mexico, as part of ROJAS and JAYME and said Defendant's fraudulent real estate scheme, whereby ROJAS and JAYME and said Defendants fraudulently induced JOE MONGE and ROSANA MONGE, to the

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 17 of 312

economic and financial detriment of Plaintiff, to purchase the Thoroughbred Property, and fraudulently induced lenders to loan monies to JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, to purchase the Thoroughbred Property, all of which actions and inactions of ROJAS and JAYME and said Defendants proximately caused severe economic and financial injury and damage to Plaintiff.

32.     This Court has jurisdiction over these claims and controversy and the Parties herein, because the suit arises under 18 U.S.C. §1343, as ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, SELBY, aided and abetted by Defendants FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, and Defendants ZACOUR and PAUL G. ZACOUR, willfully and intentionally violated 18 USCA §1343, Fraud By Wire, Radio, Or Television, and Conspiracy To Commit Fraud By Wire, Radio, Or Television, by devising or intending to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, and conspiring to devise or intend to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, for purposes of obtaining and converting JOE MONGE and ROSANA MONGE's property or business, to the economic and financial detriment of Plaintiff, without lawful authority, by means of false or fraudulent pretenses, representations, or promises, in that ROJAS and JAYME and said Defendants transmitted or caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures, or sounds for the purpose of executing

such scheme or artifice, by engaging in telephone calls, faxes, emails, wire transfers of monies, cellular text and picture messages and other wire transmittals, in interstate commerce from and between the states of Texas and New Mexico, as part of ROJAS and JAYME and said Defendants' fraudulent real estate scheme, whereby ROJAS and JAYME and said Defendants fraudulently induced JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, to purchase the Thoroughbred Property, and fraudulently induced lenders to loan monies to JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, to purchase the Thoroughbred Property, all of which actions and inactions of ROJAS and JAYME and said Defendants proximately caused severe economic and financial injury and damage to Plaintiff.

33.    This Court has jurisdiction over these claims and controversy and the Parties herein, because the suit arises under 18 U.S.C. §1028, as ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, SELBY, aided and abetted by Defendants FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, and Defendants ZACOUR and PAUL G. ZACOUR, willfully and intentionally violated 18 USCA §1028, Fraud And Related Activity In Connection With Identification Documents, Authentication Features, And Information, and Conspiracy To Commit Fraud And Related Activity In Connection With Identification Documents, Authentication Features, And Information, by devising or intending to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and financial

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                        Page 19 of 312

detriment of Plaintiff, and conspiring to devise or intend to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, for purposes of obtaining and converting JOE MONGE and ROSANA MONGE's property or business, to the economic and financial detriment of Plaintiff, without lawful authority, by means of false or fraudulent pretenses, representations, or promises, in that ROJAS and JAYME and said Defendants used a means of identification of JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law, by knowingly possessing, using and transferring, without the knowledge or permission of JOE MONGE or ROSANA MONGE, so as to commit bank fraud, and defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, in interstate commerce from and between the states of Texas and New Mexico, as part of ROJAS and JAYME and said Defendants' fraudulent real estate scheme, whereby ROJAS and JAYME and said Defendants fraudulently induced JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, to purchase the Thoroughbred Property, and fraudulently induced lenders to loan monies to JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, to purchase the Thoroughbred Property, all of which actions and inactions of ROJAS and JAYME and said Defendants proximately caused severe economic and financial injury and damage to Plaintiff.

34.     This Court has jurisdiction over these claims and controversy and the Parties herein, because the suit arises under 18 U.S.C. §1029, as ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 20 of 312

LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, SELBY, aided and abetted by Defendants FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, and Defendants ZACOUR and PAUL G. ZACOUR, willfully and intentionally violated 18 USCA §1029, Fraud And Related Activity In Connection With Access Devices, and Conspiracy To Commit Fraud And Related Activity In Connection With Access Devices, by devising or intending to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, and conspiring to devise or intend to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, for purposes of obtaining and converting JOE MONGE and ROSANA MONGE's property or business, to the economic and financial detriment of Plaintiff, without lawful authority, by means of false or fraudulent pretenses, representations, or promises, in that ROJAS and JAYME and said Defendants knowingly and with intent to defraud effected transactions with one (1) or more access devices issued to another person or persons, in order to receive payment or any other thing of value, during any 1-year period the aggregate value of which is equal to or greater than One Thousand Dollars ($1,000.00), and caused funds to be disbursed and transmitted, in interstate commerce from and between the states of Texas and New Mexico, as part of ROJAS and JAYME and said Defendants' fraudulent real estate scheme, whereby ROJAS and JAYME and said Defendants fraudulently induced JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, to purchase the Thoroughbred Property, and fraudulently induced lenders to loan monies to JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, to purchase the Thoroughbred Property, all of which actions and inactions

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 21 of 312

of ROJAS and JAYME and said Defendants proximately caused severe economic and financial injury and damage to Plaintiff.

35.     This Court has jurisdiction over these claims and controversy and the Parties herein, because the suit arises under 18 U.S.C. §1344, as ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, SELBY, aided and abetted by Defendants FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, and Defendants ZACOUR and PAUL G. ZACOUR, willfully and intentionally violated 18 USCA §1344, Bank Fraud, and Conspiracy To Commit Bank Fraud, by devising or intending to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, and conspiring to devise or intend to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, for purposes of obtaining and converting JOE MONGE and ROSANA MONGE's property or business, to the economic and financial detriment of Plaintiff, without lawful authority, by means of false or fraudulent pretenses, representations, or promises, in that ROJAS and JAYME and said Defendants knowingly executed or attempted to execute, a scheme or artifice, to defraud a financial institution; or to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by knowingly and intentionally submitting fraudulent and falsified documents, in interstate commerce from and between the states of Texas and New Mexico, as part of ROJAS and JAYME and said Defendants' fraudulent real estate scheme, whereby

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 22 of 312

ROJAS and JAYME and said Defendants fraudulently induced JOE MONGE and ROSANA

MONGE, to the economic and financial detriment of Plaintiff, to purchase the Thoroughbred

Property, and fraudulently induced lenders to loan monies to JOE MONGE and ROSANA

MONGE, to the economic and financial detriment of Plaintiff, to purchase the Thoroughbred

Property, all of which actions and inactions of ROJAS and JAYME and said Defendants

proximately caused severe economic and financial injury and damage to Plaintiff.

      36.     This Court has jurisdiction over these claims and controversy and the Parties

herein, because the suit arises under 18 U.S.C. §1503, as ROJAS and JAYME, with Defendants

ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as

accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE

LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, SELBY, aided and abetted by

Defendants FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST

AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

WHOLESALE LENDER, and Defendants ZACOUR and PAUL G. ZACOUR, willfully and

intentionally violated 18 USCA §1503, Influencing Or Injuring Officer Or Juror Generally, and

Conspiracy To Influence Or Injure Officer Or Juror Generally, by devising or intending to devise

a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and

financial detriment of Plaintiff, and conspiring to devise or intend to devise a scheme or artifice

to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of

Plaintiff, for purposes of obtaining and converting JOE MONGE and ROSANA MONGE's

property or business, to the economic and financial detriment of Plaintiff, without lawful

authority, by means of false or fraudulent pretenses, representations, or promises, in that ROJAS

and JAYME and said Defendants corruptly endeavored to influence, obstruct, or impede the due

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB               Page 23 of 312

administration of justice, and corruptly influenced, obstructed, or impeded the due administration of justice, in interstate commerce from and between the states of Texas and New Mexico, as part of ROJAS and JAYME and said Defendants' fraudulent real estate scheme, whereby ROJAS and JAYME and said Defendants fraudulently induced JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, to purchase the Thoroughbred Property, and fraudulently induced lenders to loan monies to JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, to purchase the Thoroughbred Property, all of which actions and inactions of ROJAS and JAYME and said Defendants proximately caused severe economic and financial injury and damage to Plaintiff.

37.     This Court has jurisdiction over these claims and controversy and the Parties herein, because the suit arises under 18 U.S.C. §1952, as ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, SELBY, aided and abetted by Defendants FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, and Defendants ZACOUR and PAUL G. ZACOUR, willfully and intentionally violated 18 USCA §1952, Interstate And Foreign Travel Or Transportation In Aid Of Racketeering Enterprises, and Conspiracy To Commit Interstate And Foreign Travel Or Transportation In Aid Of Racketeering Enterprises, by devising or intending to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, and conspiring to devise or intend to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, for

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB

Page 24 of 312

purposes of obtaining and converting JOE MONGE and ROSANA MONGE's property or business, to the economic and financial detriment of Plaintiff, without lawful authority, by means of false or fraudulent pretenses, representations, or promises, in that ROJAS and JAYME and said Defendants travelled in interstate commerce, or used a facility in interstate commerce with the intent to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or the carrying on of unlawful activity, and thereafter performed or attempted to perform such promotion, management, establishment, carrying on, or facilitating the promotion, management, establishment, or carrying on of such unlawful activity, and to hold discussions and meetings, in interstate commerce from and between the states of Texas and New Mexico, as part of ROJAS and JAYME and said Defendants' fraudulent real estate scheme, whereby ROJAS and JAYME and said Defendants fraudulently induced JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, to purchase the Thoroughbred Property, and fraudulently induced lenders to loan monies to JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, to purchase the Thoroughbred Property, all of which actions and inactions of ROJAS and JAYME and said Defendants proximately caused severe economic and financial injury and damage to Plaintiff.

38.     This Court has jurisdiction over these claims and controversy and the Parties herein, because the suit arises under 18 U.S.C. §1956, as ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, SELBY, aided and abetted by Defendants FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 25 of 312

WHOLESALE LENDER, and Defendants ZACOUR and PAUL G. ZACOUR, willfully and intentionally violated 18 USCA §1956, Laundering Of Monetary Instruments, and Conspiracy To Launder Money, by devising or intending to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, and conspiring to devise or intend to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, for purposes of obtaining and converting JOE MONGE and ROSANA MONGE's property or business, to the economic and financial detriment of Plaintiff, without lawful authority, by means of false or fraudulent pretenses, representations, or promises, in that ROJAS and JAYME and said Defendants knowingly and intentionally converted proceeds and funds from unlawful activity, for their own purposes, by depositing said proceeds and funds into bank accounts, knowing that the proceeds and funds involved in a financial transaction represented and constituted the proceeds and funds of some form of unlawful activity, with the intent to further, promote and support the carrying on of specified unlawful activity, knowing that the transactions were designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds and funds of specified unlawful activity, in interstate commerce from and between the states of Texas and New Mexico, as part of ROJAS and JAYME and said Defendants' fraudulent real estate scheme, whereby ROJAS and JAYME and said Defendants fraudulently induced JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, to purchase the Thoroughbred Property, and fraudulently induced lenders to loan monies to JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, to purchase the Thoroughbred Property, all of which actions and inactions of ROJAS and JAYME and said Defendants proximately caused severe economic and

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                          Page 26 of 312

financial injury and damage to Plaintiff.

39.     This Court has jurisdiction over these claims and controversy and the Parties herein, because the suit arises under 18 U.S.C. §1957, as ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, SELBY, aided and abetted by Defendants FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, and Defendants ZACOUR and PAUL G. ZACOUR, willfully and intentionally violated 18 USCA §1957, Engaging In Monetary Transaction In Property Derived From Specified Unlawful Activity, and Conspiracy To Engage In Monetary Transaction In Property Derived From Specified Unlawful Activity, by devising or intending to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, and conspiring to devise or intend to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, for purposes of obtaining and converting JOE MONGE and ROSANA MONGE's property or business, to the economic and financial detriment of Plaintiff, without lawful authority, by means of false or fraudulent pretenses, representations, or promises, in that ROJAS and JAYME and said Defendants knowingly engaged or attempted to engage in a monetary transaction, of property of a value greater than Ten Thousand Dollars ($10,000.00), by converting for their own purposes, and by depositing into their personal or business bank accounts, and by openly using said criminally derived funds for their own purposes in interstate commerce, or were intended to be used to further, promote or support unlawful activity, and which were derived from ROJAS

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB

Page 27 of 312

and JAYME and said Defendants' intentional and unlawful scheme to defraud JOE MONGE and

ROSANA MONGE, to the economic and financial detriment of Plaintiff, in interstate commerce

from and between the states of Texas and New Mexico, as part of ROJAS and JAYME and said

Defendants' fraudulent real estate scheme, whereby ROJAS and JAYME and said Defendants

fraudulently induced JOE MONGE and ROSANA MONGE, to the economic and financial

detriment of Plaintiff, to purchase the Thoroughbred Property, and fraudulently induced lenders

to loan monies to JOE MONGE and ROSANA MONGE, to the economic and financial

detriment of Plaintiff, to purchase the Thoroughbred Property, all of which actions and inactions

of ROJAS and JAYME and said Defendants proximately caused severe economic and financial

injury and damage to Plaintiff.

40.     This Court has jurisdiction over these claims and controversy and the Parties

herein, because the suit arises under 18 U.S.C. §1960, as ROJAS and JAYME, with Defendants

ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as

accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE

LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, SELBY, aided and abetted by

Defendants FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST

AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

WHOLESALE LENDER, and Defendants ZACOUR and PAUL G. ZACOUR, willfully and

intentionally violated 18 USCA §1960, Prohibition Of Unlicensed Money Transmitting

Businesses, by devising or intending to devise a scheme or artifice to defraud JOE MONGE and

ROSANA MONGE, to the economic and financial detriment of Plaintiff, and conspiring to

devise or intend to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE,

to the economic and financial detriment of Plaintiff, for purposes of obtaining and converting

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                              Page 28 of 312

JOE MONGE and ROSANA MONGE's property or business, to the economic and financial detriment of Plaintiff, without lawful authority, by means of false or fraudulent pretenses, representations, or promises, in that ROJAS and JAYME and said Defendants knowingly conducted, controlled, managed, supervised, directed, or owned all or part of an "unlicensed money transmitting business", used as a money transmitting business which affects interstate or foreign commerce, in any manner or degree, and which otherwise involves the transportation or transmission of funds that are known to ROJAS and JAYME and said Defendants to have been derived from a criminal offense, or were intended to be used to further, promote or support unlawful activity, including but not limited to transfers within this country or to locations abroad by wire, check, draft, facsimile, or courier, by knowingly conducting, controlling, managing, supervising, directing and owning several proprietorships and businesses, which proprietorships and businesses operated to transfer funds on behalf of the public in interstate commerce; and involved the transmission of funds which were known to ROJAS and JAYME and said Defendants to have been derived from the Defendants' criminal enterprise and scheme to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, and which were intended to be used to promote and continue the fraud perpetuated on JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, in interstate commerce from and between the states of Texas and New Mexico, as part of ROJAS and JAYME and said Defendants' fraudulent real estate scheme, whereby ROJAS and JAYME and said Defendants fraudulently induced JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, to purchase the Thoroughbred Property, and fraudulently induced lenders to loan monies to JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, to purchase the Thoroughbred Property, all of which actions and

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB

Page 29 of 312

inactions of ROJAS and JAYME and said Defendants proximately caused severe economic and financial injury and damage to Plaintiff.

41.    This Court has jurisdiction over these claims and controversy and the Parties herein, because the suit arises under 18 U.S.C. §2314, as ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, SELBY, aided and abetted by Defendants FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, and Defendants ZACOUR and PAUL G. ZACOUR, willfully and intentionally violated 18 USCA §2314, Transportation Of Stolen Goods, Securities, Moneys, Fraudulent State Tax Stamps, Or Articles Used In Counterfeiting, and Conspiracy To Commit Transportation Of Stolen Goods, Securities, Moneys, Fraudulent State Tax Stamps, Or Articles Used In Counterfeiting, by devising or intending to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, and conspiring to devise or intend to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, for purposes of obtaining and converting JOE MONGE and ROSANA MONGE's property or business, to the economic and financial detriment of Plaintiff, without lawful authority, by means of false or fraudulent pretenses, representations, or promises, in that ROJAS and JAYME and said Defendants, by obtaining money and funds by means of false or fraudulent pretenses, representations, or promises, and by transporting, transmitting and transferring monies in interstate commerce, in the execution or concealment of a scheme or artifice to defraud JOE

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                     Page 30 of 312

MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, of money or property having a value of Five Thousand Dollars ($5,000.00) or more, in interstate commerce from and between the states of Texas and New Mexico, as part of ROJAS and JAYME and said Defendants' fraudulent real estate scheme, whereby ROJAS and JAYME and said Defendants fraudulently induced JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, to purchase the Thoroughbred Property, and fraudulently induced lenders to loan monies to JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, to purchase the Thoroughbred Property, all of which actions and inactions of ROJAS and JAYME and said Defendants proximately caused severe economic and financial injury and damage to Plaintiff.

42.     This Court has jurisdiction over these claims and controversy and the Parties herein, because the suit arises under 18 U.S.C. §2315, as ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, SELBY, aided and abetted by Defendants FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, and Defendants ZACOUR and PAUL G. ZACOUR, willfully and intentionally violated 18 USCA §2315, Sale Or Receipt Of Stolen Goods, Securities, Moneys, Or Fraudulent State Tax Stamps, and Conspiracy To Commit The Sale Or Receipt Of Stolen Goods, Securities, Moneys, Or Fraudulent State Tax Stamps, by devising or intending to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, and conspiring to devise or intend to devise a scheme or artifice

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                     Page 31 of 312

to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, for purposes of obtaining and converting JOE MONGE and ROSANA MONGE's property or business, to the economic and financial detriment of Plaintiff, without lawful authority, by means of false or fraudulent pretenses, representations, or promises, in that ROJAS and JAYME and said Defendants, by receiving, possessing, concealing, storing, bartering, selling and/or disposing of goods, wares, or merchandise, securities, or money of the value of Five Thousand Dollars ($5,000.00) or more, and which crossed a State boundary after being stolen, unlawfully converted, or taken, knowing the same to have been stolen, unlawfully converted, or taken, in that ROJAS and JAYME and said Defendants received monies of a value of Five Thousand Dollars ($5,000.00) or more, and/or which were transferred by and between banks and ROJAS and JAYME and said Defendants, in interstate commerce from and between the states of Texas and New Mexico, as part of ROJAS and JAYME and said Defendants' fraudulent real estate scheme, whereby ROJAS and JAYME and said Defendants fraudulently induced JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, to purchase the Thoroughbred Property, and fraudulently induced lenders to loan monies to JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, to purchase the Thoroughbred Property, all of which actions and inactions of ROJAS and JAYME and said Defendants proximately caused severe economic and financial injury and damage to Plaintiff.

43.     This Court has jurisdiction over these claims and controversy and the Parties herein, because the suit involves an Action for Fraud Connected with a Case Under Title 11, as ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendant HERRERA, DONA

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 32 of 312

ANA TITLE, PARSLEY, SELBY, and BLOUNT, willfully and intentionally violated 18 USCA §152, Concealment of Assets, False Oaths and Claims, Bribery, by devising or intending to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, and conspiring to devise or intend to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, for purposes of obtaining and converting JOE MONGE and ROSANA MONGE's property or business, to the economic and financial detriment of Plaintiff, without lawful authority, by exercising control over and remaining in possession of the Thoroughbred Property after the April 27, 2009, bankruptcy filing by JOE MONGE and ROSANA MONGE, in willful violation of the automatic stay of section 362(a)(3) in JOE MONGE and ROSANA MONGE's bankruptcy case, to the economic and financial detriment of Plaintiff, by means of false or fraudulent pretenses, representations, and/or testimony, in that ROJAS and JAYME and said Defendants filed false and fraudulent documents in an adversary proceeding under Title 11, thereby knowingly and intentionally filing a fraudulent claim in Bankruptcy under Title 11, in an effort to prevent the turnover of the Thoroughbred Property, so that ROJAS and JAYME and said Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, could continue to reside in the Thoroughbred Property, all of which actions and inactions of ROJAS and JAYME and said Defendants proximately caused severe economic and financial injury and damage to Plaintiff.

44.     This Court has jurisdiction over these claims and controversy and the Parties herein, because the suit arises under 15 U.S.C. §1601 et seq. ("TILA"), and 12 U.S.C. §2601 et seq. ("RESPA"), as ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with

Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, SELBY, aided and abetted by Defendants FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, and Defendants ZACOUR and PAUL G. ZACOUR, had a duty to JOE MONGE and ROSANA MONGE to provide a good faith estimate of the costs of the loans, prior to closing, and after closing, but failed and/or refused to do so to this very day, to the economic and financial detriment of Plaintiff, in violation of TILA and RESPA, as part of said fraudulent real estate scheme, whereby ROJAS and JAYME and said Defendants conspired and fraudulently induced JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, to purchase the real property located at 105 Thoroughbred Court, Santa Teresa, New Mexico 88008-9130 (hereinafter referred to as the "Thoroughbred Property"), and fraudulently induced lenders to loan monies to JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, to purchase the Thoroughbred Property, all of which actions and inactions of ROJAS and JAYME and said Defendants proximately caused severe economic and financial injury and damage to Plaintiff.

45.     This Court has jurisdiction over these claims and controversy because the subject matter is not within the exclusive original jurisdiction of some other court or administrative body, and the amount in controversy exceeds the minimum jurisdictional amount.

46.     This Court has supplemental jurisdiction over these claims and controversy under 28 U.S.C. §1367, over Plaintiff's claims for (a) Action for Fraud by Misrepresentation and/or Inducement, (b) Action for Fraud by Nondisclosure, (c) Action for Breach of Fiduciary Duty, (d) Action for Fraud in a Real Estate Transaction, (e) Action for Fraudulent Lien or Claim Filed, (f)

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 34 of 312

Action for Texas Deceptive Trade Practices, (g) Action for New Mexico Unfair Trade Practices, (h) Action for Appropriation by Theft, (i) Action for Conversion, (j) Action for Quantum Meruit, (k) Action for Promissory Estoppel, (l) Action for Negligence and/or Gross Negligence, (m) Action for Breach of Duty of Good Faith and Fair Dealing, (n) Action for Breach of Contract of Title Insurance, (o) Action for Negligent Provision of Title Services, and (p) Action for Breach of Contract, because Plaintiff's claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the U.S. Constitution.

47.     This Court has personal jurisdiction and venue over the Defendants pursuant to 28 U.S.C. §1391(b) and 31 U.S.C. §3732(a) because that section authorizes nationwide service of process and because Defendants have minimum contacts with the United States.  Moreover, Defendants can be found in, reside, transact, or have transacted business in the Western District of Texas.

48.     This Court has personal jurisdiction over the Parties because Defendants have or had their principal place of businesses or residences in the County of El Paso, Texas, or have been doing business in the County of El Paso, Texas.

49.     Venue is proper in this District pursuant to 31 U.S.C. § 3732(a) because Defendants can be found in and transact, or have transacted, business in the Western District of Texas.  At all times relevant to this Complaint, Defendants regularly conducted substantial business within the Western District of Texas, and made significant sales within the Western District Texas.

50.     Venue is proper in this Court pursuant to Tex. Civ. Prac. & Rem. Code Ann.

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB

Page 35 of 312

§§15.002, 15.005, and 15.006, because the facts and events giving rise to these causes of action took place in El Paso County, Texas, and Defendants have their principal place of businesses or residences in the County of El Paso, Texas.

## IV.   FACTUAL BACKGROUND.

### A.   Introduction.

51.     At all times pertinent herein, unless otherwise stated hereinafter, Plaintiff NEVAREZ LAW conducted business as a law firm incorporated in the State of Texas.  While conducting such business, Plaintiff NEVAREZ LAW, by and through its principal, Michael R. Nevarez, discovered the fraudulent real estate transactions alleged in this Complaint, concerning the real property located at 105 Thoroughbred Court, Santa Teresa, New Mexico, in March of 2012.

52.     At all times pertinent herein, unless otherwise stated hereinafter, JOE MONGE and ROSANA MONGE either resided in the State of Texas, or conducted their business and personal affairs in the State of Texas.  Upon information and belief, JOE MONGE and ROSANA MONGE (hereinafter jointly referred to as the "MONGES") currently reside in the State of California.

53.     Upon information and belief, ALICIA ROJAS a/k/a Alicia Jayme a/k/a Alicia Rojas de Jayme a/k/a Alicia Jayme de Rojas a/k/a Alicia Jayme de Rejas is an individual d/b/a First Mortgage of El Paso, d/b/a Group II Elements, d/b/a Megamerica Mortgage Wedgewood, d/b/a Infinity Capital, LLC, d/b/a Millennium 2000 Real Estate Service, and d/b/a Advance Realty, who, individually and collectively, purportedly resides at 103 Horseshoe Court, Santa

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 36 of 312

Teresa, New Mexico 88008.  ALICIA ROJAS (hereinafter referred to as "ROJAS"), is the wife of FRANCISCO JAVIER JAYME.

54.     Upon information and belief, FRANCISCO JAVIER JAYME a/k/a Francisco Jayme a/k/a Javier Jayme is an individual d/b/a Frontier Enterprises, d/b/a Infinity Investment Capital, d/b/a Infinity Capital, LLC, d/b/a Mortgage-Pros, d/b/a Vision Realty-Westside, d/b/a Millennium 2000 Real Estate Service, and d/b/a Advance Realty, who, individually and collectively, purportedly resides at 103 Horseshoe Court, Santa Teresa, New Mexico 88008. FRANCISCO JAVIER JAYME (hereinafter referred to as "JAYME") is the husband of ROJAS.

55.     At all times pertinent herein, ROJAS and JAYME held themselves out to JOE MONGE and ROSANA MONGE, as a licensed mortgage broker and a licensed real estate agent, respectively, in the State of Texas.

56.     At all times pertinent herein, Defendant HERRERA was a licensed mortgage broker in the State of Texas, and in the State of New Mexico, under the employ and/or direction of ROJAS and JAYME, and obtained, benefited from, and/or used funds criminally derived from the fraudulent loans and activities of ROJAS and JAYME.

57.     At all times pertinent herein, unless otherwise stated hereinafter, ROJAS and JAYME, and Defendant HERRERA, negotiated, agreed to provide and provided services, to JOE MONGE and ROSANA MONGE, from their offices located at (a) 1201 N. Mesa Street, Suite H, El Paso, Texas 79902, (b) 4141 Pinnacle Street, Suite 101, El Paso, Texas 79902, and/or (c) 230 Thunderbird Street, El Paso, Texas 79902.

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                      Page 37 of 312

58.     At all times pertinent herein, ROJAS and JAYME, and Defendant HERRERA, prepared and/or caused to be prepared, numerous false and/or forged documents for the purpose of fraudulently obtaining loans, underlying the purchase and/or refinancing of real estate by JOE MONGE and ROSANA MONGE.

59.     At all times pertinent herein, Defendants DONA ANA TITLE, and its employees Defendants BLOUNT, PARSLEY, SELBY, PARSLEY, and SELBY, communicated with, negotiated with, agreed to provide and provided title insurance services and products, to JOE MONGE and ROSANA MONGE, while JOE MONGE and ROSANA MONGE were located in the State of Texas.  Significantly, the closing for the purchase and sale of the Thoroughbred Property was personally conducted in the State of Texas, by Defendant BLOUNT, on behalf of Defendants DONA ANA TITLE, PARSLEY and SELBY, even though said property is located in the State of New Mexico.  At all times pertinent herein, Defendants DONA ANA TITLE, and its employees, Defendants BLOUNT, PARSLEY, PARSLEY, and SELBY, provided said title insurance services and products, to JOE MONGE and ROSANA MONGE, knowing, or having reason to know, that subject real estate transactions were fraudulent.

60.     At all times pertinent herein, Defendants FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIALFINANCIAL, ALAMO TITLE, CHICAGO TITLE INSURANCE COMPANY, and LAWYER'S TITLE INSURANCE CORPORATION, agreed to provide and provided title insurance services and products, to JOE MONGE and ROSANA MONGE, while JOE MONGE and ROSANA MONGE were located in the State of Texas.

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB

Page 38 of 312

61.    At all times pertinent herein, Defendants ZACOUR and PAUL G. ZACOUR agreed to provide and provided appraisal services and products, to JOE MONGE and ROSANA MONGE, while JOE MONGE and ROSANA MONGE were located in the State of Texas.

62.    At all times pertinent herein, unless otherwise stated hereinafter, Defendants COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, and BANK OF AMERICA, communicated with, negotiated with, agreed to and provided loans and loan services to, JOE MONGE and ROSANA MONGE, while JOE MONGE and ROSANA MONGE were located in the State of Texas.

63.    At all times pertinent herein, unless otherwise stated hereinafter, Defendants TOMASA R. ROJAS, JOSE LUIS, SR., JOSE LUIS, JR., ARTEMIO JAYME, VIVIANA JAYME, MARCO AURELIO JAYME, PAUL JAYME, MARIANA JAYME, GABRIELA JAYME, TATIANA JAYME, were family members of ROJAS and JAYME, and obtained, benefited from, and/or used funds criminally derived from the fraudulent loans and activities of ROJAS and JAYME.

**B.    The Fraudulent Sale Of The Thoroughbred Property.**

64.    ROJAS and JAYME first met JOE MONGE and ROSANA MONGE in late November or early December of 2005, when JOE MONGE and ROSANA MONGE were looking for financing for the construction of a new home.  JOE MONGE and ROSANA MONGE were looking for a construction loan for a house they were planning to build on Rim Road (which was never built).  They were referred to ROJAS and JAYME by Joe Villa in late 2005.  JOE MONGE and ROSANA MONGE came to the office of ROJAS, First Mortgage of El Paso, where JAYME also had a small office.  However, ROJAS was unable to obtain a

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 39 of 312

construction loan for the Rim Road Project to build JOE MONGE and ROSANA MONGE a new house.

65.     ROJAS and JAYME, while meeting with JOE MONGE and ROSANA MONGE, learned of JOE MONGE's interest in becoming a builder of residential homes. JAYME mentioned his involvement in developing the Country Cove Subdivision located in Sunland Park, New Mexico. ROJAS presented the Country Cove Subdivision to JOE MONGE and ROSANA MONGE as an investment opportunity, claiming there were twenty-one (21) lots and six (6) were ready for construction. ROJAS and JAYME proposed that JOE MONGE and ROSANA MONGE and ROJAS and JAYME (hereinafter jointly referred to as the "Principal Parties") form the Monroj Corporation, and purchase the Country Cove Subdivision under the Monroj Corporation. ROJAS and JAYME proposed that J & M Builders, Inc. (with Mr. Joe Villa and JOE MONGE as principals) would be the builders for the twenty-one (21) lots.

66.     Because ROJAS and JAYME held themselves out as owners of a residence located at 105 Thoroughbred Court, Santa Teresa, New Mexico (hereinafter referred to as the "Thoroughbred Property"), ROJAS said all she and her husband needed was about Three Hundred Thousand Dollars ($300,000.00), and suggested selling the Thoroughbred Property to JOE MONGE and ROSANA MONGE so that the Three Hundred Thousand Dollars ($300,000.00) in equity could be used for the development of the Country Cove Subdivision. ROJAS and JAYME proposed that JOE MONGE and ROSANA MONGE purchase the Thoroughbred Property from ROJAS and JAYME, so ROJAS and JAYME could liquidate their equity in the Thoroughbred Property, which could then be used for the development of the Country Cove Subdivision. The equity was estimated by JAYME to be in the amount of approximately Three Hundred Thousand Dollars ($300,000.00).

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB

Page 40 of 312

67.    The agreement was that after JOE MONGE and ROSANA MONGE purchased the Thoroughbred Property, ROJAS and JAYME would later buy the property back in one year and pay off the new mortgage. While JOE MONGE and ROSANA MONGE owned the Thoroughbred Property, ROJAS and JAYME would continue living in the house as tenants and would make monthly rental payments equivalent to the amount of the monthly mortgage payments that JOE MONGE and ROSANA MONGE would be incurring as a result of their purchase of the Thoroughbred Property. Specifically, ROJAS and JAYME proposed that JOE MONGE and ROSANA MONGE purchase the Thoroughbred Property from JAYME, and then lease it back to ROJAS so that ROJAS and JAYME could continue to reside at the Thoroughbred Property. It was agreed by the Principal Parties that the rental amount of the lease would be equal to the full monthly mortgage payments due on the home, so that JOE MONGE and ROSANA MONGE would not lose money on the sale and lease agreement. ROJAS and JAYME would make the mortgage payments of Five Thousand Three Hundred Twenty-Eight Dollars and Sixty-One Cents ($5,328.61) per month directly to the bank.

68.    The Principal Parties further agreed that ROJAS would also be responsible for payment of the household utility bills, taxes, property owners' association fees and dues, and insurance, so that JOE MONGE and ROSANA MONGE would not lose money on the sale and leaseback agreement.

69.    JOE MONGE and ROSANA MONGE thus agreed to purchase the Thoroughbred Property as an investment property, for the purpose of using the equity for the development of the Country Cove Subdivision, by the joint venture of JOE MONGE and ROSANA MONGE, and ROJAS and JAYME, under the Monroj Corporation.

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB

Page 41 of 312

70.     Accordingly, the Principal Parties signed a contract for JOE MONGE and ROSANA MONGE to purchase the Thoroughbred Property.  The contract was faxed to JOE MONGE and ROSANA MONGE while they were in vacation to Las Vegas, during the 2005/2006 New Years' holiday.  Although the contract was signed by JOE MONGE and ROSANA MONGE on December 30, 2005, and faxed back to ROJAS that same day, ROJAS and JAYME later changed the date on the contract to December 18, 2005.

71.     The contract was prepared and written by JAYME, and executed by JAYME in El Paso, Texas.  However, multiple changes were subsequently made to the contract, without the permission of JOE MONGE and ROSANA MONGE, including the closing date and purchase price.  Additionally, JOE MONGE and ROSANA MONGE dispute their signatures on the final version of the contract that contained JAYME's unauthorized changes, as "copy and paste" forgeries.

72.     More importantly, ROJAS and JAYME, aided and abetted by Defendant HERRERA, intentionally concealed and failed to disclose the following material facts to JOE MONGE and ROSANA MONGE, during the fraudulent sale of the Thoroughbred Property:

     a.     JAYME had been in bankruptcy four times;

     b.     JAYME had most recently filed for bankruptcy on November 1, 2005;

     c.     The Thoroughbred Property had been foreclosed on by Citibank, as mortgagor, on November 1, 2005;

     d.     The Thoroughbred Property had been foreclosed on by Citibank, because ROJAS and mortgagee JAYME were unable to make their monthly

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 42 of 312

mortgage payments of approximately $3,500 per month to Citibank;

e.  As a result, it was unlikely ROJAS and JAYME would be able to make their new monthly rental payments of $5,328.61 per month, resulting from the agreement of the Principal Parties, for the purchase of the Thoroughbred Property by JOE MONGE and ROSANA MONGE; and,

f.  A Motion for Leave to Accept Offer to Purchase Property at 105 Thoroughbred had been filed with the Bankruptcy Court by FRANCISCO JAVIER JAYME on December 2, 2005, so that JAYME could sell the property to Joaquin Santoyo and/or assigns.

73.  On December 18, 2005, unbeknownst to JOE MONGE and ROSANA MONGE, Defendant HERRERA, in conspiracy with ROJAS and JAYME, sent a facsimile with a payoff request for the Thoroughbred Property to the law firm of Little & Dranttel, PC (hereinafter referred to as "Little & Dranttel").   Significantly, acting on behalf of ROJAS and JAYME, Defendant HERRERA sent the payoff request to Little & Dranttel, because they were the attorneys who had represented Citibank, prior to, during and after the November 1, 2005, foreclosure of the Thoroughbred Property, thereby confirming that Defendant HERRERA knew that, as of December 18, 2005, JAYME no longer owned the Thoroughbred Property.

74.  On December 22, 2005, Little & Dranttel sent to Defendant HERRERA, via facsimile, the requested payoff request, through a payoff date of January 31, 2006.  Then, on January 31, 2006, Defendant HERRERA sent that same Little & Dranttel payoff request to Defendants BLOUNT and DONA ANA TITLE, thereby confirming that Defendants DONA ANA TITLE and BLOUNT knew, as of January 31, 2006, that JAYME no longer owned the

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                                    Page 43 of 312

Thoroughbred Property.

75.     Also that same January 31, 2006, Defendants BLOUNT and DONA ANA TITLE sent a HUD-l/HUD-1A Settlement Statement (hereinafter referred to as the "HUD-1") to AMERICA'S WHOLESALE LENDER, using the same payoff amount provided Defendant HERRERA, by Little & Dranttel, plus a couple of days of additional interest, and showing a balance available to seller JAYME after closing in the amount of $207,080.16.   Also that same January 31, 2006, AMERICA'S WHOLESALE LENDER approved said HUD-1 dated January 31, 2006.  However, the JOE MONGE and ROSANA MONGE were never provided with said HUD-1 dated January 31, 2006.

76.     In conspiracy to aid and abet JAYME's fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE, through the fraudulent nondisclosure of material information, Defendant HERRERA, and Defendants BLOUNT and DONA ANA TITLE, thus intentionally withheld and concealed from JOE MONGE and ROSANA MONGE, the material information that (a) Citibank had already foreclosed on the Thoroughbred Property on November 1, 2005, and (b) JAYME was no longer the owner of the Thoroughbred Property as of November 1, 2005.

## C.     The Fraudulent Appraisal Of The Thoroughbred Property.

77.     To support the sales price of the Thoroughbred Property, ROJAS and JAYME procured the appraisal services of Defendants ZACOUR and PAUL G. ZACOUR.

78.     The Uniform Residential Appraisal Report (hereinafter referred to as the "Appraisal"), as prepared by Defendants ZACOUR and PAUL G. ZACOUR, dated January 4, 2006, falsely and fraudulently estimated the value of the Thoroughbred Property at Seven

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 44 of 312

Hundred Seventy-Five Thousand Dollars ($775,000.00), by inflating the living area square footage by the additional amount of three hundred eleven (311) square feet. Specifically, while the actual living area square footage is five thousand nine hundred fifteen (5,915), according to the records of Dona Ana County, New Mexico, the ZACOUR Appraisal listed the actual living area square footage as six thousand two hundred twenty-six (6,226). At an estimated price of One Hundred Twenty-Four Dollars and Forty-Eight Cents ($124.48) per square foot, the ZACOUR Appraisal thus falsely and fraudulently overestimated the value of the Thoroughbred Property by the amount of Thirty-Eight Thousand Seven Hundred Thirteen Dollars and Twenty-Eight Cents ($38,713.28).

79.     Furthermore, the ZACOUR Appraisal relied on properties in Texas, an entirely different residential area, several miles away, and in an entirely different city and state for comparable values, thereby falsely and fraudulently overestimating the value of the Thoroughbred Property, by the additional amount of approximately One Hundred Thousand Dollars ($100,000.00).

80.     Upon information and belief, the ZACOUR Appraisal thus falsely and fraudulently overestimated the value of the Thoroughbred Property, by approximately One Hundred Thirty-Eight Thousand Seven Hundred Thirteen Dollars and Twenty-Eight Cents ($138,713.28).

81.     Although JOE MONGE and ROSANA MONGE purchased the Thoroughbred Property, with ROJAS acting as the mortgage broker, and JAYME acting as the real estate agent, and with DONA ANA TITLE, acting as Escrow Agents, JOE MONGE and ROSANA MONGE were never provided a copy of the ZACOUR Appraisal, prior to closing, either by ROJAS and

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB

Page 45 of 312

JAYME, or Defendants HERRERA, PARSLEY, BLOUNT or DONA ANA TITLE, or

Defendants ZACOUR and PAUL G. ZACOUR.

82.     On or about January 4, 2006, in conspiracy with ROJAS and JAYME,

Defendants HERRERA, PARSLEY, BLOUNT or DONA ANA TITLE, and ZACOUR mailed or

caused to be mailed to AMERICA'S WHOLESALE LENDERS, a false and fraudulent

Appraisal.  Therefore, in preparing the loan documents and applications, ROJAS and JAYME

and Defendants HERRERA, PARSLEY, BLOUNT or DONA ANA TITLE, and ZACOUR and

PAUL G. ZACOUR, used the false appraisal values for the Thoroughbred Property, so as to

ensure and facilitate the fraudulent sale of the Thoroughbred Property to JOE MONGE and

ROSANA MONGE.  The submission of loan documents with false appraisal values and

information constitute Presentation of False Claim, and Making or Using False Record or

Statement, both actionable under the False Claims Act.

**D.     The Fraudulent Mortgage Application For The Thoroughbred Property.**

83.     In an effort to secure a loan to enable JOE MONGE and ROSANA MONGE to

purchase the Thoroughbred Property, ROJAS and JAYME and Defendant HERRERA, doing

business as First Mortgage of El Paso, began filling out and submitting, by facsimile

transmission, numerous loan applications with JOE MONGE and ROSANA MONGE's

information to AMERICA'S WHOLESALE LENDER, and other lenders.

84.     However, JOE MONGE and ROSANA MONGE only ever signed one (1) loan

application for the Thoroughbred Property, so the other loan applications contain forged and

unauthorized "copy and paste" signatures of JOE MONGE and ROSANA MONGE.

85.     And since most of these loan applications were denied, ROJAS and JAYME and

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 46 of 312

Defendant HERRERA, conspired to repeatedly amend the loan applications, by supplying false and forged documents in support thereof.

86.    Indeed, at least eight (8) different loan applications were submitted, by ROJAS and JAYME and Defendant HERRERA, to AMERICA'S WHOLESALE LENDER, dated from January 10, 2006, through February 6, 2006, including three (3) dated January 30, 2006. Several of the loan applications are on ROJAS' own forms for First Mortgage of El Paso, and several are filled out on AMERICA'S WHOLESALE LENDER's forms. Another was filled out for COUNTRYWIDE and listed First Mortgage of El Paso as the business partner. Several loan application forms from First Mortgage of El Paso were filled out with JOE MONGE and ROSANA MONGE listed as the applicants or borrowers, with "Alicia Rojas-Jayme" signing as having completed the documents.

87.    Stated with specificity, unbeknownst to JOE MONGE and ROSANA MONGE, many of the entries on these loan applications changed dramatically from application to application, including the loan amount, interest rate, amortization type, gross monthly income entries, combined monthly household expenses, assets (including liquid assets), real estate owned, creditors, liabilities, and net worth. However, none of these loan applications were ever provided to JOE MONGE and ROSANA MONGE by ROJAS and JAYME, or by Defendants HERRERA, BLOUNT, SELBY, PARSLEY, or DONA ANA TITLE, FIRST MORTGAGE or BANK OF AMERICA, for JOE MONGE and ROSANA MONGE's review and approval.

88.    For example, unbeknownst to JOE MONGE and ROSANA MONGE, ROJAS and JAYME falsified leases, with JOE MONGE and ROSANA MONGE listed as the lessors. According to the sworn testimony of Defendant HERRERA, the leases were created, prepared,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 47 of 312

and drafted by Defendant HERRERA, in conspiracy with and under the direction of ROJAS and

JAYME, in El Paso, Texas, and forwarded to various lenders, in an effort to fraudulently

overstate the incomes of JOE MONGE and ROSANA MONGE, and thereby ensure the

fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE.

89.     The first false and fraudulent lease submitted to AMERICA'S WHOLESALE

LENDER, and other lenders, by Defendant HERRERA, in conspiracy with and under the

direction of ROJAS and JAYME, purported to lease out a property at 100 West 6th St. in the city

of Lordsburg, New Mexico.  The false and fraudulent preparation of the Lordsburg lease was

never discussed with or approved by JOE MONGE and ROSANA MONGE, and therefore the

signatures on the Lordsburg lease do not belong to JOE MONGE and ROSANA MONGE, but

were forged while under the custody and control of ROJAS and JAYME, according to Defendant

HERRERA.  The signature for lessor incorrectly reads "Joe R. Monge".  The Lordsburg lease

was faxed at 10:46 am, on January 10, 2006, by Defendant HERRERA and was prepared in her

handwriting.  According to the testimony of Defendant HERRERA, ROJAS provided

HERRERA with all the information included in the fraudulent Lordsburg lease.  In reality, as of

January 10, 2006, the Lordsburg property had completely burned down as a result of a fire, could

not be lived in, and had been boarded up for approximately three (3) years, until it was later sold

"As Is".  In fact, when the Lordsburg Property was later sold, ROJAS and ARACELLI prepared

the loan documents for the sale of the Lordsburg Property.

90.     The copy of the Lordsburg lease sent to AMERICA'S WHOLESALE LENDER,

and other lenders, was also accompanied by a Request for Verification of Deposit sent by

Defendant HERRERA, under the direction of ROJAS and JAYME, d/b/a First Mortgage of El

Paso.  However, as the Lordsburg property was not being rented, there was never any rental

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 48 of 312

deposit for the Lordsburg Property, and the Request for Verification of Deposit was merely falsified by Defendant ARACELLI, in conspiracy with and under the direction of ROJAS and JAYME.

91.    The second fraudulent lease submitted to AMERICA'S WHOLESALE LENDER, and other lenders, by Defendant HERRERA, in conspiracy with and under the direction of ROJAS and JAYME, purported to lease out a property at 2708 Fillmore Ave. in El Paso, Texas, to "Dr. Peter Natividad". The Fillmore lease was faxed by HERRERA on January 27, 2006, at 4:05 pm. Just as was the case with the Lordsburg lease, HERRERA prepared the Fillmore lease with information provided by ROJAS. However, Natividad, who is not really a doctor, never had a lease with JOE MONGE and ROSANA MONGE, never resided at 2708 Fillmore Avenue, and never actually signed the lease. The Fillmore lease, as submitted to AMERICA'S WHOLESALE LENDER, and other lenders, was accompanied by a check from a false bank account supposedly belonging to Peter Natividad. The check is dated December 6, 2005, although the check processing date is listed as February 4, 2005. The fraudulent Fillmore lease purports to include the signature of JOE MONGE. However, JOE MONGE's signature was forged, and appeared on the lease while the lease was under the custody and control of ROJAS and JAYME, according to Defendant HERRERA.

92.    The fraudulent Lordsburg and Fillmore leases were both included on a Uniform Residential Loan Application, for the Thoroughbred Property, in the Assets and Liabilities section. The application was created by First Mortgage of El Paso, was completed by Defendant HERRERA, in conspiracy with and under the direction of ROJAS and JAYME, and was faxed by Defendant HERRERA, at 10:14 am, on January 10, 2006.

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB

Page 49 of 312

93.     Both fraudulent leases were also included on the Schedule of Real Estate Owned, which was filed with AMERICA'S WHOLESALE LENDER, and contained the forged "copy and paste" signatures of JOE MONGE and ROSANA MONGE.

94.     As a result, lender COUNTRYWIDE d/b/a AMERICA'S WHOLESALE LENDER listed the two (2) fraudulent leases on a CLUES Loan Analysis Report, which required that (a) copies of the leases, as well as (b) copies of JOE MONGE and ROSANA MONGE's previous year's income tax returns regarding the leased properties, be sent to COUNTRYWIDE. The CLUES Loan Analysis Report also required COUNTRYWIDE be provided with (a) a copy of a purchase agreement for the Thoroughbred Property reflecting a purchase amount of Seven Hundred Seventy-Five Thousand Dollars ($775,000.00), and (b) a chain of title for the previous twelve (12) months.

95.     The Uniform Residential Loan Application was subsequently approved by COUNTRYWIDE, despite the fact that there never existed (a) a purchase agreement for the Thoroughbred Property reflecting a purchase amount of Seven Hundred Seventy-Five Thousand Dollars ($775,000.00), or (b) a chain of title for the previous twelve (12) months.  While copies of the fraudulent Lordsburg and Fillmore leases were provided to COUNTRYWIDE, by Defendant HERRERA, in conspiracy with and under the direction of ROJAS and JAYME, it is unknown whether copies of JOE MONGE and ROSANA MONGE's previous year's income tax returns were ever provided to COUNTRYWIDE.

**D.     The Fraudulent Title Examination Of The Thoroughbred Property.**

96.     Pursuant to the instructions of ROJAS and JAYME, HERRERA contacted Defendant DONA ANA TITLE, on January 6, 2006, so that Defendant DONA ANA TITLE

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 50 of 312

would act as Escrow Agent and issue a Title Commitment Policy and a Title Insurance Policy.

97.     Acting as Escrow Agent for Defendant DONA ANA TITLE, and being managed and supervised by Defendant PARSLEY, Defendant BLOUNT processed the purchase agreement for the Thoroughbred Property as part of the title insurance process.

98.     On January 6, 2006, title to the Thoroughbred Property was examined by SELBY, a title examiner with Defendant DONA ANA TITLE.  The SELBY title search confirmed (a) the filing of a Lis Pendens by Citibank, and (b) the Thoroughbred Property had been foreclosed upon by Citibank, on November 1, 2005.

99.     On January 6, 2006, SELBY also conducted a "case lookup" of the foreclosure case, *Citibank v. Jayme*, on DONA ANA TITLE's internet system, which revealed not only that the Thoroughbred Property had been foreclosed by Citibank, on November 1, 2005, but also that JAYME had yet again filed for bankruptcy that same day of the foreclosure.

100.     However, prior to the closing on the Thoroughbred Property, BLOUNT and DONA ANA TITLE never informed their Insured clients, JOE MONGE and ROSANA MONGE, that Citibank had foreclosed upon the Thoroughbred Property, or that JAYME was no longer the owner of the Thoroughbred Property due to the foreclosure.

101.     Also, the results of the SELBY title search were never provided or disclosed by BLOUNT, SELBY, PARSLEY, or DONA ANA TITLE, to their Insured clients, JOE MONGE and ROSANA MONGE, prior to the closing on the Thoroughbred Property.

102.     On January 6, 2006, BLOUNT and DONA ANA TITLE issued a Title Commitment Policy which was effective January 6, 2006.  Schedule B, of the Title Commitment

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 51 of 312

listed among the requirements that (a) the Lis Pendens filed by Citibank be released, (b) Citibank's foreclosure case against JAYME be dismissed, and (c) pay all levies placed against the Thoroughbred Property by the Elephant Butte Irrigation District.  However, in conspiracy to aid and abet ROJAS and JAYME, the Title Commitment Policy was never provided, or the contents disclosed, to JOE MONGE and ROSANA MONGE, or AMERICA'S WHOLESALE LENDER, by Defendants BLOUNT, SELBY, PARSLEY, or DONA ANA TITLE, prior to the closing on the Thoroughbred Property.

103.    Defendant BLOUNT has since admitted that the Special Master's Deed, transferring the Thoroughbred Property to Citibank on November 1, 2005, was a cloud which needed to be cured.  Specifically, the "cloud" being that the title to the property had been transferred to Citibank on November 1, 2005, and therefore JAYME was no longer the owner of the Thoroughbred Property at the time of sale to JOE MONGE and ROSANA MONGE, one (1) month later, in December 2005.  Defendant BLOUNT confirmed in sworn deposition testimony that she never informed JOE MONGE and ROSANA MONGE of the foreclosure.

104.    Also on January 6, 2006, Defendant HERRERA faxed, to DONA ANA TITLE, a request for a Closing Protection Letter, including a request for proof that JAYME had a twenty-four (24) month chain of title to the Thoroughbred Property.  Of course, as noted above, Defendant HERRERA already knew that that JAYME did not have a twenty-four (24) month chain of title to the Thoroughbred Property, as she had already sent, one (1) month earlier, on December 18, 2005, her facsimile to the law firm of Little & Dranttel, requesting a payoff amount for the Thoroughbred Property.

105.    On January 23 and 30, 2006, BLOUNT faxed revised Title Commitment letters to

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                              Page 52 of 312

HERRERA, so that HERRERA, in conspiracy with ROJAS and JAYME could send said revised Title Commitment letters to AMERICA'S WHOLESALE LENDER.  In the revised Title Commitment, BLOUNT and DONA ANA TITLE falsely claimed that JAYME had a twenty-four (24) month chain of title to the Thoroughbred Property, and falsely listed JAYME as the sole and separate owner of the Thoroughbred Property, which of course he was not due to the November 1, 2005, foreclosure by Citibank.

106.    As noted previously, on January 31, 2006, Defendant HERRERA sent a facsimile to Little & Dranttel requesting the payoff amount on the Thoroughbred Property, thereby confirming that Defendant HERRERA knew that Citibank was, as of January 31, 2006, the owner of the Thoroughbred Property, and that JAYME was no longer the owner of same.

107.    Also on January 31, 2006, Defendant BLOUNT, was provided by ROJAS and JAYME, by and through their co-conspirator, Defendant HERRERA, the payoff amount on the Thoroughbred Property, obtained via facsimile from Little & Dranttel, thereby further confirming that Defendants BLOUNT, PARSLEY, SELBY, and DONA ANA TITLE knew that Citibank was, as of January 31, 2006, the owner of the Thoroughbred Property, and that JAYME was no longer the owner of same.

108.    As such, at the time the revised Title Commitment was prepared, BLOUNT, PARSLEY, SELBY, and DONA ANA TITLE already knew that JAYME did not have a twenty-four (24) month chain of title, as BLOUNT, PARSLEY, SELBY, and DONA ANA TITLE knew, due to the SELBY title search, that Citibank had already filed the Special Master's Deed with Dona Ana County on January 19, 2006.

109.    BLOUNT, PARSLEY, SELBY, and DONA ANA TITLE thus willfully and

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 53 of 312

intentionally committed fraud, and a breach of their fiduciary duties to their Insured clients, by not disclosing Citibank's Special Master's Deed to JOE MONGE and ROSANA MONGE, or to the lender.  Because of the willful and intentional failure of BLOUNT, PARSLEY, SELBY, and DONA ANA TITLE to properly and duly disclose Citibank's Special Master's Deed to JOE MONGE and ROSANA MONGE, and to the lender, the loan was approved by AMERICA'S WHOLESALE LENDER.

110.    Significantly, for purposes of the False Claims Act, the loan approved by AMERICA'S WHOLESALE LENDER, for the sale of the Thoroughbred Property, from JAYME, to JOE MONGE and ROSANA MONGE,  incorporated HUD and FHA requirements and regulations.

**E.      Lender Liability On The Fraudulent Sale Of The Thoroughbred Property.**

111.    The HUD and FHA requirements and regulations were explicitly incorporated into the mortgage loan agreement executed between AMERICA'S WHOLESALE LENDER, as Beneficiary, and JOE MONGE and ROSANA MONGE, as Grantors, for the purchase of the Thoroughbred Property.  Specifically, the Closing Instructions included the requirement that the "Settlement Agent must prepare a HUD-l/HUD-1A Settlement Statement ("Settlement Statement") in accordance with the Real Estate Settlement Procedures Act and Regulation X (24 CFR 3500)."  (Closing Instructions, Section E.1).

112.    The Closing Instructions went on to require that AMERICA'S WHOLESALE LENDER approve the HUD-1 Settlement Statement, by providing:

> "Settlement Agent must obtain Lender's approval of the final Settlement Statement prior to Closing the Loan.  Once Lender has approved the Settlement Statement, Settlement Agent must not make any subsequent changes to the

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                      Page 54 of 312

Settlement Statement without first securing Lender's written approval of such changes. If Lender returns the Settlement Statement to Settlement Agent with corrections to be made, final approval has not been given and will not be given until Lender receives a completely accurate Settlement Statement."

(Closing Instructions, Section E.1).

113.   It was also required under the Closing Instructions that "[t]he Settlement Statement must accurately reflect any monies contributed on behalf of Borrower or deposited with Lender." (Closing Instructions, Section E.10).

114.   The Closing Instructions went on to require that the "Settlement Agent must obtain current payoff statements from existing lien holders, and verify the content for accuracy. The Settlement Statement must reflect the correct amount of any outstanding debt to be paid-off with Lender's Loan Proceeds." (Closing Instructions, Section E.5).

115.   Accordingly, COUNTRYWIDE d/b/a AMERICA'S WHOLESALE LENDER, and therefore BANK OF AMERICA, and ROJAS and JAYME, in conspiracy with Defendants HERRERA, PARSLEY, DONA ANA TITLE, and BLOUNT, breached the mortgage agreement, and were grossly negligent, in failing to comply with the incorporated HUD and FHA requirements and regulations.

116.   Specifically, as will be discussed hereinafter, Defendants AMERICA'S WHOLESALE LENDER, and therefore BANK OF AMERICA, individually and jointly (a) failed to exercise due diligence, (b) breached the mortgage agreements subject herein, and (c) were grossly negligent, in failing to comply with the incorporated HUD and FHA requirements and regulation, when AMERICA'S WHOLESALE LENDER approved the loan application submitted by ROJAS and JAYME, in conspiracy with Defendants HERRERA, PARSLEY,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                        Page 55 of 312

DONA ANA TITLE, and BLOUNT, without expending any effort to verify the accuracy or inaccuracy, of the false and fraudulent information and documents submitted with the loan application, and/or the Settlement Statement.

**F.      The Fraudulent Closing Of The Thoroughbred Property.**

117.     On February 1, 2006, AMERICA'S WHOLESALE LENDER sent the Closing Instructions to Defendant DONA ANA TITLE.  The Closing Instructions included the requirement that "Rosana E. Maldonado" (ROSANA MONGE's maiden name which she does not use) and "Jose Monge" be added to the loan.  On February 2, 2006, BLOUNT signed the Closing Instructions.

118.     The sale of the Thoroughbred Property, from ROJAS and JAYME, to JOE MONGE and ROSANA MONGE, closed on February 3, 2006, at the Red Lobster Restaurant, in El Paso, Texas, between 11 a.m. and 1 p.m.  JAYME was absent at the closing, but JOE MONGE and ROSANA MONGE were in attendance, as were ROJAS and Defendants HERRERA and BLOUNT.

119.     Significantly, the closing on February 3, 2006, was the first time JOE MONGE and ROSANA MONGE had ever met or talked with Escrow Agent BLOUNT.  In fact, not only had JOE MONGE and ROSANA MONGE never before met or had any discussions with Escrow Agent BLOUNT, but JOE MONGE and ROSANA MONGE had never met any other representative of DONA ANA TITLE, prior to closing of the Thoroughbred Property, at the Red Lobster Restaurant, in El Paso, Texas, on February 3, 2006.

120.     As a result, prior to closing, JOE MONGE and ROSANA MONGE did not receive a copy of the Title Commitment, the estimated or final HUD-1, or any of the documents

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 56 of 312

that were to be signed at the closing, from ROJAS or JAYME, or from Defendants HERRERA, BLOUNT or DONA ANA TITLE, or from any other representative of DONA ANA TITLE.

121.    At the time of the closing on February 3, 2006, JOE MONGE and ROSANA MONGE were unaware that the Thoroughbred Property had been foreclosed on by Citibank, even though ROJAS, HERRERA, and BLOUNT, and therefore DONA ANA TITLE, (a) were present at the closing, (b) were aware of Citibank's foreclosure, and (c) were well aware that JAYME no longer had title to the Thoroughbred Property.

122.    Yet, at the closing on February 3, 2006, at the Red Lobster Restaurant, in El Paso, Texas, neither ROJAS nor Defendants HERRERA or BLOUNT advised JOE MONGE and ROSANA MONGE that (a) Citibank was, as of January 31, 2006, the true and legal owner of the Thoroughbred Property, and/or (b) JAYME was no longer the owner of same.[2]

123.    JOE MONGE and ROSANA MONGE have testified that they would not have closed on the Thoroughbred Property, if they had been advised of same, and all of the damages suffered by JOE MONGE and ROSANA MONGE, herein described, would have been avoided, but for the non-disclosure by ROJAS and JAYME, and Defendants HERRERA, BLOUNT, and DONA ANA TITLE.

124.    At the closing on February 3, 2006, JOE MONGE and ROSANA MONGE were also not provided with any originals or copies of the closing documents, and many of the closing documents do not bear the actual signature of JOE MONGE and ROSANA MONGE.  For

---

[2] It is well settled in New Mexico law, that after a foreclosure sale, the mortgagor loses all rights and interest in the foreclosed property, except the right to redeem the property. *Plaza National Bank v. Valdez*, 106 N.M. 464, 466 (N.M. 1987) ("When the bank became the purchaser at the judicial sale on December 10, 1985, all of the rights of the parties merged and passed to the bank as purchaser, excepting only the sole right of the mortgagor to redeem—a right which did not arise out of the mortgage or the decree, but a right extended by statute.").

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                   Page 57 of 312

example, a Loan Application Disclosure Acknowledgments was apparently signed on February 3, 2006. However, JOE MONGE disputes his signature on this closing document, and claims the signature on this closing document, is another forgery.

125.    Similarly, JOE MONGE is disputing his signature on (a) the Good Faith Estimate, (b) the Truth in Lending Disclosure Statement, (c) the Seller's and/or Purchaser's/Borrower's Statement, as well as (d) the Request for Taxpayer Identification Number and Certification, and claims the signatures on these closing documents are also forgeries. For example, the "J" is missing from JOE J. MONGE on numerous of said falsified documents for the Thoroughbred Property, and several (unsigned) copies of documents sent to AMERICA'S WHOLESALE LENDER incorrectly list "Joe J Mongo" (sic) as a borrower. It is unknown who falsified the signatures of JOE MONGE and ROSANA MONGE on said closing documents.

126.    On February 3, 2006, JAYME signed an Affidavit As To Debts And Liens, notarized by Defendant BLOUNT, even though both JAYME and BLOUNT knew said notarized Affidavit falsely and fraudulently stated:

    a.    There were no judgment liens filed against JAYME;

    b.    There were no suits pending against JAYME in either Federal or State court;

    c.    JAYME knew of no adverse claim against the Thoroughbred Property; and,

    d.    JAYME had not previously sold, contracted to sell, or conveyed the Thoroughbred Property, aside from the sale to JOE MONGE and

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB

Page 58 of 312

ROSANA MONGE.

127.   Also on February 3, 2006, JAYME signed a Real Estate Reporting Certification And Solicitation form, to be sent to the Internal Revenue Service, in which JAYME falsely and fraudulently stated that, at the time of the sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE, JAYME held a One Hundred Percent (100%) ownership interest in the Thoroughbred Property.  This Certification was signed after the Thoroughbred Property had been purchased by Citibank at a foreclosure sale, and therefore JAYME signed the Certification knowing that said certification was false when made, since JAYME knew full well he no longer had a One Hundred Percent (100%) ownership interest in the Thoroughbred Property, due to the Citibank foreclosure.[3]

128.   Nonetheless, that same day, February 3, 2006, JAYME, in a conspiracy with ROJAS and Defendants HERRERA, BLOUNT, and DONA ANA TITLE, executed a Warranty Deed to JOE MONGE and ROSANA MONGE, purportedly conveying legal title to the Thoroughbred Property that JAYME knew he no longer owned.  The Warranty Deed, generated and notarized by BLOUNT f/k/a Shawna C. Gonzales of Defendant DONA ANA TITLE, was filed with the Office of the Clerk of Dona Ana County, New Mexico, on February 6, 2006.

129.   On February 3, 2006, because JAYME, ROJAS, HERRERA and BLOUNT failed to disclose said material facts, JOE MONGE and ROSANA MONGE executed a Note in the amount of Seven Hundred Seventy Five Thousand Dollars ($775,000.00), payable to AMERICA'S WHOLESALE LENDER, as lender.

---

[3] Interestingly, JAYME in sworn trial testimony disclaimed any knowledge of the foreclosure.  However, Jayme had filed a petition in bankruptcy the day of the foreclosure, November 1, 2005, along with a Motion Concerning Automatic Stay and Request for Emergency Hearing to stay subject foreclosure.  The Emergency Hearing was held the following day, November 2, 2005, with the parties determining there was no longer any need for the Emergency Hearing, since the Thoroughbred Property had already been foreclosed upon by Citibank the previous day.

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB          Page 59 of 312

130.    On February 3, 2006, a Mortgage on the Thoroughbred Property (securing payment of the Note in the amount of Seven Hundred Seventy Five Thousand Dollars ($775,000.00), was also executed by JOE MONGE and ROSANA MONGE, as borrowers on the Note, and AMERICA'S WHOLESALE LENDER as lender), with AMERICA'S WHOLESALE LENDER as beneficiary, and JOE MONGE and ROSANA MONGE as grantors.  The Mortgage was notarized by BLOUNT f/k/a Shawna C. Gonzales of Defendant DONA ANA TITLE on February 3, 2006, and filed by BLOUNT with the Office of the Clerk of Dona Ana County, New Mexico, on February 6, 2006.  The note and the mortgage were later assigned and transferred to COUNTRYWIDE.

131.    Also on February 3, 2006, ROJAS entered into a lease agreement (hereinafter referred to as the "Lease") containing an option for ROJAS and JAYME to re-purchase the Thoroughbred Property from JOE MONGE and ROSANA MONGE.  According to the terms of the Lease, bilaterally executed in El Paso, Texas, ROJAS and JAYME would remain living at the Thoroughbred Property and would pay a monthly rent amount equal to the monthly mortgage payments due the lender, plus any escrow for taxes and insurance, and all expenses and utilities.  According to the terms of the Option to Purchase, the Purchase Price of the Thoroughbred Premises was to be Six Hundred Ninety-Seven Thousand Dollars ($697,000.00) (which is $78,000 less than the $775,000 actually financed), and was to be exercised by ROJAS, within one (1) year.

132.    As part of the purchase, ROJAS, acting as the mortgage broker, was paid a One Percent (1%) fee, or Six Thousand Nine Hundred Seventy-Five Dollars ($6,975.00), by the lender.

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB

Page 60 of 312

133.    The Real Estate Reporting Certification And Solicitation form states that JAYME received Seven Hundred Seventy Five Thousand Dollars ($775,000.00), in gross proceeds, from the sale of the Thoroughbred Property.  In accord, in 2007, JAYME received a Form 1099-S from Defendant DONA ANA TITLE which claimed JAYME received Seven Hundred Seventy Five Thousand Dollars ($775,000.00), in gross proceeds, from the sale of the Thoroughbred Property.

134.    Unbeknownst to JOE MONGE and ROSANA MONGE, JAYME thereafter used the proceeds of this fraudulent sale, to JOE MONGE and ROSANA MONGE, to redeem and re-purchase the foreclosed Thoroughbred Property from Citibank, and then attempt to convey said Thoroughbred Property to JOE MONGE and ROSANA MONGE, in conspiracy with ROJAS, and Defendant HERRERA, and Defendants BLOUNT, SELBY, PARSLEY, and DONA ANA TITLE.

135.    Specifically, on February 6, 2006, immediately after the closing of the Thoroughbred Property, Defendant BLOUNT sent a letter to Little & Dranttel (thereby confirming Defendant BLOUNT's prior knowledge of the Citibank foreclosure), enclosing a Dona Ana Title Company Check in the amount of $562,058.98, as payoff in full for the existing Mortgage on the Thoroughbred Property, filed on October 29, 2002, recorded in Book 373, Page 850-870, as document No. 32671 of the Dona Ana County Records.  In this letter of February 6, 2006, Defendant BLOUNT also asks for a fully executed Release of said Mortgage, to be recorded in the appropriate County records.

136.    However, Little & Dranttel, and/or Citibank, never cashed the Dona Ana Title Company Check in the amount of $562,058.98.

137.    Rather, on February 7, 2006, Little & Dranttel sent a letter to JAYME advising JAYME that (a) JAYME had a Right of Redemption to redeem the foreclosed Thoroughbred Property, (b) the Redemption period would end on February 9, 2006, and (c) the amount required for redemption would be $567,440.54.

138.    The following day, February 8, 2006, Defendant BLOUNT, having fraudulently obtained purchase money mortgage funds from AMERICA'S WHOLESALE LENDER, wired the redemption amount of $567,440.54 to Little & Dranttel.

139.    More than five (5) months later, on June 30, 2006, Little & Dranttel mailed, to Defendants BLOUNT and DONA ANA TITLE, the Quit Claim Deed, thereby further confirming that JAYME was clearly not the legal owner of the property at the time of closing of the Thoroughbred Property on February 6, 2006.  Defendants BLOUNT, SELBY, PARSLEY and DONA ANA TITLE thus breached their fiduciary duty as a title company, and failed to protect the interest of their Insured clients, JOE MONGE and ROSANA MONGE, choosing instead to conspire with ROJAS and JAYME, and Defendant HERRERA, in perpetuating a real estate and mortgage fraud on JOE MONGE and ROSANA MONGE, and AMERICA'S WHOLESALE LENDER.

140.    Similarly on February 6, 2006, a mortgage was sent to the mortgage company, AMERICA'S WHOLESALE LENDER, even though Defendants BLOUNT, SELBY, PARSLEY, and DONA ANA TITLE, knew (a) JAYME was clearly not the legal owner of the property at the time of closing of the Thoroughbred Property on February 6, 2006, (b) JOE MONGE and ROSANA MONGE could therefore not have obtained clear legal title from JAYME, and (c) JOE MONGE and ROSANA MONGE could not therefore convey, as grantors,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 62 of 312

legal title to the Thoroughbred Property to their mortgage company, AMERICA'S

WHOLESALE LENDER, as beneficiary.

141.    As a result, the Warranty Deed to the Thoroughbred Property had to be refiled.

One minute after the Quit Claim Deed from Citibank was filed, at 12:16 pm on July 28, 2006,

Defendant DONA ANA TITLE re-filed with the Office of the Clerk of Dona Ana County, New

Mexico, a photocopy of the same Warranty Deed dated February 3, 2006, in which JAYME had

fraudulently transferred title to the Thoroughbred Property to JOE MONGE and ROSANA

MONGE.  This document was recorded by Dona Ana County as Reception No. 26074 in Book

732, Page 43.  Added to the top of the photocopied and re-recorded Warranty Deed was a typed

notation stating, "This Warranty Deed is being re-recorded in correction of but not in lieu of the

same; to correct filing order."

142.    Similarly, on July 28, 2006, Defendants BLOUNT and DONA ANA TITLE had

to refile the mortgage in an attempt to cure the defective title to the Thoroughbred Property.  The

refiled mortgage, with AMERICA'S WHOLESALE LENDER as beneficiary, was accompanied

by a typed notation which read, "This mortgage is being re-recorded in correction of but not in

lieu of the same; to correct filing order."

143.    However, neither the refiled Warranty Deed to the Thoroughbred Property, nor

the refiled mortgage, with AMERICA'S WHOLESALE LENDER as beneficiary, bears the

signatures of the parties, as of the date that JAYME obtained legal title to the Thoroughbred

Property on July 28, 2006, through redemption.

144.    In point of fact, JOE MONGE and ROSANA MONGE have never been provided

with a deed executed, dated, and signed by JAYME at a time when JAYME was the actual

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 63 of 312

owner of the Thoroughbred Property.  In other words, the correction Warranty Deed filed by Defendants BLOUNT and DONA ANA TITLE on July 28, 2006, bears the same defect that the original Warranty Deed had:  It is a Warranty Deed executed, dated, and signed by JAYME, purporting to convey the Thoroughbred Property to JOE MONGE and ROSANA MONGE, at a time when JAYME WAS NOT the actual owner of the Thoroughbred Property.  To this day, Defendant DONA ANA TITLE has never cured that defect and cloud on title.[4]

145.     More significantly perhaps, JOE MONGE and ROSANA MONGE were never provided with the refiled deed or refiled mortgage, presumably because Defendants BLOUNT, SELBY, PARSLEY, and DONA ANA TITLE desired not to expose their fraudulent non-disclosure, and their breaches of their contractual and fiduciary duties and responsibilities.

146.     While the doctrine of After-Acquired Title protects JOE MONGE and ROSANA MONGE from any denial by JAYME of the validity of the initial conveyance to JOE MONGE and ROSANA MONGE, JOE MONGE and ROSANA MONGE nonetheless suffered substantial economic and financial damage due to the fraud perpetuated upon them by ROJAS and JAYME, and Defendant HERRERA, and Defendants BLOUNT, SELBY, PARSLEY, and DONA ANA TITLE.[5]

---

[4]  It has long been legal doctrine that when a grantor purports to grant real property to a grantee, in a transfer which purports to grant a warranty of title, and then subsequently acquires proper title to the real property, the grantor cannot deny the validity of the initial transference to the grantee.  The doctrine of After-Acquired Title is established law in New Mexico.  See *Hays v. King*, 109 N.M. 202, 204 (NM 1989) (citing *Jenkins v. Huntsinger*, 46 N.M. 168, 181-183 (NM 1942)).  Hence, JAYME, under the doctrine of After-Acquired Title, and promissory estoppels, cannot now claim the Thoroughbred Property remains his due to his fraudulent deed.

[5]  On September 5, 2014, and January 27, 2015, respectively, the Bankruptcy Court and District Court in the Western District of Texas (a) awarded JOE MONGE and ROSANA MONGE actual damages of $712,178.00, and attorneys fees and expenses of $240,238.00, due to the non-payment of rent by ROJAS and JAYME, over an eight (8) year period, and (b) order ROJAS and JAYME to immediately turnover the Thoroughbred Property to JOE MONGE and ROSANA MONGE.  On March 3, 2015, ROJAS and JAYME filed a Chapter 7 petition in bankruptcy, seeking to discharge said judgment debt.  However, on June 24, 2015, the United States Marshall

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                Page 64 of 312

147.   Despite said obvious cloud on title, Defendant DONA ANA TITLE nonetheless provided to JOE MONGE and ROSANA MONGE a title insurance policy underwritten by Defendant FIRST AMERICAN GUARANTY COMPANY, f/k/a United General Title Insurance Company, now owned by Defendant FIRST AMERICAN TITLE, a subsidiary of Defendant FIRST AMERICAN FIANCIAL.  However, this Title Policy, dated February 6, 2006, was not actually provided to JOE MONGE and ROSANA MONGE until it was enclosed and mailed to them with a cover letter dated December 8, 2006, nearly ten (10) months after the closing of the sale on the Thoroughbred Property.  The appropriate pages of the Title Policy requiring a signature by the authorized agent are all signed by Defendant BLOUNT.

148.   In fact, JOE MONGE and ROSANA MONGE did not receive any of the closing documents until December of 2006, when ROSANA MONGE had to call and request a complete set of documents from Defendant DONA ANA TITLE.  At that time, an employee of Defendant DONA ANA TITLE informed JOE MONGE and ROSANA MONGE that DONA ANA TITLE had not been able to place the property in the name of "Monroj Investments Inc." (hereinafter referred to as "MONROJ"), as had been requested by ROJAS, in an unauthorized attempt by ROJAS and JAYME, in obvious conspiracy with Defendants BLOUNT, PARSLEY and DONA ANA TITLE, to remove title to the Thoroughbred Property from JOE MONGE and ROSANA MONGE, while ensuring that JOE MONGE and ROSANA MONGE continued to be solely responsible for the fraudulently procured mortgage.

149.   Also on December 8, 2006, copies of the same documents were mailed to

---

Service successfully evicted ROJAS and JAYME from the Thoroughbred Property.  Of course, all of said damages would have been avoided, as would the remainder of the Plaintiff's damages hereinafter described, if Defendant HERRERA, and Defendants BLOUNT, SELBY, PARSLEY, and DONA ANA TITLE, had not conspired to commit fraud through non-disclosure and forgeries, or breach their contractual and fiduciary duties, in the sale and conveyance of the Thoroughbred Property to JOE MONGE and ROSANA MONGE.

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB

Page 65 of 312

COUNTRYWIDE.

150.    To this date, not all of the necessary documents and disclosures required under TILA and RESPA have been provided to JOE MONGE and ROSANA MONGE, and as a result Defendants have failed to timely or properly disclose to JOE MONGE and ROSANA MONGE their rights under TILA and RESPA, thereby equitably tolling the TILA and RESPA statute of limitations.[6]

151.    Defendant's actions and/or inactions, in failing to provide JOE MONGE and ROSANA MONGE, with good faith estimates and/or itemizations of actual costs, prior to, during and after closing, thus constitutes (a) a pattern and/or practice of noncompliance with TILA and RESPA, by JAYME, ROJAS, HERRERA, BLOUNT, PARSLEY and DONA ANA TITLE, that was intended to conceal the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE, (b) the negligent failure and/or refusal, by JAYME, ROJAS and HERRERA, BLOUNT, PARSLEY and DONA ANA TITLE, as authorized agents for FIRST AMERICAN GUARANTY COMPANY, FIRST AMERICAN TITLE, and FIRST AMERICAN FIANCIAL, to comply with their fiduciary duties and responsibilities, in accordance with the due diligence and standard of due care expected and required of said Defendants, and (c) a breach of the terms of the policies and contracts for title commitment and title insurance underwritten by Defendants FIRST AMERICAN GUARANTY COMPANY, FIRST AMERICAN TITLE, and FIRST AMERICAN FIANCIAL, and executed for the benefit of Insured Owners JOE MONGE and ROSANA MONGE, prior to the closing of the purchase and sale of the Thoroughbred Property.

---

[6] Subject closing statements were obtained in March of 2013, via subpoena by the undersigned Plaintiff's counsel.

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 66 of 312

152.   Thus, JAYME and ROJAS, as well as Defendants HERRERA, BLOUNT, PARSLEY, DONA ANA TITLE, FIRST AMERICAN GUARANTY COMPANY, FIRST AMERICAN TITLE, and FIRST AMERICAN FIANCIAL, fraudulently and/or negligently performed the escrow and title work underlying the title commitment and the Policy of Title Insurance that said Defendants caused to be issued to JOE MONGE and ROSANA MONGE, in violation of NMSA 1978, Section 59A-30-11(A) (Repl. Pamp. 1988), and in breach of the terms of the contract for title commitment and title insurance provided to JOE MONGE and ROSANA MONGE.

153.   Additionally, in securing the Title Insurance, Defendant BLOUNT, of Defendant DONA ANA TITLE, had the option not to except coverage under "Standard Exception 1, Parties in Possession."  However, Defendant BLOUNT, in response to the question "Do you want this coverage?" checked "No" rather than "Yes."  This Standard Exception "excludes coverage for certain claims of tenants, squatters or other persons who may claim possession of the property," coverage which was not only needed by JOE MONGE and ROSANA MONGE, but required, as the Thoroughbred Property was not intended to become JOE MONGE and ROSANA MONGE's primary residence, but was to be a rental property, as was understood by ROJAS and JAYME, as well as Defendants DONA ANA TITLE and BLOUNT.  Adding insult to injury, the portion of the NM 35 document that allows for this additional coverage states very clearly, "There is no extra premium charge for this coverage."

154.   In any case, on February 7, 2006, not only was Citibank, by and thru Little & Dranttel, the true and legal owner of title to the Thoroughbred Property, but JOE MONGE and ROSANA MONGE were under the legally mistaken belief that they were the clear owners of the Thoroughbred Property in fee simple, which they were fraudulently induced to believe by

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB

Page 67 of 312

ROJAS and JAYME, in conspiracy with Defendants DONA ANA TITLE, PARSLEY, SELBY, BLOUNT, and HERRERA.

155.    As such, JAYME actually used the proceeds from the sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE, in order to redeem the Thoroughbred Property from Citibank.

156.    On March 14, 2006, Citibank then filed a Release of Mortgage, therein releasing the mortgage executed by JAYME on the Thoroughbred Property.

157.    On June 30, 2006, a letter was sent from the firm of Little & Drantel, to Defendant DONA ANA TITLE, enclosing a Quit Claim Deed executed on June 27, 2006, by Citibank, which was then filed with the Office of the Clerk of Dona Ana County, New Mexico, on July 28, 2006, at 12:15 pm.  Said Quit Claim Deed thus granted to JAYME clear title to the Thoroughbred Property, as of June 27, 2006.

158.    However, ROJAS and JAYME, in conspiracy with Defendants DONA ANA TITLE, PARSLEY, SELBY, BLOUNT, and HERRERA, had already, intentionally, and fraudulently, sold and conveyed the Thoroughbred Property, more than five (5) months prior thereto.

G.    **The Fraudulent Disappearance Of The Thoroughbred Property Equity.**

159.    JOE MONGE and ROSANA MONGE had agreed to purchase the Thoroughbred Property from JAYME on the understanding that the equity in the Thoroughbred Property would be used to fund the purchase and development of the Country Cove Subdivision.

160.    As stated previously, numerous HUD-1s labeled as "FINAL", with varying

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 68 of 312

amounts, are present in the record. However JOE MONGE and ROSANA MONGE dispute the authenticity of their signatures on all of the HUD-1s, claiming instead that the signatures appearing on the HUD-1s were falsified.

161.    For example, a "Final" HUD-1 "Approved" by AMERICA'S WHOLESALE LENDER, on February 3, 2006, shows "Cash to Seller $206,541.38", after deducting the $562,058.98 that was mailed to Little & Drantel to pay off the money JAYME owed to Citibank, thereby further confirming that Defendants DONA ANA TITLE and BLOUNT knew on the closing date that JAYME no longer owned the Thoroughbred Property. (As discussed above, this $562,058.98 payoff amount was rejected by Little & Dantrel, and increased to $567,440.54 as the redemption amount). This "Approved" HUD-1 was received by Defendant DONA ANA TITLE, from AMERICA'S WHOLESALE LENDER, on February 3, 2006, at 2:04 p.m, which was after the closing had actually been conducted during lunch at the Red Lobster Restaurant, in El Paso, Texas. Again, JOE MONGE and ROSANA MONGE were never provided with any HUD-1 documents, "Final" or "Approved", with any figures, before, during or after closing.

162.    A "Final" HUD-1 was certified as "True & Correct" by Defendants DONA ANA TITLE and BLOUNT, purportedly on February 3, 2006, showing that there would be a zero dollar ($0.00) cash disbursement to JAYME at closing. The "True & Correct" HUD-1 lists a series of disbursements purportedly made from the proceeds of the sale, ostensibly to pay off the closing costs and liens placed against the Thoroughbred Property. The purported disbursements included the following:

a.    $80,500.36 was purportedly paid to Edward Abraham, a business associate and employer of HERRERA. JAYME testified this was to repay a loan

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB

Page 69 of 312

Abraham made to JAYME, which was made so JAYME could pay the down payment for JOE MONGE and ROSANA MONGE, which was a direct violation of the closing instructions of AMERICA'S WHOLESALE LENDER;

b.      $125,179.27 was purportedly paid to Defendant TOMASA, the mother of ROJAS.  JAYME claims this was to repay her for the loan she made when JAYME purchased the property;

c.      $562,058.98 was purportedly paid to Little & Drantel to pay off the money owed to Citibank.  (As discussed above, the amount was then increased to $567,440.54);

d.      $550 was paid to ZACOUR for the fraudulent appraisal;

e.      $600 was paid to Clausen Land Surveying;

f.      $6,975 was paid to ROJAS d/b/a First Mortgage of El Paso;

g.      $3,862.18 was paid to Dona Ana Title Company through various payments;

h.      $2,012 was paid to Allstate for hazard insurance;

i.      $120.98 was paid to the Los Ranchos Del Rio Homeowner Association; and,

j.      $661.75 was paid to Elephant Butte Irrigation.

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                          Page 70 of 312

163.    However, several of the required disbursements listed in the "True & Correct" HUD-1, which were purportedly made by Defendants DONA ANA TITLE and BLOUNT, were incomplete or not at all disbursed, due to preferential transfers and payments to fellow Defendants and co-conspirators.  Specifically, as noted above, the preferential and fraudulent transfers and disbursements to fellow Defendants and co-conspirators successfully included the following:

    a.    $80,500.36 was paid to Edward Abraham, a business associate and employer of fellow Defendant and conspirator HERRERA;

    b.    $125,179.27 was paid to fellow Defendant and conspirator TOMASA, the mother of ROJAS;

    c.    $550 was paid to fellow Defendant and conspirator ZACOUR for an appraisal fee;

    d.    $6,975 was paid to fellow conspirator ROJAS d/b/a First Mortgage of El Paso, for the efforts of ROJAS and HERRERA, in falsifying the fraudulent leases, and preparing and processing the fraudulent mortgage loan applications; and,

    e.    Fellow Defendant and conspirator DONA ANA TITLE paid itself $3,862.18.

164.    In contradistinction, Defendants DONA ANA TITLE and BLOUNT failed to make any payments toward a Notice of Claim of Lien (hereinafter referred to as the "State Tax Lien"), filed on October 6, 2004, by the New Mexico Taxation and Revenue Department, in the

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 71 of 312

amount of Three Thousand Six Dollars and Forty-Six Cents ($3,006.46), for the period of

December 31, 1993, through December 31, 1994.  In an email sent May 13, 2010, Defendant

PARSLEY acknowledged Defendants DONA ANA TITLE and SELBY discovered the State

Tax Lien during the title search, but did not address it in the Title Commitment Policy.

Defendants DONA ANA TITLE and BLOUNT thus failed to make any payments toward the

State Tax Lien, thereby willfully and intentionally failing to protect the interests of their Insured

clients, JOE MONGE and ROSANA MONGE, favoring instead to fraudulently pay themselves

and ROJAS and JAYME, and the other Defendants and conspirators, as a matter of priority.

165.     Four (4) years later, on July 15, 2010, the State Tax Lien was paid by FIRST

AMERICAN TITLE, with a check in the amount of $9,014.57, mailed to the New Mexico

Taxation and Revenue Legal Services Bureau, after learning of the fraud and contractual

breaches of Defendants DONA ANA TITLE and BLOUNT.

166.     Similarly, Defendants DONA ANA TITLE and BLOUNT left Two Thousand

Four Hundred Ninety-Eight Dollars and Sixty-Seven Cents ($2,498.67) in New Mexico property

taxes, for 2005, unpaid.  This was acknowledged on a Notes Page created by Defendants DONA

ANA TITLE and SELBY.  Defendants DONA ANA TITLE and BLOUNT thus failed to make

any payments toward the New Mexico 2005 property taxes, thereby willfully and intentionally

failing to protect the interests of their Insured clients, JOE MONGE and ROSANA MONGE,

favoring instead to fraudulently pay themselves and ROJAS and JAYME, and the other

Defendants and conspirators, as a matter of priority.

167.     The "True & Correct" HUD-1 also charged JOE MONGE and ROSANA

MONGE for taxes on the Thoroughbred Property, in the amount of Two Thousand Nine

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 72 of 312

Hundred Seventy-One Dollars and Three Cents ($2,971.03), for the period of July 1, 2005, to February 3, 2006, prior to the time JOE MONGE and ROSANA MONGE were conveyed the Thoroughbred Property.  Defendants DONA ANA TITLE and BLOUNT thus fraudulently charged JOE MONGE and ROSANA MONGE for the 2005-2006 Thoroughbred Property taxes actually owed by JAYME, thereby willfully and intentionally failing to protect the interests of their Insured clients, JOE MONGE and ROSANA MONGE, favoring instead to fraudulently pay themselves and ROJAS and JAYME, and the other Defendants and conspirators, as a matter of priority.

168.    Additionally, Defendants DONA ANA TITLE and BLOUNT failed to make complete payoff payments to the Los Ranchos Del Rio Homeowners Association, and to Elephant Butte Irrigation.

169.    Specifically, according to the "True & Correct" HUD-1, Defendants DONA ANA TITLE and BLOUNT issued a disbursement amount of One Hundred Thirty-Three Dollars ($133.00) to the Los Ranchos Del Rio Homeowner Association.  However, on February 3, 2006, Los Ranchos Del Rio Homeowner Association filed a Notice of Lien for Assessments showing that the correct amount due was Four Hundred Forty Dollars and Twenty-Three Cents ($440.23), leaving an unpaid balance of Three Hundred and Seven Dollars and Twenty-Seven Cents ($307.23).  Upon information and belief, to this day, the outstanding balance of Three Hundred and Seven Dollars and Twenty-Seven Cents ($307.23) remains unpaid.

170.    Similarly, according to the "True & Correct" HUD-1, Defendants DONA ANA TITLE and BLOUNT also issued a disbursement amount of Six Hundred Sixty-One Dollars and Seventy-Five Cents ($661.75) to Elephant Butte Irrigation.  However, this payment left Six

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB

Page 73 of 312

Hundred Fifty-Eight Dollars and Seventy-One Cents ($658.71) still owed to Elephant Butte

Irrigation for the years 2002-2005.  This was acknowledged on a Notes Page created by

Defendants DONA ANA TITLE and SELBY.  Upon information and belief, to this day, the

outstanding balance of Six Hundred Fifty-Eight Dollars and Seventy-One Cents ($658.71)

remains unpaid.

171.    Additionally, Elephant Butte Irrigation had previously, on October 6, 2004, filed a

Notice of Claim of Lien for Taxation and Revenue, for the amount of Three Thousand Six

Dollars and Forty-Six Cents ($3,006.46), against the Thoroughbred Property.  No payments were

made toward this lien.  Upon information and belief, to this day, the outstanding balance of

Three Thousand Six Dollars and Forty-Six Cents ($3,006.46) remains unpaid.

172.    As such, Defendants DONA ANA TITLE and BLOUNT failed to make any

payments toward the Los Ranchos Del Rio Homeowners Association, and to Elephant Butte

Irrigation, thereby willfully and intentionally failing to protect the interests of their Insured

clients, JOE MONGE and ROSANA MONGE, favoring instead to fraudulently pay themselves

and ROJAS and JAYME, and the other Defendants and conspirators, as a matter of priority.

173.    Furthermore, in addition to the above-described incomplete payments, the "True

& Correct" HUD-1 reflected a disbursement payment of Two Thousand Twelve Dollars

($2,012.00) to Allstate for hazard insurance on the Thoroughbred Property.  However, JOE

MONGE and ROSANA MONGE never received such a policy.

174.    The "True & Correct" HUD-1 claims a total of Seven Hundred Seventy-Five

Thousand One Hundred Twenty Dollars and Ninety-Eight Cents ($775,120.98) was collected as

proceeds from the sale, while Seven Hundred Seventy-Five Thousand One Hundred Twenty

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB

Page 74 of 312

Dollars and Ninety-Eight Cents ($775,120.98) was purportedly disbursed from the proceeds of the Thoroughbred Property sale.  After paying off the liens on the Thoroughbred Property, and the closing costs, JAYME purportedly was left with no money remaining from the sale.

175.    Significantly, if Defendants DONA ANA TITLE and BLOUNT had duly provided JOE MONGE and ROSANA MONGE with the required (a ) Good Faith Estimate, (b) the Truth in Lending Disclosure Statement, or (c) an advance copy of the "True & Correct" HUD-1, JOE MONGE and ROSANA MONGE would have known there was zero equity available to JAYME, and JOE MONGE and ROSANA MONGE would not have signed for the purchase of the Thoroughbred Property, because there would have been no equity for ROJAS and JAYME to use in the joint venture development of the Country Cove Subdivision.

176.    Defendant DONA ANA TITLE, in response to a subsequent subpoena, provided JOE MONGE and ROSANA MONGE with a copy of a check, dated February 7, 2006, to Defendant TOMASA for the amount of One Hundred Twenty-Five Thousand One Hundred Seventy-Nine Dollars and Twenty-Seven Cents ($125,179.27).  However, said check was not signed, so it is unknown how much was actually paid to TOMASA.

177.    Significantly, as concerns the check, dated February 7, 2006, to Defendant TOMASA, with Defendant TOMASA as payee, for the amount of One Hundred Twenty-Five Thousand One Hundred Seventy-Nine Dollars and Twenty-Seven Cents ($125,179.27), Defendant DONA ANA TITLE in response to said subpoena produced no proof as to whether the check purportedly made payable to Defendant TOMASA, was actually delivered to her, or even cashed by her.  Accordingly, Defendants DONA ANA TITLE, PARSLEY and BLOUNT did not obtain and/or file a Release, executed by Defendant TOMASA, releasing the Mortgage

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 75 of 312

Deed of Trust dated October 29, 2002, filed on November 1, 2002, and recorded in Book 373, Pages 871-872, as Document No. 32672, in the records of Dona Ana County, New Mexico, in the amount of One Hundred Sixty-Five Thousand Dollars ($165,000.00).

178.    Consequently, to this date, a mortgage lien in the amount of One Hundred Sixty-Five Thousand Dollars ($165,000.00), with Defendant TOMASA as Beneficiary, is encumbering the Thoroughbred Property, and remains as a defect to clear and marketable title, in egregious violation of the terms of (a) the Title Commitment, (b) the Owner's Title Insurance Policy and (c) the Mortgagee's Title Insurance Policy, issued to JOE MONGE and ROSANA MONGE as Owner's, and AMERICA'S WHOLESALE LENDER as Mortgagee, by Defendants DONA ANA TITLE, PARSLEY, SELBY and BLOUNT.  Defendants DONA ANA TITLE and BLOUNT thus failed to make full and complete payments toward the TOMASA mortgage lien, thereby willfully and intentionally failing to protect the interests of their Insured clients, JOE MONGE and ROSANA MONGE, favoring instead to fraudulently pay themselves and ROJAS and JAYME (and possibly Defendant TOMASA), and the other Defendants and conspirators, as a matter of priority.

179.    As concerns the check, dated February 8, 2006, to State National Bank FBO Little & Drantel, P.C., for the amount of Five Hundred Sixty-Seven Thousand Four Hundred Forty Dollars and Fifty-Four Cents ($567,440.54), dated February 8, 2006, Defendant DONA ANA TITLE instead wired Five Hundred Sixty-Seven Thousand Four Hundred Forty Dollars and Fifty-Four Cents ($567,440.54) to Little & Drantel, P.C.

180.    However, as noted previously, Defendants DONA ANA TITLE and BLOUNT, failed to provide JOE MONGE and ROSANA MONGE with a copy of any of the HUD-1s.  As a

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB

Page 76 of 312

result, JOE MONGE and ROSANA MONGE asked ROJAS for a breakdown of the disbursements from the sale and purchase of the Thoroughbred Property. Instead of providing a copy of the HUD-1 or the Disbursement Report, ROJAS wrote on a sticky that there was Three Hundred One Thousand Dollars ($301,000.00) in equity.

181.   Later, ROJAS sent JOE MONGE and ROSANA MONGE an email claiming that JOE MONGE and ROSANA MONGE owed ROJAS and JAYME Seventy-Eight Thousand Dollars ($78,000.00) for the loan borrowed from Edward Abraham, claiming that the Abraham loan was necessary for closing of the Thoroughbred Property.   Therefore, ROJAS and JAYME, in a conspiracy with Defendants DONA ANA TITLE and BLOUNT, intentionally and fraudulently withheld and concealed the fraudulent transfer and conveyance of monies that had been earmarked for the development of the Country Cover Subdivision, by the joint venture comprised of JOE MONGE and ROSANA MONGE, and ROJAS and JAYME.

## H.   The Fraudulent Checks Mailed By Rojas And Jayme During The Lease Term.

182.   The very first rental payment check from ROJAS, paid directly to COUNTRYWIDE, bounced for insufficient funds, and was reversed by the mortgage holder. Specifically, ROJAS wrote and mailed Check No. 1505, dated March 13, 2006, in the amount of Five Thousand Five Hundred and Ninety-Five Dollars and Four Cents ($5,595.04) to COUNTRYWIDE, when ROJAS did not have anywhere near that amount of funds, in her account on that date.  Furthermore, ROJAS made no attempt whatsoever to deposit funds to cover said fraudulent check, before, during or after the issuance of said check.

183.   Moreover, ROJAS and JAYME then informed JOE MONGE and ROSANA MONGE that they would make no additional mortgage payments to COUNTRYWIDE on the

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                          Page 77 of 312

Thoroughbred Property. As a result, due to the failure of ROJAS and JAYME to make the rental payments that were required to be made under the Lease, JOE MONGE and ROSANA MONGE were forced to make regular mortgage payments to COUNTRYWIDE on the Thoroughbred Property, immediately after the first bounced check was mailed by ROJAS.

184.   In any case, on or about January 3, 2007, as the Lease Term was set to expire on January 31, 2007, ROJAS and JAYME then informed JOE MONGE and ROSANA MONGE that they desired to continue residing at the Thoroughbred Property, and would begin making the required mortgage payments to COUNTRYWIDE.

185.   However, the very next check issued by ROJAS to COUNTRYWIDE, in the amount of Five Thousand Three Hundred and Seven-Eight Dollars and Fifty-Three ($5,378.53), also bounced because of insufficient funds. Again, ROJAS made no attempt whatsoever to deposit funds to cover said fraudulent check, before, during or after the issuance of said check.

186.   In all, during the one (1) year Lease Term, which ended January 31, 2007, ROJAS made only three (3) monthly payments to COUNTRYWIDE on behalf of JOE MONGE and ROSANA MONGE, none of which cleared due to insufficient funds. Furthermore, a review of the bank records of ROJAS reveals that even though she wrote and mailed the three (3) payments to COUNTRYWIDE, ROJAS made no attempt whatsoever to deposit funds to cover said fraudulent checks.

187.   Altogether, JOE MONGE and ROSANA MONGE made all of the mortgage payments during the one (1) year Lease Term, ending January 31, 2007, in the total amount of Forty Nine Thousand Four Hundred Fifty-Three Dollars and Thirteen Cents ($49,453.13), that ROJAS and JAYME had agreed to make, under the terms of the Lease, and the sale and

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB

Page 78 of 312

leaseback agreement between the Parties.

I.    **The First Intentional Concealment of Pending Foreclosure By Rojas And Jayme.**

188.    JOE MONGE and ROSANA MONGE then learned that the Thoroughbred Property was being foreclosed on, by COUNTRYWIDE/BANK OF AMERICA, during a telephone call between ROSANA MONGE and the mortgage holder, which was initiated by ROSANA MONGE.  The foreclosure was administered by the Bank of New York, as assignee of COUNTRYWIDE/BANK OF AMERICA, due to the failure of ROJAS and JAYME to make the agreed to mortgage payments.  The foreclosure was acknowledged in the filing of a Notice of Lis Pendens on March 2, 2007.  At the top of this document is a stamp from Defendant DONA ANA TITLE that says this is for file GF# 979824-SB, which is a different GF# than the GF# for the file of JOE MONGE and ROSANA MONGE for the closing of the Thoroughbred Property. However, although the Summons named JOE MONGE and ROSANA MONGE, service of the Summons actually took place at the Thoroughbred Property, where ROJAS and JAYME resided. Yet, ROJAS and JAYME never duly informed JOE MONGE and ROSANA MONGE of the foreclosure proceeding, nor did they respond to the suit themselves, so a Default Judgment was issued by the court on April 27, 2007.

189.    Upon learning that the default judgment was granted on April 27, 2007, JOE MONGE and ROSANA MONGE then entered into a repayment plan with COUNTRYWIDE on April 26, 2007, and it was filed with the court on May 14, 2007.  As part of the payment plan, JOE MONGE and ROSANA MONGE sent a payment of Ten Thousand Dollars ($10,000.00) through a bank-to-bank wire.  COUNTRYWIDE refused to accept a bank-to-bank wire and a Twenty Thousand Dollar ($20,000.00) payment had to be wired to COUNTRYWIDE from JOE MONGE and ROSANA MONGE.

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 79 of 312

**J.      Fraudulent Checks Continued To Be Mailed By Rojas And Jayme After The Lease.**

190.    After the Lease Term, two (2) other fraudulent checks were written and mailed to COUNTRYWIDE by ROJAS, and again ROJAS made absolutely no attempt to deposit funds to cover said fraudulent checks. For example, ROJAS wrote and mailed Check No. 1854, dated September 30, 2007, in the amount of Seven Thousand Nineteen Dollars and Ninety-Nine Cents ($7,019.99) to COUNTRYWIDE, when ROJAS only had between One Thousand Three Hundred Sixty-Three Dollars and Forty-Six Cents ($1,363.46), and a negative balance of Six Hundred Fifty Dollars and Forty-Five Cents (-$650.45), in her account on that date. As before, ROJAS made no attempt whatsoever to deposit funds to cover said fraudulent check.

191.    In fact, a review of ROJAS' bank statements reveals there was consistently not enough money in her account to cover any of the rental payments on the Thoroughbred Property. A review of JAYME's bank statements similarly reveals there was consistently not enough money in his accounts to cover the rental payments on the Thoroughbred Property.

192.    As a result, after expiration of the Lease Term, JOE MONGE and ROSANA MONGE began making regular mortgage payments directly to COUNTRYWIDE on the Thoroughbred Property, until JOE MONGE and ROSANA MONGE finally had to file a petition for bankruptcy relief under Chapter 11, on April 27, 2009.

193.    In sum, JOE MONGE and ROSANA MONGE were forced to make regular mortgage payments to COUNTRYWIDE on the Thoroughbred Property, after the Lease Term, in the total amount of Forty Eight Thousand Five Hundred and Seven Dollars and Fifty-Seven Cents ($48,507.57), due to the failure of ROJAS and JAYME to make any of the agreed to rental/mortgage payments.

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 80 of 312

194.    Again, JOE MONGE and ROSANA MONGE would not have been compelled to make any of said mortgage payments, with no rental contribution whatsoever from ROJAS and JAYME, if Defendants HERRERA, BLOUNT, PARSLEY, DONA ANA TITLE, FIRST AMERICAN GUARANTY COMPANY, FIRST AMERICAN TITLE, and FIRST AMERICAN FIANCIAL, had not conspired with ROJAS and JAYME, to intentionally withhold, conceal and fail and/or refuse to disclose to JOE MONGE and ROSANA MONGE the material information that JAYME did not actually own the Thoroughbred Property that was fraudulently sold and conveyed to JOE MONGE and ROSANA MONGE, in flagrant breach of (a) the terms of the contract for title commitment and title insurance, and (b) the fiduciary duties and obligations owed to JOE MONGE and ROSANA MONGE, by said Defendants.

## K.    The Perjured Testimony Of Rojas And Jayme To Evade Eviction.

195.    As noted above, one (1) month after execution of the Lease, ROJAS and JAYME mailed a fraudulent check to COUNTRYWIDE, and thereafter stopped paying the rental payments (and taxes, and property owners' association fees, etc.) on the Thoroughbred Property, on a regular basis, thereby defaulting on the terms of the Lease, and the sale and leaseback contract and agreement between ROJAS and JAYME, and JOE MONGE and ROSANA MONGE.

196.    On or about November 11, 2007, JOE MONGE and ROSANA MONGE complained to ROJAS and JAYME, and ROJAS and JAYME responded by notifying JOE MONGE and ROSANA MONGE that ROJAS and JAYME would begin to submit the payments to COUNTRYWIDE **only** if JOE MONGE and ROSANA MONGE provided ROJAS and JAYME with a signed, written deed conveying title to the Thoroughbred Property to ROJAS and JAYME.

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 81 of 312

197.    JOE MONGE and ROSANA MONGE refused to submit to the extortion scheme of ROJAS and JAYME, and proceeded to file eviction proceedings against ROJAS and JAYME. In fact, JOE MONGE and ROSANA MONGE tried unsuccessfully to evict ROJAS and JAYME numerous times beginning January of 2008.

198.    For example, in January of 2008, JOE MONGE and ROSANA MONGE filed an eviction proceeding in Dona Ana County Court, in the State of New Mexico.  However, in order to avoid eviction, ROJAS and JAYME intentionally misrepresented to the court in New Mexico the physical location of the Thoroughbred Property.  Specifically, in a hearing held on or about September 17, 2008, ROJAS, knowingly and intentionally, and with the express and/or tacit approval of JAYME, stated falsely under oath that the Thoroughbred Property was located in the State of Texas, while in fact said property was physically located in the State of New Mexico.

199.    In point of fact, ROJAS and JAYME both knew the testimony of ROJAS was false, as both had previously executed, on October 30, 2002, and filed on November 1, 2002, a Sole and Separate Property Agreement and Conveyance acknowledging the Thoroughbred Property was located in New Mexico.  Created and notarized by Defendant BLOUNT of Defendant DONA ANA TITLE, this Agreement and Conveyance was entered into by ROJAS and JAYME (although ROJAS is named on the face of the document as "Alicia Jayme"), and designated the Thoroughbred Property as the sole and separate property of JAYME.  This document, signed by ROJAS, and notarized by Defendant BLOUNT, clearly describes the Thoroughbred Property as being located in the State of New Mexico.

200.    ROJAS and JAYME thus successfully evaded eviction, obstructed justice, and converted the Thoroughbred Property to the exclusion of the JOE MONGE and ROSANA

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 82 of 312

MONGE herein, through false and perjured testimony.

201.   Not surprisingly, when JOE MONGE and ROSANA MONGE sought eviction proceedings in El Paso County, Texas, ROJAS and JAYME changed their story, claiming the Thoroughbred Property was actually located in New Mexico.  Consequently, the eviction proceedings in El Paso County, Texas, were also dismissed.

202.   As a result of their fraudulent and perjured testimony, ROJAS and JAYME continued to reside on the Thoroughbred Property, along with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA, for approximately eight (8) years, without any compensation to JOE MONGE and ROSANA MONGE, until their eviction by the United States Marshalls Service, on June 24, 2015.

203.   Accordingly, between February 6, 2006, through June 24, 2015, ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA derived substantial financial and economic benefits from the fraudulent activities of ROJAS and JAYME, and Defendants BLOUNT, SELBY, PARSLEY, HERRERA and DONA ANA TITLE.

L.   **The Other Intentional Concealments Of Pending Foreclosures By Rojas And Jayme.**

204.   ROJAS and JAYMES defaulted a second time, by failing to make the agreed upon mortgage payments.  JOE MONGE and ROSANA MONGE then entered into a Loan Modification Agreement with COUNTRYWIDE on June 28, 2008 and sent in a payment of Five Thousand Dollars ($5,000.00).

205.   ROJAS and JAYME defaulted a third time, by failing to make the agreed upon mortgage payments.  As a result, the Bank of New York filed a Motion to Set Aside Judgment

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                      Page 83 of 312

and Dismiss Case, and the court issued an Order Setting Aside Judgment and Dismissing Case on February 9, 2009.

206.    ROJAS and JAYME defaulted a fourth time, by failing to make the agreed upon mortgage payments.  The Bank of New York then filed a second foreclosure action against JOE MONGE and ROSANA MONGE on January 28, 2010.  Again, JOE MONGE and ROSANA MONGE had not been advised by ROJAS and JAYME that ROJAS and JAYME had not been making their payments to the Bank of New York, or that the Thoroughbred Property was up for foreclosure and the loan in default.  While COUNTRYWIDE had sent notices to the Thoroughbred Property address, where ROJAS and JAYME were residing, ROJAS and JAYME nonetheless never informed JOE MONGE and ROSANA MONGE of the default or the impending foreclosure.

207.    It was later discovered by JOE MONGE and ROSANA MONGE that all notice, information, and documentation relating to the Thoroughbred Property that was addressed to JOE MONGE and ROSANA MONGE at the Thoroughbred Property were also intentionally intercepted, withheld, and concealed from JOE MONGE and ROSANA MONGE, by ROJAS and JAYME, particularly as concerns (a) the non-payment of the rent/mortgage payments by ROJAS and JAYME, and (b) the pending foreclosure(s) of the Thoroughbred Property.

208.    After learning that the purchase money lien holder was attempting to foreclose on the Thoroughbred Property, and without receiving any payments from ROJAS and JAYME, JOE MONGE and ROSANA MONGE were forced to file for protection under the Bankruptcy Act. JOE MONGE and ROSANA MONGE then tried to refinance with Countrywide.

209.    Subsequently, JOE MONGE and ROSANA MONGE learned that the Bank of

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 84 of 312

New York had obtained a judgment for the foreclosure of the Thoroughbred Property. As result of ROJAS and JAYME's failure to make the required property tax payments, JOE MONGE and ROSANA MONGE also subsequently learned that a state tax lien was filed against the Thoroughbred Property in 2008. The lien was discovered during a credit check on JOE MONGE, conducted by COUNTRYWIDE.

## M.     The Attempted Fraudulent Refinancing Of The Thoroughbred Property.

210.    In March of 2007, ROJAS, illegally d/b/a First Mortgage of El Paso without a broker's license in the State of New Mexico, and with the aid and assistance of JAYME and HERRERA, and without the advance knowledge or approval of JOE MONGE and ROSANA MONGE, attempted to fraudulently refinance the Thoroughbred Property for Nine Hundred Sixty Thousand Dollars ($960,000.00), which was approximately Three Hundred Fifty-Seven Thousand Six Hundred Dollars ($357,600.00) above the Six Hundred Two Thousand Four Hundred Dollars ($602,400.00) appraised value of the Thoroughbred Property at the time.

211.    It is unknown whether or not said attempted refinancing actually was closed. However, since JOE MONGE and ROSANA MONGE were unaware and did not approve of said attempted refinancing of the Thoroughbred Property in March of 2007, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, thus engaged in the unauthorized use of JOE MONGE and ROSANA MONGE's identity in filing interstate loan applications, thereby constituting identity theft.

212.    Then, on March 5, 2008, ROJAS, illegally d/b/a First Mortgage of El Paso without a broker's license in the State of New Mexico, and with the aid and assistance of

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                          Page 85 of 312

JAYME and Defendant HERRERA, and without the advance knowledge or approval of JOE MONGE and ROSANA MONGE, filed a Request for Title Commitment requesting a loan from Charter Mortgage to refinance the Thoroughbred Property. The Request cites JOE MONGE and ROSANA MONGE as the owners of the property and requests a loan amount of Seven Hundred Nineteen Thousand, Five Hundred Dollars ($719,500.00), which was approximately Ninety-Nine Thousand Five Hundred Dollars ($99,500.00) above the Six Hundred Twenty Thousand Dollar ($620,000.00) appraised value of the Thoroughbred Property at the time, and falsely listed the Thoroughbred Property as "investment property". It is unknown whether or not said attempted refinancing actually was closed.

213.    However, JOE MONGE and ROSANA MONGE never attempted to refinance the Thoroughbred Property through First Mortgage of El Paso. Nevertheless, First Mortgage of El Paso obtained an owners' title insurance policy on March 13, 2008, from Fidelity National Title Insurance Company. The Commitment to Insure listed a loan amount of Seven Hundred Nineteen Thousand, Five Hundred Dollars ($719,500.00) and named JOE MONGE and ROSANA MONGE as the owners of the property.

214.    In February of 2012, ROJAS and JAYME also created a FAST Order sheet to sell the Thoroughbred Property. This was done without JOE MONGE and ROSANA MONGE's permission, and despite the fact that JOE MONGE and ROSANA MONGE were in bankruptcy proceedings at the time. The buyer for the Thoroughbred Property was listed as "Joe J Jayme", with the seller listed as "Jayme, Francisco J." The sale appears to have fallen through as a title search by First American Title Company, as part of the attempted sale, revealed the Thoroughbred Property was owned by JOE MONGE and ROSANA MONGE, and not "Jayme, Francisco J."

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 86 of 312

**N.    The Third And Fourth Fraudulent Leases Of Rojas And Herrera.**

215.    The third fraudulent lease purported to rent out the Thoroughbred Property to Luis and Alejandra Marioni (now Alejandra Hernandez) at the same time it was being rented by ROJAS and JAYME.  However, JOE MONGE and ROSANA MONGE never executed such a lease and the signatures on the Lease do not belong to JOE MONGE and ROSANA MONGE. Additionally, neither Marioni nor Hernandez ever entered into a lease with JOE MONGE and ROSANA MONGE for the Thoroughbred Property, or ever lived at the Thoroughbred Property. Furthermore, the signatures on the lease were forged, and do not belong to Marioni or Hernandez.  The lease was prepared by Defendant HERRERA, under the direction of ROJAS, and was faxed from First Mortgage of El Paso at 4:35 pm, on July 25, 2006.

216.    The fourth fraudulent lease purported to lease out a property at 2708 Fillmore Ave, in El Paso, Texas, to Joe Villa, for the same term that the property was allegedly leased out to Natividad in the second fraudulent lease.  The lease was faxed at 4:36 pm, on July 25, 2006, only one minute after the previous lease.  ROJAS requested Defendant HERRERA complete the lease and provided HERRERA with all of the information.

217.    In 2006, JOE MONGE and ROSANA MONGE entered into an agreement to purchase a residence located at 51 Sierra Crest, El Paso, Texas (hereinafter referred to as the "Sierra Crest Property"), from Enrique and Martha Gutierrez, with ROJAS acting as the mortgage broker, JAYME acting as the real estate agent.  Both the third and fourth fraudulent leases were included, in the Assets and Liabilities section, on a loan application for the Sierra Crest Property which was filed by ROJAS.  The application was faxed from First Mortgage at 4:38 pm, on July 25, 2006, two minutes after the previous lease.  Just as with the two included leases, the loan application was prepared by HERRERA and the information was provided by

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 87 of 312

ROJAS. All of the documents were then faxed to the lender. This was done despite the fact that ROJAS and JAYME were living in the Thoroughbred Property, and JOE MONGE and ROSANA MONGE were living in the Fillmore property.

218.    The four fraudulent leases were included in the loan applications for the Thoroughbred Property and the Sierra Crest Property in order to increase the creditworthiness of JOE MONGE and ROSANA MONGE, by falsely showing that JOE MONGE and ROSANA MONGE owned additional properties and had rental income. This was done by ROJAS and JAYME, and Defendant HERRERA, without the knowledge or approval of JOE MONGE and ROSANA MONGE, to ensure that JOE MONGE and ROSANA MONGE would be eligible for mortgages on the Thoroughbred Property and the Sierra Crest Property, when they would have been denied without the inclusion of the fraudulent leases.

O.    **JOE MONGE And ROSANA MONGE Entered Into A Retainer Agreement With Plaintiff For Legal Representation.**

219.    On June 14, 2010, in the United States Bankruptcy Court for the Western District of Texas, El Paso Division (hereinafter referred to as the "USBC"), JOE MONGE and ROSANA MONGE filed the Complaint in Adversary Proceeding No. 09-30881-lmc (hereinafter referred to as the "AP"), seeking the turnover of the Thoroughbred Property.

220.    Subsequently, on September 7, 2011, JOE MONGE and ROSANA MONGE entered into a retainer agreement with Plaintiff (hereinafter referred to as the "Agreement"), whereby JOE MONGE and ROSANA MONGE, as Reorganized Debtors, agreed to hire Plaintiff to represent JOE MONGE and ROSANA MONGE in the recovery of damages against Alicia Rojas and Francisco Jayme. (Bankruptcy Case DOC# 297-1).

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 88 of 312

221.    On October 20, 2011, pursuant to said Agreement, Plaintiff entered an appearance as counsel of record in the AP.  (AP DOC# 50).

**P.    Findings By The Bankruptcy Court.**

222.    The trial in the AP was completed on August 8, 2014.  On September 5, 2014, the USBC issued and filed its Proposed Findings of Fact and Conclusions of Law with Respect to Trial in Adversary Proceeding No. 10-03019 (AP DOC #364) (hereinafter referred to as the "Findings of Fact").  In the Findings of Fact, the USBC found and concluded as follows:

a.    JAYME's testimony "lacked credibility, that his version of the events (particularly with respect to the Thoroughbred Property) were not supported by logic and were often contradicted by written documents, and was sometimes incomprehensible."  (AP DOC #364, Page 14, Paragraph 33(A));

b.    ROJAS' testimony "lacked credibility, that her view of many events was not believable, and that her testimony was often not understandable."  (AP DOC #364, Page 14, Paragraph 33(B));

c.    ROJAS and JAYME have "no legal right to ownership or possession of the Thoroughbred Property."  (AP DOC #364, Page 78, Paragraph 238);

d.    No equity was obtained from the sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE.  (AP DOC #364, Page 32, Paragraph 92);

e.    JOE MONGE and ROSANA MONGE "are the rightful legal owners of

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                      Page 89 of 312

and are entitled to possession of the Thoroughbred Property." (AP DOC #364, Page 78, Paragraph 239);

f.      Section 542(a) of the Bankruptcy Code requires the turnover and delivery of the Thoroughbred Property, by ROJAS and JAYME, to JOE MONGE and ROSANA MONGE.  (AP DOC #364, Page 79, Paragraph 243);

g.      ROJAS and JAYME had a Lease to the Thoroughbred Property, which expired on January 31, 2007.  (AP DOC #364, Page 78, Paragraph 236);

h.      Following the expiration of the Lease on the Thoroughbred Property, ROJAS and JAYME remained on the property and became holdover tenants.  (AP DOC #364, Page 86, Paragraph 264);

i.      ROJAS and JAYME have been living on the Thoroughbred Property, without paying any rent, since April 2008.  (AP DOC #364, Page 88, Paragraph 269);

j.      The monthly rent on the Thoroughbred Property is Seven Thousand Nine Hundred Ninety-Two Dollars (**$7,992.00**) (hereinafter referred to as the "Rental Amount").  (AP DOC #364, Page 88, Paragraph 269); and,

k.      The Rental Amount will continue to accrue, each month, from September 2014, until the Final Judgment requiring ROJAS and JAYME to turnover possession of the Thoroughbred Property to JOE MONGE and ROSANA MONGE.  (AP DOC #364, Pages 89-90, Paragraph 272).

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB

Page 90 of 312

223.    On September 5, 2014, the USBC filed its "Order Providing Notice of Filing of Proposed Findings of Fact and Conclusions of Law with Respect to Trial in Adversary Proceeding No. 10-03019", therein providing the parties fourteen (14) days within which to file written objections. (AP DOC #367).  On September 18, 2014, "Plaintiffs' Objections to Proposed Findings of Fact and Conclusions of Law with Respect to Trial in Adversary Proceeding No. 10-03019" were timely filed (AP DOC #370) by Plaintiff NEVAREZ LAW, on behalf of JOE MONGE and ROSANA MONGE, while ROJAS and JAYME filed no objections whatsoever, timely or otherwise.  Confirmation of the transmission of records for the AP, from the USBC to United States District Court for the Western District of Texas, El Paso Division, was filed by the USBC on October 17, 2014 (AP DOC #374) (hereinafter referred to as the "Transmission of Records").  The Transmission of Records and Findings of Fact were filed in the United States District Court for the Western District of Texas, El Paso Division, as Cause Number 3:14-cv-00385-PRM (hereinafter referred to as the "WDTX").  (WDTX DOC #1 and 1-2).

## Q.    The Final Order Of The District Court.

224.    On January 27, 2015, the WDTX filed an "Order Adopting In Part Proposed Findings Of Fact And Conclusions Of Law" (WDTX DOC #10) (hereinafter referred to as the "Final Order"), which adopted all of the above-described findings from the Findings of Fact.

225.    Additionally, the Final Order issued the following orders:

a.    JOE MONGE and ROSANA MONGE are entitled to immediate possession of the Thoroughbred Property, and ROJAS and JAYME shall immediately turn over possession of the Thoroughbred Property to JOE

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                Page 91 of 312

MONGE and ROSANA MONGE.  (WDTX DOC #10, Section IV, Page 30);

b.    JOE MONGE and ROSANA MONGE shall recover, from ROJAS and JAYME, jointly and severally, (i) actual damages in the amount of Seven Hundred Seventeen Thousand Five Hundred Six Dollars ($717,506.00), (ii) plus Thirty-Nine Thousand Six hundred Ten Dollars ($39,610), the amount of monthly rental payments from September 2014 through January 2015, (iii) along with prejudgment interest of Eight Point Forty-Three Percent (8.43%) per annum, accruing from April 29, 2008, until the date of the Final Order, computed as simple interest.  (WDTX DOC #10, Section IV, Pages 30-31);

c.    JOE MONGE and ROSANA MONGE shall recover, from ROJAS and JAYME, jointly and severally, Two Hundred Forty Thousand Two Hundred Thirty-Eight Dollars ($240,238.00) in attorneys' fees and expenses.  (WDTX DOC #10, Section IV, Page 31);

d.    Post-judgment interest, on all sums awarded to JOE MONGE and ROSANA MONGE, will accrue at a rate of Point Eighteen Percent (0.18%) per annum, compounded annually.  (WDTX DOC #10, Section IV, Page 31); and,

e.    All relief requested by ROJAS and JAYME, against JOE MONGE and ROSANA MONGE, is denied.  (WDTX DOC #10, Section IV, Page 31).

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB

Page 92 of 312

**R.     The Appeal To The Fifth Circuit.**

226.     On February 26, 2015, Plaintiff NEVAREZ LAW, on behalf of JOE MONGE and

ROSANA MONGE, filed a Notice of Appeal, appealing the Final Order to the United States

Court of Appeal for the Fifth Circuit, as Appellate Case No. 15-50180 (hereinafter referred to as

the "Appeal"), appealing the Final Order's upholding of the following findings contained in the

Findings of Fact:

a.     The MONGES must have realized there was no equity in the
Thoroughbred Property at the time of the sale (Findings of Fact, Paragraph
92);

b.     The USBC could not determine who signed the four (4) fictitious leases
(Findings of Fact, Paragraph 211, Footnote 13);

c.     The MONGES were not entitled to punitive damages, as there was no
egregious violation of the automatic stay (Findings of Fact, Paragraph
254), and, when ROJAS and JAYME violated the Lease, they did not
exhibit a culpable mental state, which would give rise to punitive damages
(Findings of Fact, Paragraph 291);

d.     The MONGES did not establish that JAYME's sale of the Thoroughbred
Property was fraudulent (Findings of Fact, Paragraph 295);

e.     The MONGES did not establish JAYME committed Fraud by Non-
Disclosure in the sale of the Thoroughbred Property (Findings of Fact,
Paragraph 302); and,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 93 of 312

f.      The MONGES did not establish ROJAS and JAYME breached a duty of

good faith and fair dealings to the MONGES (Findings of Fact, Paragraph

323).

227.    On September 1, 2015, Appellants' Principal Brief was timely filed with the

United States Court of Appeal for the Fifth Circuit on behalf of JOE MONGE and ROSANA

MONGE.

228.    As of this date, a decision on the Appeal has not yet been issued by the United

States Court of Appeal for the Fifth Circuit.

**S.      JOE MONGE And ROSANA MONGE Entered Into A Second Retainer Agreement
With Plaintiff For Legal Representation.**

229.    On March 13, 2015, a second Retainer Agreement (hereinafter referred to as the

"RICO Agreement") was executed jointly by Plaintiff and JOE MONGE and ROSANA

MONGE, as Reorganized Debtors in Possession, engaging Plaintiff herein for the prosecution of

RICO and other civil causes of action against Alicia Rojas, Francisco Jayme, and various other

parties.  (Bankruptcy Case DOC #295-2).

230.    Under the RICO Agreement, Plaintiff was charged with filing in the United States

District Court for the Western District of Texas, on behalf of JOE MONGE and ROSANA

MONGE, causes of action based on (a) contractual breaches, bank fraud, fraud, mortgage fraud,

(b) the qui tam provisions of the False Claims Act ("FCA"), 28 U.S.C. §1331, and 31 U.S.C.

§3732, and (c) the Racketeer Influenced & Corrupt Organizations Act ("RICO"), 18 U.S.C.

§1961, and 18 U.S.C. §1964.  All of said causes of action (all of which are hereinafter referred to

as the "RICO Action") were to be filed in 2015.  (Bankruptcy Case DOC #295-2).

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 94 of 312

231.    Significantly, the RICO Agreement included a Contingent and Deferred Hourly Fee Agreement, whereby the Plaintiff and JOE MONGE and ROSANA MONGE agreed to (a) defer the payment by JOE MONGE and ROSANA MONGE of any and all attorneys fees of Michael R. Nevarez ($250.00 per Hour), (b) in exchange for the payment to Plaintiff of Forty percent (40%) of the "net recovery" of the RICO Action, and (c) a monthly payment plan for JOE MONGE and ROSANA MONGE, with a maximum payment of Five Thousand Dollars ($5,000.00) per month, as monthly compensation for legal work of Plaintiff's staff.  (Bankruptcy Case DOC #295-2).

**T.    JOE MONGE And ROSANA MONGE Breached The Agreement, And The RICO Agreement, By Failing To Pay Plaintiff.**

232.    On August 12, 2015, an invoice and a statement were sent to JOE MONGE and ROSANA MONGE seeking payment of the monthly amount due, in accordance with the terms of said Agreement and/or the RICO Agreement.

233.    On August 19, 2015, JOE MONGE and ROSANA MONGE failed and refused to pay (a) the required monthly payment due under the RICO Agreement, and (b) the monthly amounts due under the Agreement, all of which are still due and payable to Plaintiff.

234.    On August 19, 2015, JOE MONGE and ROSANA MONGE stated to Plaintiff via telephone and email that they would make no more monthly payments, as required under the terms of the Agreement and the RICO Agreement, thereby constituting a breach of contract by JOE MONGE and ROSANA MONGE, and compelling Plaintiff to stop work under the Agreement and the RICO Agreement, and accelerate the outstanding debt due and payable to Plaintiff.

235.    Accordingly, Plaintiff NEVAREZ LAW did not file, on behalf of JOE MONGE

and ROSANA MONGE, the RICO and other civil causes of action against Alicia Rojas,

Francisco Jayme, and various other parties.

**U.    Summary Of Damages.**

236.    As of August 21, 2014, as the natural and proximate consequence of Defendants'

wrongful acts, JOE MONGE and ROSANA MONGE owed BANK OF AMERICA d/b/a

COUNTRYWIDE, the amount of One Million One Hundred Ninety-Five Thousand and Fifty-

Four Dollars and Ninety Eight Cents ($1,195,054.98), including (a) accumulated unpaid

principal from July 1, 2008, in the amount of Seven Hundred and Two Thousand One Hundred

and Ninety Dollars and Three Cents ($702,190.03), and (b) accumulated unpaid interest from

July 1, 2008, in the amount of Four Hundred Nineteen Thousand Five Hundred and Nineteen

Dollars and Forty-Five Cents ($419,519.45).

237.    Thus, the filing of the AP, WDTX, and Appeal were the foreseeable, natural, and

proximate consequences of Defendants' wrongful acts.

238.    Accordingly, as of October 5, 2015, Plaintiff NEVAREZ LAW has incurred, on

behalf of JOE MONGE and ROSANA MONGE, approximately Six Hundred Eight Thousand

Two Hundred Thirty-Two Dollars and Ninety Eight Cents ($608,232.98) in attorneys fees and

costs, as a result of subject fraudulent actions and inactions of the Defendants, and ROJAS and

JAYME, which will continue to accrue thereafter.  Of this amount, approximately Three

Hundred Eleven Thousand One Hundred Seventy-Five Dollars and Ninety Three Cents

($311,177.93) in attorneys fees and costs, remains unpaid to NEVAREZ LAW, as of September

24, 2015.  Additionally, Plaintiff NEVAREZ LAW has not received the Forty percent (40%) of

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 96 of 312

the "net recovery" of the RICO Action, as entitled under the RICO Agreement. The economic and financial damages sustained by Plaintiff NEVAREZ LAW, on behalf of JOE MONGE and ROSANA MONGE, are thus the natural and proximate consequences of, and due to, the fraudulent interstate real estate transactions of the Defendants herein.

239.    Of course, Plaintiff NEVAREZ LAW would not have incurred said foreseeable attorneys fees and costs, as a result of the litigation between JOE MONGE and ROSANA MONGE and ROJAS and JAYME, if ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, had not fraudulently sold and conveyed the Thoroughbred Property to JOE MONGE and ROSANA MONGE, and if Defendants HERRERA, BLOUNT, PARSLEY, DONA ANA TITLE, FIRST AMERICAN GUARANTY COMPANY, FIRST AMERICAN TITLE, and FIRST AMERICAN FIANCIAL, had not conspired with ROJAS and JAYME, to intentionally withhold, conceal and fail and/or refuse to disclose to JOE MONGE and ROSANA MONGE the material information that JAYME did not actually own the Thoroughbred Property that was fraudulently sold and conveyed to JOE MONGE and ROSANA MONGE, in flagrant breach of (a) the terms of the contract for title commitment and title insurance, and (b) the fiduciary duties and obligations owed to JOE MONGE and ROSANA MONGE, by said Defendants.

240.    Accordingly, Plaintiff NEVAREZ LAW hereby demands relief by the award of Federal and state statutory and common law damages, against Defendants.

## V.    Prohibited Activities Under RICO.

241.    As discussed below, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 97 of 312

conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA

ANA TITLE, PARSLEY, BLOUNT, and SELBY, aided and abetted by Defendants ZACOUR,

PAUL G. ZACOUR, FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST

AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, and AMERICA'S

WHOLESALE LENDER, function together to form and/or maintain DONA ANA TITLE's

fraudulent financial empire as an Enterprise.

242.    Accordingly, the above-described facts show that in order to further form and/or

maintain said Enterprise, Defendants herein willfully and intentionally engaged in the following

false and/or fraudulent acts:

a.    Held JAYME out as the record owner of the Thoroughbred Property, even

though Defendants knew or should have know JAYME was not the record

owner;

b.    Concealed and failed to disclose material facts to JOE MONGE and

ROSANA MONGE, during the fraudulent sale of the Thoroughbred

Property;

c.    Prepared a fraudulent appraisal on the Thoroughbred Property;

d.    Failed to properly and duly disclose Citibank's Special Master's Deed to

JOE MONGE and ROSANA MONGE, and to the lender;

e.    Prepared false and fraudulent loan documents, including false and

fraudulent lease agreements, to obtain a loan for the Thoroughbred

Property;

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 98 of 312

f.      Prepared false and fraudulent settlement statements regarding the sale of the Thoroughbred Property;

g.      Sold the Thoroughbred Property to JOE MONGE and ROSANA MONGE when neither ROJAS nor JAYME held title to the Thoroughbred Property;

h.      Used the proceeds of the sale to redeem the Thoroughbred Property;

i.      Hid from JOE MONGE and ROSANA MONGE the fact that no equity was obtained from the sale of the Thoroughbred Property;

j.      Mailed fraudulent checks to JOE MONGE and ROSANA MONGE during the Lease Term;

k.      Fraudulently concealed, from JOE MONGE and ROSANA MONGE, the pending foreclosure(s) on the Thoroughbred Property;

l.      Mailed fraudulent checks to JOE MONGE and ROSANA MONGE after the Lease Term;

m.      Committed perjury in the Dona Ana County Court, in the State of New Mexico, by claiming the Thoroughbred Property is located in Texas;

n.      Attempted to fraudulently refinance the Thoroughbred Property; and,

o.      Prepared false and fraudulent loan documents, including false and fraudulent lease agreements, to obtain mortgages on the Thoroughbred Property and the Sierra Crest Property.

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 99 of 312

### 1.     Prohibited RICO Activities Under 18 U.S.C. §1962(a).

243.   The above-described acts, engaged in by the Defendants herein, are indictable under 18 U.S.C. §1962(a), the Racketeer Influenced & Corrupt Organizations Act ("RICO"), as the Defendants herein have received income derived from a pattern of racketeering activity, and used or invested part of such income, or the proceeds of such income, in the acquisition of an interest in, or the establishment or operation of, the below-described Enterprise, which is engaged in, or the activities of which affect, both interstate and foreign commerce.

### 2.     Prohibited RICO Activities Under 18 U.S.C. §1962(b).

244.   The above-described acts, engaged in by the Defendants herein, are indictable under 18 U.S.C. §1962(b), the Racketeer Influenced & Corrupt Organizations Act ("RICO"), as Defendants, through a pattern of racketeering activity, acquired and/or maintained their interest in, and/or control of, the below-described Enterprise, which is engaged in, or the activities of which affect, interstate or foreign commerce.

### 3.     Prohibited RICO Activities Under 18 U.S.C. §1962(c).

245.   The above-described acts, engaged in by the Defendants herein, are indictable under 18 U.S.C. §1962(c), the Racketeer Influenced & Corrupt Organizations Act ("RICO"), as Defendants, through a pattern of racketeering activity, conducted and/or participated, directly or indirectly, in the conduct of the affairs of the below-described Enterprise, which is engaged in, or the activities of which affect, interstate or foreign commerce.

### 4.     Prohibited RICO Activities Under 18 U.S.C. §1962(d).

246.   The above-described acts, engaged in by the Defendants herein, are indictable under 18 U.S.C. §1962(d), the Racketeer Influenced & Corrupt Organizations Act ("RICO"), as

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                        Page 100 of 312

Defendants conspired to violate provisions of 18 U.S.C. §1962(a)-(c).

## V.    PARTICIPATORY AND VICARIOUS LIABILITY.

247.    **Proprietorship Liability.**  Upon information and belief, and incorporating the allegations contained in the foregoing paragraphs by reference as if fully set forth herein, the Defendants are jointly and severally liable because at all relevant times herein the Defendants constituted a single business enterprise operating unlawfully under numerous proprietorships, with the individual Defendants herein, as joint owners and founders of subject proprietorships. Specifically, upon information and belief, subject individual Defendants are subject to unlimited personal liability to the claims and obligations of their numerous businesses, as are the business assets of the numerous proprietorships, because the Defendants' business sole proprietorships were unlawfully (a) used as a sham to perpetrate a fraud, (b) organized and operated as a mere tool or business conduit, (c) formed and maintained to evade legal obligations, (d) formed and maintained to circumvent the laws of the States of Texas and New Mexico, (e) formed and maintained to hide a crime or to justify a wrong, (f) formed and maintained with inadequate capitalization for their businesses, (g) formed and maintained with insufficient assets to meet their debts and obligations, (h) formed and maintained while ignoring business formalities, and (i) left unable to satisfy claims and debts due to the appropriation of the assets of the businesses by the individual Defendants herein.  Since all Defendants were acting within the scope of that unlawful single business enterprise, to the economic and financial detriment of Plaintiff, all Defendants are jointly and severally liable for the outstanding debts and obligations of the numerous proprietorships herein.

248.    **Joint Enterprise Liability.**  Upon information and belief, and incorporating the allegations contained in the foregoing paragraphs by reference as if fully set forth herein, the

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 101 of 312

Defendants are jointly and severally liable because at all relevant times herein the Defendants were engaged in an unlawful joint enterprise. Specifically, upon information and belief, Defendants unlawfully (a) had an agreement, (b) had a common purpose, (c) had a pecuniary interest in that common purpose, (d) had an equal right to direct and control the enterprise, (e) created new and related entities to avoid liabilities, (f) transferred and comingled assets among those entities to avoid liabilities, and (g) appropriated the assets of the enterprise, leaving it unable to satisfy outstanding debts and/or claims. Since all Defendants were acting within the scope of that unlawful joint enterprise, to the economic and financial detriment of Plaintiff, all Defendants are jointly and severally liable herein.

249. **Partnership Liability.** Upon information and belief, and incorporating the allegations contained in the foregoing paragraphs by reference as if fully set forth herein, the Defendants are jointly and severally liable because at all relevant times herein the Defendants operated their businesses as a partnership. Specifically, upon information and belief, all Defendants (a) shared and/or had a right to share in the profits of the businesses, (b) expressed and/or demonstrated an intent to be partners in the businesses, (c) participated and/or had a right to participate in control of the businesses, (d) shared and/or agreed to share in the losses of and/or liability for claims against the businesses, (e) contributed and/or agreed to contribute money and/or property to the businesses, (f) co-owned property, (g) shared and/or had a right to share gross returns and/or revenues of the businesses, (h) jointly acted in the ordinary course of businesses and/or with the authority of the partnership, and (i) misapplied and misappropriated the items, property and services in question herein while acting as an unlawful partnership. Since all Defendants were acting within the scope of that unlawful partnership, to the economic and financial detriment of Plaintiff, all Defendants are jointly and severally liable herein.

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 102 of 312

250.   **Assisting or Encouraging.**  Upon information and belief, and incorporating the allegations contained in the foregoing paragraphs by reference as if fully set forth herein, the Defendants are jointly and severally liable because at all relevant times herein the Defendants assisted and/or encouraged each other in the tort and/or wrongful and fraudulent actions and inactions that injured and damaged Plaintiff, knowing and intending that their conduct constituted such a tort and/or wrongful act against JOE MONGE and ROSANA MONGE.  Since the assistance and/or encouragement of all the Defendants was a substantial factor in causing the tort and/or wrongful act herein against JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, all Defendants are jointly and severally liable herein.

251.   **Assisting & Participating.**  Upon information and belief, and incorporating the allegations contained in the foregoing paragraphs by reference as if fully set forth herein, the Defendants are jointly and severally liable because at all relevant times herein the Defendants substantially assisted each other, and participated with each other, in causing the tort and/or wrongful and fraudulent actions and inactions that injured and damaged Plaintiff, knowing and intending that their conduct constituted such a tort and/or wrongful act against JOE MONGE and ROSANA MONGE.   Since the assistance and/or participation of all the Defendants was a substantial factor in causing the tort and/or wrongful act herein against JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, all Defendants are jointly and severally liable herein.

252.   **Concert of Action.**  Upon information and belief, and incorporating the allegations contained in the foregoing paragraphs by reference as if fully set forth herein, the Defendants are jointly and severally liable because at all relevant times herein the Defendants agreed to assist each other in concert, and participate with each other in concert, thereby causing

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB

Page 103 of 312

the tort and/or wrongful and fraudulent actions and inactions that injured and damaged Plaintiff, knowing and intending that their conduct constituted such a tort and/or wrongful act against JOE MONGE and ROSANA MONGE.  Since the acts of the Defendants in carrying out the agreement in concert with each other was a substantial factor in causing the tort and/or wrongful act herein against JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, all Defendants are jointly and severally liable herein.

253.   **Conspiracy.**  Upon information and belief, and incorporating the allegations contained in the foregoing paragraphs by reference as if fully set forth herein, the Defendants are jointly and severally liable because at all relevant times herein the Defendants, in combination with each other, acted so as to accomplish the unlawful and fraudulent object of their agreement. Specifically, Defendants knowingly and intentionally agreed to conspire to cause the tort and/or wrongful and fraudulent actions and inactions that injured and damaged Plaintiff, knowing and intending that their conduct constituted such a tort and/or wrongful act against JOE MONGE and ROSANA MONGE, thereby proximately causing economic injury to Plaintiff.  Since the acts of the Defendants in carrying out the agreement in conspiracy with each other was a substantial factor in causing the tort and/or wrongful act herein against JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, all Defendants are jointly and severally liable herein.

254.   **Agency.**  Upon information and belief, and incorporating the allegations contained in the foregoing paragraphs by reference as if fully set forth herein, the Defendants are jointly and severally liable because at all relevant times herein the Defendants acted as agents of each other.  Specifically, Defendants (a) had intentionally granted each other the authority to act as agents on behalf of each principal Defendant, (b) had intentionally allowed each other to

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 104 of 312

believe that each Defendant had the authority to act as agents on behalf of each principal

Defendant, and (c) had, through lack of due care, allowed each Defendant agent to believe that

actions taken on behalf of each principal Defendant were authorized.  Since the Defendants were

acting as agents within the scope of the authority granted by each other Defendant as principals,

to the economic and financial detriment of Plaintiff, all Defendants are jointly and severally

liable herein.

255.  **Apparent Agency.**  Upon information and belief, and incorporating the

allegations contained in the foregoing paragraphs by reference as if fully set forth herein, the

Defendants are jointly and severally liable because at all relevant times herein the Defendants

acted with apparent authority to act as agents for each other.  Specifically, Defendants (a)

affirmatively held each other out as an agent having apparent authority to act on each other's

behalf, (b) knowingly permitted the appearance that each such apparent agent was authorized to

act on behalf of each principal Defendant, and (c) acted with such a lack of ordinary care as to

clothe each such apparent agent with the indicia of authority to act on behalf of each principal

Defendant.  Since the conduct of the Defendants caused JOE MONGE and ROSANA MONGE

to reasonably believe, that each such Defendant had apparent authority to act on behalf of each

principal Defendant, and since JOE MONGE and ROSANA MONGE justifiably relied upon that

apparent agent authority, to the economic and financial detriment of Plaintiff, all Defendants are

jointly and severally liable herein.

256.  **Respondeat Superior.**  Upon information and belief, and incorporating the

allegations contained in the foregoing paragraphs by reference as if fully set forth herein, the

Defendants are jointly and severally liable because at all relevant times herein the actions of the

Defendants were authorized within their employer-employee relationship.  Specifically, the acts

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 105 of 312

of the individual Defendant(s), as employee(s), performed while in the employment of the businesses entities of the Defendants, as employer(s), was to (a) further the unlawful and fraudulent businesses of the Defendants, and (b) accomplish the unlawful and fraudulent objective of the hired employee(s), all of which was within the course and scope of that employment, and/or within the authority delegated to the hired employee(s).  Since the individual Defendants were acting as employee(s) of the business entities of the Defendants, while conducting unlawful and fraudulent business activities, within the course and scope of that employment, and/or within the authority delegated to the employee(s) , to the economic and financial detriment of Plaintiff, all Defendants are jointly and severally liable herein.

257.   **Ratification.**  Upon information and belief, and incorporating the allegations contained in the foregoing paragraphs by reference as if fully set forth herein, the Defendants are jointly and severally liable because at all relevant times herein the Defendants ratified the unlawful and fraudulent actions of each other.  Specifically, the Defendants were acting on behalf of each other, and because each of the Defendants was fully aware of the unlawful and fraudulent acts of the other Defendants, and approved the acts of each other by accepting subject unlawful and fraudulent transactions, all Defendants acted with the intent to validate and thereby ratify said transactions.  Since the Defendants ratified the unlawful and fraudulent actions of each other, to the economic and financial detriment of Plaintiff, all Defendants are jointly and severally liable herein.

258.   **Nondelegable Duty.**  Upon information and belief, and incorporating the allegations contained in the foregoing paragraphs by reference as if fully set forth herein, the Defendants are jointly and severally liable because at all relevant times herein the Defendants owed JOE MONGE and ROSANA MONGE a nondelegable duty to act in good faith, with

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                        Page 106 of 312

honesty and fair dealing, and refrain from unlawful and fraudulent acts, which the Defendants violated, by committing the tortious and/or wrongful and fraudulent actions and inactions that injured and damaged Plaintiff, knowing and intending that their conduct constituted such a tort and/or wrongful act against JOE MONGE and ROSANA MONGE.  Since the Defendants failed and/or refused to comply with their nondelegable duty to act in good faith, with honesty and fair dealing, and refrain from unlawful and fraudulent acts, to the economic and financial detriment of Plaintiff, all Defendants are jointly and severally liable herein.

259.  **Vice-Principal.**  Upon information and belief, and incorporating the allegations contained in the foregoing paragraphs by reference as if fully set forth herein, the Defendants are jointly and severally liable because at all relevant times herein the unlawful and fraudulent acts of each of the Defendants were directly related to the businesses of the Defendants, such that the unlawful and fraudulent acts of each of the Defendants were the unlawful and fraudulent acts of each of the other Defendants.  Since the Defendants acted as vice principals of each other in committing the tortious and/or wrongful and fraudulent actions and inactions that injured and damaged Plaintiff, knowing and intending that their conduct constituted such a tort and/or wrongful act against JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, all Defendants are jointly and severally liable herein.

## VI.  DISCOVERY RULE.

260.  The agreements and contracts related to the Thoroughbred Property, were all agreed to and executed in the State of Texas.  Therefore, as concerns the Thoroughbred Property, the discovery rule tolling the statute of limitations, as adopted by the Supreme Court of Texas, applies in this proceeding, as it concerns (a) issues involving the Defendants' fraud and/or fraudulent concealment of material facts, and (b) the economic and financial injuries of Plaintiff

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 107 of 312

which are objectively verifiable, but were inherently undiscoverable due to the fraud and/or the fraudulent concealment of material facts by the Defendants, until March of 2012.

261.    Additionally, the agreements and contracts related to the Thoroughbred Property were all substantially performed in the State of New Mexico.  Therefore, as concerns the Thoroughbred Property, the discovery rule tolling the statute of limitations, as adopted by the Supreme Court of New Mexico, applies in this proceeding, as it concerns (a) issues involving the Defendants' fraud and/or fraudulent concealment of material facts, and (b) the economic and financial injuries of Plaintiff which are objectively verifiable, but were inherently undiscoverable due to the fraud and/or the fraudulent concealment of material facts by the Defendants, until March of 2012.

## VII.    CAUSES OF ACTION.

### A.    Action for Fraud by Misrepresentation and/or Inducement.

262.    Plaintiff re-alleges and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and files this Action for Fraud by Misrepresentation and/or Inducement, on the basis that ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, and SELBY, aided and abetted by Defendants ZACOUR, PAUL G. ZACOUR, FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, and FIRST AMERICAN FINANCIAL, as principals, insurers and underwriters, engaged in false, misleading, and fraudulent representations and conduct, by making promise(s), agreement(s) and contract(s), to perform and complete certain items and services, and/or produce and convey certain items and property, and/or pay certain oral and written debt(s), knowing that such

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB

Page 108 of 312

material misrepresentations were false when made, and which were intended to be acted upon by

JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, or

were recklessly made so as to induce JOE MONGE and ROSANA MONGE to act, to the

economic and financial detriment of Plaintiff, and which were in fact reasonably and justifiably

relied upon by JOE MONGE and ROSANA MONGE, to the economic and financial detriment

of Plaintiff, in that ROJAS and JAYME and said Defendants engaged in a fraudulent real estate

scheme, whereby ROJAS and JAYME and said Defendants fraudulently induced JOE MONGE

and ROSANA MONGE, to the economic and financial detriment of Plaintiff, to purchase the

Thoroughbred Property, and fraudulently induced lenders to loan monies to JOE MONGE and

ROSANA MONGE, to the economic and financial detriment of Plaintiff, to purchase the

Thoroughbred Property, all of which actions and inactions of ROJAS and JAYME and said

Defendants proximately caused severe economic and financial injury and damage to Plaintiff.

**B.      Action for Fraud by Nondisclosure.**

263.    In the alternative, and in addition to the foregoing count(s), the Plaintiff re-alleges

and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and

files this Action for Fraud by Nondisclosure, on the basis that ROJAS and JAYME, with

Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA

as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE

LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, and SELBY, aided and abetted by

Defendants ZACOUR, PAUL G. ZACOUR, FIRST AMERICAN GUARANTY, FIRST

AMERICAN TITLE, and FIRST AMERICAN FINANCIAL, as principals, insurers and

underwriters, concealed and/or failed to disclose that they would not be keeping their promise(s),

agreement(s) and contract(s), to perform and complete certain items and services, and/or produce

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 109 of 312

and convey certain items and property, and/or pay certain oral and written debt(s), even though Defendants had a duty to disclose said material information to JOE MONGE and ROSANA MONGE, such that by deliberately remaining silent, and/or failing to disclose said material information, Defendants intended for JOE MONGE and ROSANA MONGE to act without the information material to their transaction(s), to the economic and financial detriment of Plaintiff, as part of ROJAS and JAYME and said Defendants' fraudulent real estate scheme, whereby ROJAS and JAYME and said Defendants fraudulently induced JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, to purchase the Thoroughbred Property, and fraudulently induced lenders to loan monies to JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, to purchase the Thoroughbred Property, all of which actions and inactions of ROJAS and JAYME and said Defendants proximately caused severe economic and financial injury and damage to Plaintiff.

**C.     Action for Breach of Fiduciary Duty.**

264.    In the alternative, and in addition to the foregoing count(s), the Plaintiff re-alleges and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and files this Action for Breach of Fiduciary Duty, on the basis that ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, and SELBY, aided and abetted by Defendants ZACOUR, PAUL G. ZACOUR, FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, and FIRST AMERICAN FINANCIAL, as principals, insurers and underwriters of subject title commitment and owner's title insurance policy issued for the benefit of JOE MONGE and ROSANA MONGE during the purchase of the Thoroughbred Property,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 110 of 312

breached and failed and/or refused, to the economic and financial detriment of Plaintiff, to

truthfully, satisfactorily and properly comply with their fiduciary duty, and their special

relationship of special trust and confidence, that existed before, and apart from, the contracts and

agreements, to perform and complete certain items and services, and/or produce and convey

certain items and property, and/or pay certain oral and written debt(s), made the basis of the

instant suit, by making false, fraudulent and/or misleading material representations, as part of

ROJAS and JAYME and said Defendants' fraudulent real estate scheme, whereby ROJAS and

JAYME and said Defendants fraudulently induced JOE MONGE and ROSANA MONGE, to the

economic and financial detriment of Plaintiff, to purchase the Thoroughbred Property, and

fraudulently induced lenders to loan monies to JOE MONGE and ROSANA MONGE, to the

economic and financial detriment of Plaintiff, to purchase the Thoroughbred Property, all of

which actions and inactions of ROJAS and JAYME and said Defendants proximately caused

severe economic and financial injury and damage to Plaintiff.

**D.      Action for Fraud in a Real Estate Transaction.**

265.    In the alternative, and in addition to the foregoing count(s), the Plaintiff re-alleges

and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and

files this Action for Fraud in a Real Estate Transaction, pursuant to Texas Business & Commerce

Code Chapter 27, "Fraud", on the basis that ROJAS and JAYME, with Defendants ARTEMIO,

VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in

conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA

ANA TITLE, PARSLEY, BLOUNT, and SELBY, aided and abetted by Defendants ZACOUR,

PAUL G. ZACOUR, FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, and

FIRST AMERICAN FINANCIAL, as principals, insurers and underwriters, committed fraud in

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 111 of 312

connection with real estate transaction(s), by making false, fraudulent and/or misleading material representations, as part of ROJAS and JAYME and said Defendants' fraudulent real estate scheme, whereby ROJAS and JAYME and said Defendants fraudulently induced JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, to purchase the Thoroughbred Property, prepared false appraisals on the Thoroughbred Property, failed to deliver marketable title to the Thoroughbred Property, failed to pay appropriate disbursements from the proceeds of the sale of the Thoroughbred Property, and fraudulently induced lenders to loan monies to JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, to purchase the Thoroughbred Property, all of which actions and inactions of ROJAS and JAYME and said Defendants proximately caused severe economic and financial injury and damage to Plaintiff.

**E.      Action for Fraudulent Lien or Claim Filed.**

266.    In the alternative, and in addition to the foregoing count(s), Plaintiff re-alleges and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and files this Action for Fraudulent Lien or Claim Filed against Real Property, pursuant to Texas Civil Practice & Remedies Code Chapter 12,  "Liability Related to a Fraudulent Court Record or a Fraudulent Lien or Claim Filed Against Real or Personal Property", on the basis that that ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendant HERRERA, knowingly made and filed a false and fraudulent lien and/or claim against the Thoroughbred Property, in the judiciary system of the State of New Mexico, by falsely and fraudulently claiming that said Thoroughbred Property was located in the State of Texas, with the intent that said fraudulent claim and filing (a) evidence a valid lien or claim, and (b) cause JOE MONGE

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 112 of 312

and ROSANA MONGE, to the economic and financial detriment of Plaintiff, to suffer financial injury, mental anguish and/or emotional distress, resulting from the erroneous and unfounded dismissal of JOE MONGE and ROSANA MONGE's New Mexico cause of action, to the economic and financial detriment of Plaintiff, for lack of subject matter jurisdiction. As a result, Plaintiff has suffered monetary damage, financial injury, and mental anguish and/or emotional distress, and hereby requests relief in an amount to be determined by the trier of fact, as directly and proximately caused by said Defendants.

**F.    Action for Texas Deceptive Trade Practices.**

267.    In the alternative, and in addition to the foregoing count(s), Plaintiff re-alleges and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and files this Action for violation of the Deceptive Trade Practices–Consumer Protection Act (DTPA), pursuant to Texas Business & Commerce Code Chapter 17, "Deceptive Trade Practices", on the basis that ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, and SELBY, aided and abetted by Defendants ZACOUR, PAUL G. ZACOUR, FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, and FIRST AMERICAN FINANCIAL, as principals, insurers and underwriters, committed fraud in connection with the purchase and sale of the Thoroughbred Property, and breached and failed and/or refused to comply with their express and/or implied agreement and/or warranty, that they would prepare accurate appraisals on the Thoroughbred Property, pay appropriate disbursements from the proceeds of the sale of the Thoroughbred Property, ensure that JOE MONGE and ROSANA MONGE were conveyed clear and marketable title to the Thoroughbred Property, in

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 113 of 312

compliance with their common law and statutory duty, and issue a policy of title insurance and

its title commitment, to indemnify against loss or damage sustained to insured owner's by reason

of (a) title to the estate or interest described in the policy being vested other than as stated

therein; (b) any defect in or lien or encumbrance in the title; (c) unmarketability of the title; and

(d) lack of a right of access to and from the land, and to insured lenders against (i) the invalidity

or unenforceability of the insured mortgage, (ii) the loss of priority to other encumbrances,

certain construction liens, and (iii) the invalidity or unenforceability of an insured assignment of

the mortgage, but nonetheless issued a policy of title insurance and its title commitment to JOE

MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, with

numerous undisclosed defects, errors and omissions in title, and encumbrances, that were not

expressly excepted from coverage, and/or other such undisclosed defects, errors, and omissions

that exist affecting JOE MONGE and ROSANA MONGE's interest in the insured property, to

the economic and financial detriment of Plaintiff, as well as the marketability of JOE MONGE

and ROSANA MONGE's title, to the economic and financial detriment of Plaintiff, with respect

to any and all matters pertaining to the purchase and sale of the Thoroughbred Property, as to

title policies and commitments issued by Defendants HERRERA, TOMASA, JOSE LUIS, SR.,

JOSE LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, and SELBY, aided and abetted by

Defendants ZACOUR, PAUL G. ZACOUR, FIRST AMERICAN GUARANTY, FIRST

AMERICAN TITLE, and FIRST AMERICAN FINANCIAL, and therefore engaged in an

unconscionable act and/or course of action, through the use and/or employment of false,

misleading, or deceptive acts and/or practices, that JOE MONGE and ROSANA MONGE

reasonably and justifiably relied upon, to the economic and financial detriment of Plaintiff. As a

result, Plaintiff has suffered monetary damage, financial injury, and mental anguish and/or

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 114 of 312

emotional distress, and hereby requests relief in an amount to be determined by the trier of fact, as directly and proximately caused by said Defendants.

**G.    Action for New Mexico Unfair Trade Practices.**

268.    In the alternative, and in addition to the foregoing count(s), Plaintiff re-alleges and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and files this Action for violation of the Unfair Practices Act (UPA), pursuant to New Mexico Statutes Chapter 57, Article 12, "Unfair Trade Practices", on the basis that ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, and SELBY, aided and abetted by Defendants ZACOUR, PAUL G. ZACOUR, FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, and FIRST AMERICAN FINANCIAL, as principals, insurers and underwriters, committed fraud in connection with the purchase and sale of the Thoroughbred Property, and breached and failed and/or refused to comply with their express and/or implied agreement and/or warranty, that they would prepare accurate appraisals on the Thoroughbred Property, pay appropriate disbursements from the proceeds of the sale of the Thoroughbred Property, ensure that JOE MONGE and ROSANA MONGE were conveyed clear and marketable title to the Thoroughbred Property, to the economic and financial detriment of Plaintiff, in compliance with their common law and statutory duty, and issue a policy of title insurance and its title commitment, to indemnify against loss or damage sustained to insured owner's by reason of (a) title to the estate or interest described in the policy being vested other than as stated therein; (b) any defect in or lien or encumbrance in the title; (c) unmarketability of the title; and (d) lack of a right of access to and from the land, and to insured lenders against (i)

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 115 of 312

the invalidity or unenforceability of the insured mortgage, (ii) the loss of priority to other encumbrances, certain construction liens, and (iii) the invalidity or unenforceability of an insured assignment of the mortgage, but nonetheless issued a policy of title insurance and its title commitment to JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, with numerous undisclosed defects, errors and omissions in title, and encumbrances, that were not expressly excepted from coverage, and/or other such undisclosed defects, errors, and omissions that exist affecting JOE MONGE and ROSANA MONGE's interest in the insured property, to the economic and financial detriment of Plaintiff, as well as the marketability of JOE MONGE and ROSANA MONGE's title, to the economic and financial detriment of Plaintiff, with respect to any and all matters pertaining to the purchase and sale of the Thoroughbred Property, as to title policies and commitments issued by Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, and SELBY, aided and abetted by Defendants ZACOUR, PAUL G. ZACOUR, FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, and FIRST AMERICAN FINANCIAL, and therefore engaged in an unconscionable act and/or course of action, through the use and/or employment of false, misleading, or deceptive acts and/or practices, that JOE MONGE and ROSANA MONGE reasonably and justifiably relied upon, to the economic and financial detriment of Plaintiff.  As a result, Plaintiff has suffered monetary damage, financial injury, and mental anguish and/or emotional distress, and hereby requests relief in an amount to be determined by the trier of fact, as directly and proximately caused by said Defendants.

**H.     Action for Appropriation by Theft.**

269.    In the alternative, and in addition to the foregoing count(s), Plaintiff re-alleges and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 116 of 312

files this Action for Appropriation by Theft, on the basis that ROJAS and JAYME, with

Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA

as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE

LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, and SELBY, aided and abetted by

Defendants ZACOUR, PAUL G. ZACOUR, FIRST AMERICAN GUARANTY, FIRST

AMERICAN TITLE, and FIRST AMERICAN FINANCIAL, as principals, insurers and

underwriters, committed fraud in connection with the purchase and sale of the Thoroughbred

Property, and engaged in unlawful appropriation of property by theft, by failing and/or refusing

to pay their rent, taxes, insurance and other monies due on the Thoroughbred Property, preparing

false appraisals on the Thoroughbred Property, failing to deliver marketable title to the

Thoroughbred Property, and failing to pay appropriate disbursements from the proceeds of the

sale of the Thoroughbred Property, thereby intending to deprive JOE MONGE and ROSANA

MONGE of JOE MONGE and ROSANA MONGE's monies, the Thoroughbred Property, and

the revenues derived therefrom, to the economic and financial detriment of Plaintiff, and thereby

acquiring and/or exercising control over Thoroughbred Property, without the effective consent of

JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff.  As

a result, Plaintiff has suffered monetary damage, financial injury, and mental anguish and/or

emotional distress, and hereby requests relief in an amount to be determined by the trier of fact,

as directly and proximately caused by said Defendants.

I.     **Action for Conversion.**

     270.     In the alternative, and in addition to the foregoing count(s), Plaintiff re-alleges

and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and

files this Action for Conversion, on the basis that ROJAS and JAYME, with Defendants

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 117 of 312

ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as

accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE

LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, and SELBY, aided and abetted by

Defendants ZACOUR, PAUL G. ZACOUR, FIRST AMERICAN GUARANTY, FIRST

AMERICAN TITLE, and FIRST AMERICAN FINANCIAL, as principals, insurers and

underwriters, committed fraud in connection with the purchase and sale of the Thoroughbred

Property, and engaged in the conversion of property, by failing and/or refusing to perform in

accordance with a valid and enforceable oral and written promise(s), agreement(s) and

contract(s), by failing and/or refusing to pay their rent, taxes, insurance and other monies due on

the Thoroughbred Property, preparing false appraisals on the Thoroughbred Property, failing to

deliver marketable title to the Thoroughbred Property, and failing to pay appropriate

disbursements from the proceeds of the sale of the Thoroughbred Property, thereby intending to

deprive JOE MONGE and ROSANA MONGE of the Thoroughbred Property, and the revenues

derived therefrom, to the economic and financial detriment of Plaintiff, thereby assuming and

exercising dominion and control over JOE MONGE and ROSANA MONGE's Real Property

and monies, in an unlawful and unauthorized manner, and to the exclusion of and inconsistent

with, and in clear repudiation to, JOE MONGE and ROSANA MONGE's legal rights to the

Thoroughbred Property, to the economic and financial detriment of Plaintiff.  As a result,

Plaintiff has suffered monetary damage, financial injury, and mental anguish and/or emotional

distress, and hereby requests relief in an amount to be determined by the trier of fact, as directly

and proximately caused by ROJAS and JAYME and said Defendants.

**J.      Action for Quantum Meruit.**

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 118 of 312

271.   In the alternative, and in addition to the foregoing count(s), Plaintiff re-alleges and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and files this Action for Quantum Meruit, on the basis that ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, and SELBY, aided and abetted by Defendants ZACOUR, PAUL G. ZACOUR, FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, and FIRST AMERICAN FINANCIAL, as principals, insurers and underwriters, committed fraud in connection with the purchase and sale of the Thoroughbred Property, have been unjustly enriched, without justly compensating JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, through the wrongful conduct of ROJAS and JAYME and said Defendants, by failing and/or refusing to pay their rent, taxes, insurance and other monies due on the Thoroughbred Property, preparing false appraisals on the Thoroughbred Property, failing to deliver marketable title to the Thoroughbred Property, and failing to pay appropriate disbursements from the proceeds of the sale of the Thoroughbred Property, thereby intending to deprive JOE MONGE and ROSANA MONGE of JOE MONGE and ROSANA MONGE's monies, the Thoroughbred Property, and the revenues derived therefrom, to the economic and financial detriment of Plaintiff.  As a result, Plaintiff has suffered monetary damage, financial injury, and mental anguish and/or emotional distress, and hereby requests relief in an amount to be determined by the trier of fact, as directly and proximately caused by ROJAS and JAYME and said Defendants.

**K.     Action for Promissory Estoppel As A Claim.**

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 119 of 312

272.   In the alternative, and in addition to the foregoing count(s), Plaintiff re-alleges and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and files this Action for Promissory Estoppel as a Claim, on the basis that ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, and SELBY, aided and abetted by Defendants ZACOUR, PAUL G. ZACOUR, FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, and FIRST AMERICAN FINANCIAL, as principals, insurers and underwriters, breached and failed and/or refused to comply with their valid and enforceable oral and written promise(s), agreement(s) and contract(s), that they pay their rent, taxes, insurance and other monies due on the Thoroughbred Property, convey marketable title to the Thoroughbred Property, and pay appropriate disbursements from the proceeds of the sale of the Thoroughbred Property, which was justifiably and reasonably relied upon by JOE MONGE and ROSANA MONGE, to the substantial detriment of Plaintiff, given that it was reasonably foreseeable by ROJAS and JAYME and said Defendants that JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, would rely on said oral and written promise(s), agreement(s) and contract(s) of ROJAS and JAYME and said Defendants, and because ROJAS and JAYME and said Defendants knew, or reasonably should have known, that JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, would rely on said oral and written promise(s), agreement(s) and contract(s) of ROJAS and JAYME and said Defendants.  As a result, Plaintiff has suffered monetary damage, financial injury, and mental anguish and/or emotional distress, and hereby requests relief in an amount to

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 120 of 312

be determined by the trier of fact, as directly and proximately caused by ROJAS and JAYME and said Defendants.

**L.**     **Action for Negligence and/or Gross Negligence.**

273.     In the alternative, and in addition to the foregoing count(s), Plaintiff re-alleges and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and files this Action for Negligence and/or Gross Negligence, on the basis that ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, and SELBY, aided and abetted by Defendants ZACOUR, PAUL G. ZACOUR, FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, and FIRST AMERICAN FINANCIAL, as principals, insurers and underwriters, acted with reckless disregard and gross negligence, or in the alternative and at a minimum negligence, in making material false representations, to perform and complete certain items and services, and/or produce and convey certain items and property, and/or pay certain oral and written debt(s), considering ROJAS and JAYME and Defendants owed a duty to JOE MONGE and ROSANA MONGE to provide accurate information and documentation, yet failed to meet that duty, to the economic and financial detriment of Plaintiff, as part of ROJAS and JAYME and said Defendants' fraudulent real estate scheme, whereby ROJAS and JAYME and said Defendants fraudulently induced JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, to purchase the Thoroughbred Property, and fraudulently induced lenders to loan monies to JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, to purchase the Thoroughbred Property, all of which actions and inactions of ROJAS and JAYME and said Defendants proximately caused severe economic and

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                Page 121 of 312

financial injury and damage to Plaintiff.

**M.**     **Action for Breach of Duty of Good Faith and Fair Dealing.**

274.     In the alternative, and in addition to the foregoing count(s), Plaintiff re-alleges and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and files this Action for Breach of Duty of Good Faith and Fair Dealing, on the basis that ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, and SELBY, aided and abetted by Defendants ZACOUR, PAUL G. ZACOUR, FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, and FIRST AMERICAN FINANCIAL, as principals, insurers and underwriters, had a duty to act in good faith, and to exercise reasonable diligence to protect the rights of JOE MONGE and ROSANA MONGE, and to provide accurate documentation and information, yet the Defendants failed to meet that duty, to the economic and financial detriment of Plaintiff, all of which was inconsistent with the oral, written and implied terms, representations and warranties made to JOE MONGE and ROSANA MONGE herein, as part of ROJAS and JAYME and said Defendants' fraudulent real estate scheme, whereby ROJAS and JAYME and said Defendants fraudulently induced JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, to purchase the Thoroughbred Property, and fraudulently induced lenders to loan monies to JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, to purchase the Thoroughbred Property, all of which actions and inactions of ROJAS and JAYME and said Defendants proximately caused severe economic and financial injury and damage to Plaintiff.

**N.**     **Action for Violation of TILA and RESPA Prior to Closing.**

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 122 of 312

275.   In the alternative, and in addition to the foregoing count(s), Plaintiff re-alleges and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and files this Action for Violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA"), on the basis that ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, and SELBY, aided and abetted by Defendants ZACOUR, PAUL G. ZACOUR, FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, and FIRST AMERICAN FINANCIAL, as principals, insurers and underwriters, had a duty to JOE MONGE and ROSANA MONGE to provide a good faith estimate of the costs of the loans, prior to closing, but failed and/or refused to do so to this very day, to the economic and financial detriment of Plaintiff, in violation of TILA and RESPA.  As a result, Plaintiff has suffered monetary damage, financial injury, and mental anguish and/or emotional distress, and hereby requests penalties, restitution, rescission, recoupment and damages under the Truth in Lending Act, 15 U.S.C. §1601 et seq., and the Real Estate Settlement Procedures Act, 12 U.S.C. §2601 et seq., and relief in an amount to be determined by the trier of fact, as proximately caused by ROJAS and JAYME and said Defendants, as part of ROJAS and JAYME and said Defendants' fraudulent real estate scheme, whereby ROJAS and JAYME and said Defendants fraudulently induced JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, to purchase the Thoroughbred Property, and fraudulently induced lenders to loan monies to JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, to purchase the Thoroughbred Property, all of which actions and inactions of ROJAS and JAYME and said

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                              Page 123 of 312

Defendants proximately caused severe economic and financial injury and damage to Plaintiff.

**O.     Action for Violation of TILA and RESPA After Closing.**

276.     In the alternative, and in addition to the foregoing count(s), Plaintiff re-alleges and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and files this Action for Violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and the Real Estate Settlement Procedures Act, 12 U.S.C. §2601 et seq. ("RESPA"), on the basis that ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, and SELBY, aided and abetted by Defendants ZACOUR, PAUL G. ZACOUR, FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, and FIRST AMERICAN FINANCIAL, as principals, insurers and underwriters, had a duty to JOE MONGE and ROSANA MONGE to provide a good faith estimate of the costs of the loans, after closing, but failed and/or refused to do so to this very day, to the economic and financial detriment of Plaintiff, in violation of TILA and RESPA. As a result, Plaintiff has suffered monetary damage, financial injury, and mental anguish and/or emotional distress, and hereby request penalties, restitution, rescission, recoupment and damages under the Truth in Lending Act, 15 U.S.C. §1601 et seq., and the Real Estate Settlement Procedures Act, 12 U.S.C. §2601 et seq., and relief in an amount to be determined by the trier of fact, as proximately caused by ROJAS and JAYME and said Defendants, as part of ROJAS and JAYME and said Defendants' fraudulent real estate scheme, whereby ROJAS and JAYME and said Defendants' fraudulently induced JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, to purchase the Thoroughbred Property, and fraudulently induced lenders to loan monies to JOE MONGE and

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 124 of 312

ROSANA MONGE, to the economic and financial detriment of Plaintiff, to purchase the

Thoroughbred Property, all of which actions and inactions of ROJAS and JAYME and said

Defendants proximately caused severe economic and financial injury and damage to Plaintiff.

**P.    Action for Breach of Contract of Title Commitment and Title Insurance.**

277.    In the alternative, and in addition to the foregoing count(s), Plaintiff re-alleges

and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and

files this Action for Breach of Contract of Title Insurance, on the basis that ROJAS and JAYME,

with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and

TATIANA as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS,

SR., JOSE LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, and SELBY, aided and

abetted by Defendants ZACOUR, PAUL G. ZACOUR, FIRST AMERICAN GUARANTY,

FIRST AMERICAN TITLE, and FIRST AMERICAN FINANCIAL, as principals, insurers and

underwriters of subject title commitment and owner's title insurance policy issued for the benefit

of JOE MONGE and ROSANA MONGE during the purchase of the Thoroughbred Property, and

ROJAS and JAYME, as mortgage broker and real estate agent, respectively, had a contractual

relationship with JOE MONGE and ROSANA MONGE, and a special fiduciary relationship of

trust and confidence with JOE MONGE and ROSANA MONGE, under a policy of title

insurance and its title commitment, as well as a common law and statutory duty, to indemnify

against loss or damage sustained to insured owner's by reason of (a) title to the estate or interest

described in the policy being vested other than as stated therein; (b) any defect in or lien or

encumbrance in the title; (c) unmarketability of the title; and (d) lack of a right of access to and

from the land, and to insured lenders against (i) the invalidity or unenforceability of the insured

mortgage, (ii) the loss of priority to other encumbrances, certain construction liens, and (iii) the

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 125 of 312

invalidity or unenforceability of an insured assignment of the mortgage, but nonetheless issued a policy of title insurance and its title commitment to JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, with numerous undisclosed defects, errors and omissions in title and encumbrances, that were not expressly excepted from coverage, and/or other such undisclosed defects, errors, and omissions that exist affecting JOE MONGE and ROSANA MONGE's interest in the insured property, to the economic and financial detriment of Plaintiff, as well as the marketability of JOE MONGE and ROSANA MONGE's title, to the economic and financial detriment of Plaintiff, with respect to any and all matters pertaining to the purchase and sale of the Thoroughbred Property, as to title policies and commitments issued by Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, and SELBY, aided and abetted by Defendants ZACOUR, PAUL G. ZACOUR, FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, and FIRST AMERICAN FINANCIAL, all of which contractual and statutory breaches in the title commitment and title insurance policy of ROJAS and JAYME and said Defendants proximately caused severe economic and financial injury and damage to Plaintiff.

**Q.   Action for Negligent Provision of Title Services.**

278.   In the alternative, and in addition to the foregoing count(s), Plaintiff re-alleges and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and files this Action for Negligent Provision of Title Services, on the basis that ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, and SELBY, aided and abetted by Defendants ZACOUR, PAUL G. ZACOUR, FIRST AMERICAN GUARANTY,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 126 of 312

FIRST AMERICAN TITLE, and FIRST AMERICAN FINANCIAL, as principals, insurers and underwriters of subject title commitment and owner's title insurance policy issued for the benefit of JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, during the purchase of the Thoroughbred Property, and ROJAS and JAYME, as mortgage broker and real estate agent, respectively, had a special fiduciary relationship with JOE MONGE and ROSANA MONGE of trust and confidence, under a policy of title insurance and its title commitment, and a common law and statutory duty to exercise reasonable care in performing the title work in connection with the said title insurance policy and commitment, thereby obligating ROJAS and JAYME and said Defendants to exercise ordinary care, or reasonable diligence, to communicate to JOE MONGE and ROSANA MONGE any and all knowledge acquired in the course of their agency, and to search and disclose reasonably discoverable defects in title and encumbrances not expressly excepted from coverage, or other such matters that exist affecting JOE MONGE and ROSANA MONGE's interest in the insured property, as well as the marketability of JOE MONGE and ROSANA MONGE's title, and to thereby reduce the risk of harm to JOE MONGE and ROSANA MONGE, but failed to comply with said fiduciary duties, to the economic and financial detriment of Plaintiff, by negligently and/or fraudulently performing the title work in connection with said title insurance policy and commitment, and by negligently and/or fraudulently failing and/or refusing to communicate to JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, any and all knowledge acquired, and/or failing and/or refusing to disclose reasonably discoverable defects in title and encumbrances not expressly excepted from coverage, and/or other such matters that existed affecting JOE MONGE and ROSANA MONGE's interest in the insured property, to the economic and financial detriment of Plaintiff, as well as the marketability of JOE MONGE and

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 127 of 312

ROSANA MONGE's title, to the economic and financial detriment of Plaintiff, with respect to any and all matters pertaining to the purchase and sale of the Thoroughbred Property (as to title policies and commitments issued by DONA ANA TITLE, FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, and FIRST AMERICAN FINANCIAL), all of which negligent and/or fraudulent title work of ROJAS and JAYME and said Defendants proximately caused severe economic and financial injury and damage to Plaintiff.

**R.    Action for Breach of Contract.**

279.    In the alternative, and in addition to the foregoing count(s), Plaintiff re-alleges and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and files this Action for Breach of Contract on the basis that ROJAS and JAYME, aided and abetted by Defendants FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, and FIRST AMERICAN FINANCIAL, as principals, insurers and underwriters of subject title commitment and owner's title insurance policy issued for the benefit of JOE MONGE and ROSANA MONGE, and Defendants COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, and BANK OF AMERICA, who had a contractual relationship with JOE MONGE and ROSANA MONGE, and a special fiduciary relationship of trust and confidence with JOE MONGE and ROSANA MONGE as parties to the mortgage agreement on the Thoroughbred Property, which expressly incorporated the HUD and FHA requirements and regulations, breached and wholly failed to comply with their valid and enforceable written and/or implied contracts and agreements, which were reached by the Parties, through offer and acceptance, and after a meeting of the minds, with the Parties thereby consenting as to the terms, including complying with all incorporated HUD and FHA requirements and regulations, to the economic and financial detriment of Plaintiff, by failing to exercise due diligence in approving, without expending any

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 128 of 312

effort to verify, or by knowingly and intentionally approving, false and fraudulent information and documents submitted with the loan applications and the HUD-1 Settlement Statement all of which contractual, statutory, and regulatory breaches in the mortgage agreement of ROJAS and JAYME and said Defendants proximately caused severe economic and financial injury and damage to Plaintiff.

## VIII.   COUNTS UNDER THE RACKETEER INFLUENCED & CORRUPT ORGANIZATIONS ACT ("RICO").

### A.   The Enterprise.

280.   ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, and SELBY, aided and abetted by Defendants ZACOUR, PAUL G. ZACOUR, FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, and AMERICA'S WHOLESALE LENDER, as principals, insurers and underwriters of subject title commitment and owner's title insurance policy issued for the benefit of JOE MONGE and ROSANA MONGE and BANK OF AMERICA, to the economic and financial detriment of Plaintiff, constitute an "enterprise" as that term is defined in 18 U.S.C.A. §1961, that unlawfully engaged in interstate commerce and carried on activities that affect interstate commerce, by receiving income derived, directly or indirectly, from a pattern of racketeering activity, or through collection of an unlawful debt in which such person has participated as a principal within the meaning of Section 2, Title 18, United States Code, in order to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 129 of 312

commerce, as above and hereinafter specified.

281.    Specifically, Plaintiff alleges the "enterprise" consists of DONA ANA TITLE's financial empire, with the above-listed Defendants functioning together to form and/or maintain said enterprise, in the course of which Defendants herein engaged in the below-described pattern of racketeering activity.

**B.    Action for Mail Fraud.**

282.    In the alternative, and in addition to the foregoing count(s), Plaintiff re-alleges and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and files this Action for Mail Fraud, on the basis that ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, and SELBY, aided and abetted by Defendants ZACOUR, PAUL G. ZACOUR, FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, and AMERICA'S WHOLESALE LENDER, willfully and intentionally violated 18 USCA §1341, Frauds And Swindles, and Conspiracy To Engage In Frauds And Swindles, by devising or intending to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, and conspiring to devise or intend to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, for purposes of obtaining and converting JOE MONGE and ROSANA MONGE's property or business, to the economic and financial detriment of Plaintiff, without lawful authority, by means of false or fraudulent pretenses, representations, or promises, in that ROJAS and JAYME and said Defendants used or caused to

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 130 of 312

be used the mails of the United States, by placing in a post office or authorized depository for mail, a mail or whatever to be sent or delivered by the Postal Service, specifically as follows:

a.   **Mail Fraud Count No. 1.**  On or about December 18, 2005, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly mailed, and/or caused to be mailed, a fraudulent contract for the purchase of the Thoroughbred Property to JOE MONGE and ROSANA MONGE, to further the fraudulent closing of the Thoroughbred Property;

b.   **Mail Fraud Count No. 2.**  On or about December 18, 2005, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly mailed, and/or caused to be mailed, a payoff request to Little

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 131 of 312

& Drantel, to further the fraudulent closing of the Thoroughbred Property;

c. **Mail Fraud Count No. 3.**  On or about December 22, 2005, JAYME, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly mailed, and/or caused to be mailed, a payoff request to Little & Drantel, to further the fraudulent closing of the Thoroughbred Property;

d. **Mail Fraud Count No. 4.**  On or about December 22, 2005, HERRERA, acting on behalf of ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly received by mail, and/or caused to be mailed, from Little & Drantel, a response to the payoff requests, to further the fraudulent closing of the Thoroughbred Property;

e. **Mail Fraud Count No. 5.**  On or about January 4, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 132 of 312

MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with HERRERA, PARSLEY, and BLOUNT or DONA ANA TITLE, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly mailed, and/or caused to be mailed, a false and fraudulent Appraisal on the Thoroughbred Property to AMERICA'S WHOLESALE LENDER;

f.   **Mail Fraud Count No. 6.** On or about January 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with BLOUNT, SELBY, DONA ANA TITLE, PARSLEY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly mailed, and/or caused to be mailed, a false and fraudulent Title Commitment Policy to ROJAS, JAYME, and HERRERA, which was withheld from JOE MONGE and ROSANA MONGE, by BLOUNT, SELBY, PARSLEY, or DONA ANA TITLE, prior to the closing on the Thoroughbred Property, to further the fraudulent closing of the Thoroughbred Property;

g.   **Mail Fraud Count No. 7.** On January 10, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 133 of 312

GABRIELA, and TATIANA as accomplices, in conspiracy with
Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and
SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST
AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF
AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER,
ZACOUR, and PAUL G. ZACOUR, purportedly mailed, and/or caused to
be mailed, to AMERICA'S WHOLESALE LENDER, a fraudulent lease,
purporting to show JOE MONGE and ROSANA MONGE leased out a
property at 100 West 6th St. in Lordsburg, New Mexico, to further the
fraudulent closing of the Thoroughbred Property;

h.   **Mail Fraud Count No. 8.** On January 10, 2006, ROJAS and JAYME,
with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA,
GABRIELA, and TATIANA as accomplices, in conspiracy with
Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and
SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST
AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF
AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER,
ZACOUR, and PAUL G. ZACOUR, purportedly mailed, and/or caused to
be mailed, to AMERICA'S WHOLESALE LENDER, a Uniform
Residential Loan Application, on behalf of JOE MONGE and ROSANA
MONGE, which included, in the Assets and Liabilities section, false
leases, in order to fraudulently claim JOE MONGE and ROSANA
MONGE were receiving income from rental properties, to further the

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 134 of 312

fraudulent closing of the Thoroughbred Property;

i.   **Mail Fraud Count No. 9.**  On January 27, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly mailed, and/or caused to be mailed, to AMERICA'S WHOLESALE LENDER, a fraudulent lease, purporting to show JOE MONGE and ROSANA MONGE leased out a property at 2708 Fillmore Ave. in El Paso, Texas, to further the fraudulent closing of the Thoroughbred Property;

j.   **Mail Fraud Count No. 10.**  On January 27, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly mailed, and/or caused to be mailed, to AMERICA'S WHOLESALE LENDER, a false and fraudulent check, purporting to show a rental payment, made by "Dr. Pete

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 135 of 312

Natividad", to JOE MONGE and ROSANA MONGE, under a fraudulent lease in which JOE MONGE and ROSANA MONGE purportedly leased out a property at 2708 Fillmore Ave. in El Paso, Texas, to further the fraudulent closing of the Thoroughbred Property;

k.   **Mail Fraud Count No. 11.**  On or about January 31, 2006, BLOUNT, acting on behalf of ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly mailed, and/or caused to be mailed, a payoff request to Little & Drantel, to further the fraudulent closing of the Thoroughbred Property;

l.   **Mail Fraud Count No. 12.**  On or about February 3, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with BLOUNT, SELBY, DONA ANA TITLE, and PARSLEY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, following the purchase of the Thoroughbred

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 136 of 312

Property by JOE MONGE and ROSANA MONGE, purportedly mailed, and/or caused to be mailed, a false and fraudulent Affidavit As To Debts And Liens, which falsely and fraudulently claimed that there were no judgment liens filed against JAYME, there were no suits pending against JAYME in either Federal or State court, JAYME knew of no adverse claim against the Thoroughbred Property, and, JAYME had not previously sold, contracted to sell, or conveyed the Thoroughbred, Property, aside from the sale to JOE MONGE and ROSANA MONGE, to further the fraudulent closing of the Thoroughbred Property;

m.    **Mail Fraud Count No. 13.**  On or about February 3, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with BLOUNT, SELBY, DONA ANA TITLE, and PARSLEY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, following the purchase of the Thoroughbred Property by JOE MONGE and ROSANA MONGE, purportedly mailed, and/or caused to be mailed, a false and fraudulent Real Estate Reporting Certification And Solicitation form, which falsely and fraudulently claimed that, at the time of the sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE, JAYME held One Hundred Percent (100%) ownership of the Thoroughbred Property, and JAYME received

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 137 of 312

Seven Hundred Seventy Five Thousand Dollars ($775,000.00), in gross proceeds, from the sale of the Thoroughbred Property, to further the fraudulent closing of the Thoroughbred Property;

n.    **Mail Fraud Count No. 14.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with BLOUNT, SELBY, DONA ANA TITLE, PARSLEY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, following the purchase of the Thoroughbred Property by JOE MONGE and ROSANA MONGE, purportedly mailed, and/or caused to be mailed, a false and fraudulent Title Commitment to AMERICA'S WHOLESALE LENDER, despite the fact that ROJAS, JAYME, BLOUNT, SELBY, PARSLEY, and DONA ANA TITLE knew JAYME was not the owner of the Thoroughbred Property on said date, and could not therefore convey clear and marketable title to the Thoroughbred Property on said date;

o.    **Mail Fraud Count No. 15.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with BLOUNT, SELBY, DONA ANA TITLE, PARSLEY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 138 of 312

TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, following the purchase of the Thoroughbred Property by JOE MONGE and ROSANA MONGE, purportedly mailed, and/or caused to be mailed, certified copies of the fraudulent closing documents to AMERICA'S WHOLESALE LENDER, despite the fact that ROJAS, JAYME, BLOUNT, SELBY, PARSLEY, and DONA ANA TITLE knew JAYME was not the owner of the Thoroughbred Property on said date, and could not therefore convey clear and marketable title to the Thoroughbred Property on said date;

p.    **Mail Fraud Count No. 16.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with BLOUNT, SELBY, DONA ANA TITLE, PARSLEY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, following the purchase of the Thoroughbred Property by JOE MONGE and ROSANA MONGE, purportedly mailed, and/or caused to be mailed, a fraudulent Warranty Deed to the County Clerk of Dona Ana County, New Mexico, for filing, with JOE MONGE and ROSANA MONGE as Grantees, and JAYME as Grantor, despite the fact that ROJAS, JAYME, BLOUNT, SELBY, PARSLEY, and DONA

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 139 of 312

ANA TITLE knew JAYME was not the owner of the Thoroughbred Property on said date, and could not therefore convey clear and marketable title to the Thoroughbred Property on said date;

q.   **Mail Fraud Count No. 17.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with BLOUNT, SELBY, DONA ANA TITLE, PARSLEY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, following the purchase of the Thoroughbred Property by JOE MONGE and ROSANA MONGE, purportedly mailed, and/or caused to be mailed, a fraudulent Mortgage to the County Clerk of Dona Ana County, New Mexico, with JOE MONGE and ROSANA MONGE as Grantors, and AMERICA'S WHOLESALE LENDER as Grantee, for filing, despite the fact that ROJAS, JAYME, BLOUNT, SELBY, PARSLEY, and DONA ANA TITLE knew JAYME was not the owner of the Thoroughbred Property on said date, and could not therefore have conveyed clear and marketable title to the Thoroughbred Property, to JOE MONGE and ROSANA MONGE on said date, or at the time of the execution of said Mortgage by JOE MONGE and ROSANA MONGE;

r.   **Mail Fraud Count No. 18.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                          Page 140 of 312

MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly mailed, and/or caused to be mailed, a check for Six Thousand Nine Hundred Seventy-Five Dollars ($6,975.00), payable to ROJAS d/b/a First Mortgage of El Paso, for the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE;

s.   **Mail Fraud Count No. 19.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly mailed, and/or caused to be mailed, a payoff check in the amount of Five Hundred Sixty Two Thousand Fifty-Eight Dollars and Ninety-Eight Cents ($562,058.98) to Little & Drantel, to further the fraudulent closing of the Thoroughbred Property;

t.   **Mail Fraud Count No. 20.**  On or about February 6, 2006, ROJAS and

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 141 of 312

JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, received by mail, and/or caused to be mailed, a check for Six Thousand Nine Hundred Seventy-Five Dollars ($6,975.00) from Defendant AMERICA'S WHOLESALE LENDER, as a commission for the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE;

u.     **Mail Fraud Count No. 21.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly mailed, and/or caused to be mailed, a check, in the amount of One Hundred Thirty-Three Dollars ($133.00), for the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE, to the Los Ranchos Del Rio Homeowner Association, for less than the full

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                     Page 142 of 312

Four Hundred Forty Dollars and Twenty-Three Cents ($440.23) owed, without notifying AMERICA'S WHOLESALE LENDER or JOE MONGE and ROSANA MONGE of same, to further the fraudulent closing of the Thoroughbred Property;

v.   **Mail Fraud Count No. 22.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly mailed, and/or caused to be mailed, to AMERICA'S WHOLESALE LENDER, as part of the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE, a false and fraudulent HUD-1 Settlement Statement, even though said Defendants failed to disburse a payoff amount of Three Thousand Six Dollars and Forty-Six Cents ($3,006.46), to satisfy the Notice of Claim of Lien (hereinafter referred to as the "State Tax Lien"), filed on October 6, 2004, by the New Mexico Taxation and Revenue Department, to further the fraudulent closing of the Thoroughbred Property, without notifying AMERICA'S WHOLESALE LENDER or JOE MONGE and ROSANA MONGE of same;

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 143 of 312

w.   **Mail Fraud Count No. 23.** On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly mailed, and/or caused to be mailed, to AMERICA'S WHOLESALE LENDER, as part of the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE, a false and fraudulent HUD-1 Settlement Statement, as Defendants failed to disburse a payoff amount of Two Thousand Four Hundred Ninety-Eight Dollars and Sixty-Seven Cents ($2,498.67), to satisfy the 2005 New Mexico property taxes, without notifying AMERICA'S WHOLESALE LENDER or JOE MONGE and ROSANA MONGE of same;

x.   **Mail Fraud Count No. 24.** On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 144 of 312

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

purportedly mailed, and/or caused to be mailed, a check, for the fraudulent

sale of the Thoroughbred Property to JOE MONGE and ROSANA

MONGE, to Elephant Butte Irrigation, for Six Hundred Sixty-One Dollars

and Seventy-Five Cents ($661.75), leaving Six Hundred Fifty-Eight

Dollars and Seventy-One Cents ($658.71) as still owed, without notifying

AMERICA'S WHOLESALE LENDER or JOE MONGE and ROSANA

MONGE of same;

y.   **Mail Fraud Count No. 25.**  On or about February 6, 2006, ROJAS and

JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,

MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy

with Defendants HERRERA, DONA ANA TITLE, BLOUNT,

PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN

GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN

FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

purportedly mailed, and/or caused to be mailed, to AMERICA'S

WHOLESALE LENDER, as part of the fraudulent sale of the

Thoroughbred Property to JOE MONGE and ROSANA MONGE, a false

and fraudulent HUD-1 Settlement Statement, showing a Two Thousand

Twelve Dollar ($2,012.00) disbursement to Allstate, allegedly as payment

for a hazard insurance policy, which was never actually disbursed by said

Defendants;

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 145 of 312

z.     **Mail Fraud Count No. 26.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly mailed, and/or caused to be mailed, a check, for the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE, to Defendant DONA ANA TITLE, in the amount of Three Thousand Nine Hundred One Dollars and Eighteen Cents ($3,901.18), to further the fraudulent closing of the Thoroughbred Property;

aa.    **Mail Fraud Count No. 27.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly mailed, and/or caused to be mailed, to Edward Abraham, a check, for the fraudulent sale of the Thoroughbred Property to JOE

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB    Page 146 of 312

MONGE and ROSANA MONGE, in the amount of Eighty Thousand Five Hundred Dollars and Thirty-Six Cents ($80,500.36), which was never actually disbursed by said Defendants, to further the fraudulent closing of the Thoroughbred Property;

bb.   **Mail Fraud Count No. 28.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly mailed, and/or caused to be mailed, to ZACOUR, and PAUL G. ZACOUR a check, for the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE, in the amount of Five Hundred Fifty Dollars ($550.00);

cc.   **Mail Fraud Count No. 29.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 147 of 312

COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly mailed, and/or caused to be mailed, a check, for the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE, to Defendant TOMASA, in the amount of One Hundred Twenty-Five Thousand One Hundred Seventy-Nine Dollars and Twenty-Seven Cents ($125,179.27), which was never actually disbursed by said Defendants;

dd.  **Mail Fraud Count No. 30.**  On or about February 7, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly received by mail, and/or caused to be mailed, from Little & Drantel, a response to the payoff requests, to further the fraudulent closing of the Thoroughbred Property;

ee.  **Mail Fraud Count No. 31.**  In January and February 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 148 of 312

GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN

FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

purportedly mailed, and/or caused to be mailed, multiple loan applications

which knowingly included false information regarding JOE MONGE and

ROSANA MONGE's gross monthly income, combined monthly

household expenses, assets (including liquid assets), real estate owned,

creditors, liabilities, and net worth;

ff.     **Mail Fraud Count No. 32.**  In January and February 2006, ROJAS and

JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,

MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy

with Defendants HERRERA, DONA ANA TITLE, BLOUNT,

PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN

GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN

FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

purportedly mailed, and/or caused to be mailed, multiple false and

fraudulent HUD-1 Settlement Statements, to further the fraudulent closing

of the Thoroughbred Property;

gg.     **Mail Fraud Count No. 33.**  On or before July 26, 2006, in an attempt to

cover up their previous fraud, ROJAS and JAYME, with Defendants

ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and

TATIANA as accomplices, in conspiracy with BLOUNT, SELBY, DONA

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                          Page 149 of 312

ANA TITLE, PARSLEY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, following the purchase of the Thoroughbred Property by JOE MONGE and ROSANA MONGE, purportedly mailed, and/or caused to be mailed, a fraudulent Correction Warranty Deed to the County Clerk of Dona Ana County, New Mexico, for filing, with JOE MONGE and ROSANA MONGE as Grantees, and JAYME as Grantor, despite the fact that ROJAS, JAYME, BLOUNT, SELBY, PARSLEY, and DONA ANA TITLE knew JAYME was not the owner of the Thoroughbred Property, and could not therefore convey clear and marketable title to the Thoroughbred Property, on February 6, 2006, which is the date the fraudulent Correction Warranty Deed depicts the signature of JAYME, to further the fraudulent closing of the Thoroughbred Property;

hh.     **Mail Fraud Count No. 34.**  On or before July 26, 2006, in an attempt to cover up their previous fraud, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with BLOUNT, SELBY, DONA ANA TITLE, PARSLEY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, following

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                          Page 150 of 312

the purchase of the Thoroughbred Property by JOE MONGE and
ROSANA MONGE, purportedly mailed, and/or caused to be mailed, a
fraudulent Correction Mortgage to the County Clerk of Dona Ana County,
New Mexico, with JOE MONGE and ROSANA MONGE as Grantors, for
filing, despite the fact that ROJAS, JAYME, BLOUNT, SELBY,
PARSLEY, and DONA ANA TITLE knew JAYME was not the owner of
the Thoroughbred Property at the time of the execution of said Mortgage
by JOE MONGE and ROSANA MONGE, on February 6, 2006, and could
not therefore have conveyed clear and marketable title to the
Thoroughbred Property to JOE MONGE and ROSANA MONGE, on
February 6, 2006, which is the date the fraudulent Correction Mortgage
depicts the signatures of JOE MONGE and ROSANA MONGE, to further
the fraudulent closing of the Thoroughbred Property;

ii.     **Mail Fraud Count No. 35.** On or about December 8, 2006, ROJAS and
JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,
MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy
with BLOUNT, SELBY, DONA ANA TITLE, PARSLEY, aided and
abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN
TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA,
COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR,
and PAUL G. ZACOUR, following the purchase of the Thoroughbred
Property by JOE MONGE and ROSANA MONGE, purportedly mailed,
and/or caused to be mailed, a fraudulent Owner's Title Insurance Policy to

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 151 of 312

JOE MONGE and ROSANA MONGE, despite the fact that ROJAS, JAYME, BLOUNT, SELBY, PARSLEY, and DONA ANA TITLE knew JAYME was not the owner of the Thoroughbred Property, and could not therefore convey clear and marketable title to the Thoroughbred Property, to JOE MONGE and ROSANA MONGE, to further the fraudulent closing of the Thoroughbred Property;

jj.   **Mail Fraud Count No. 36.**  On or about December 8, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with BLOUNT, SELBY, DONA ANA TITLE, PARSLEY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, following the purchase of the Thoroughbred Property by JOE MONGE and ROSANA MONGE, purportedly mailed, and/or caused to be mailed, a fraudulent Mortgagee's Title Insurance Policy to AMERICA'S WHOLESALE LENDER, despite the fact that ROJAS, JAYME, BLOUNT, SELBY, PARSLEY, and DONA ANA TITLE knew JAYME was not the owner of the Thoroughbred Property, and could not therefore convey clear and marketable title to the Thoroughbred Property, to JOE MONGE and ROSANA MONGE, to further the fraudulent closing of the Thoroughbred Property;

kk.   **Mail Fraud Count No. 37.**  On March 15, 2007, ROJAS and JAYME,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                              Page 152 of 312

with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with HERRERA, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly mailed, and/or caused to be mailed, to SIERRA TITLE, a false and fraudulent Request for Title Commitment, based on false appraisal values, and requesting a title insurance policy in order to refinance the Thoroughbred Property purportedly on behalf of JOE MONGE and ROSANA MONGE, who did not authorize such a transaction, or the use of their confidential identifying information;

ll.     **Mail Fraud Count No. 38.**  On or about March of 2007, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with HERRERA, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly mailed, and/or caused to be mailed, false and fraudulent refinance documents, based on false Appraisal values, on the Thoroughbred Property;

mm.     **Mail Fraud Count No. 39.**  In 2007, ROJAS and JAYME, with

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 153 of 312

Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA,

GABRIELA, and TATIANA as accomplices, in conspiracy with

Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and

SELBY, intentionally intercepted, withheld, and concealed, from JOE

MONGE and ROSANA MONGE, mailings of all summons documents for

JOE MONGE and ROSANA MONGE, regarding the Thoroughbred

Property;

nn.    **Mail Fraud Count No. 40.**  In 2006 or 2007, ROJAS and JAYME, with

Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA,

GABRIELA, and TATIANA as accomplices, in conspiracy with

BLOUNT, SELBY, DONA ANA TITLE, and PARSLEY, aided and

abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN

TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA,

COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR,

and PAUL G. ZACOUR, following the purchase of the Thoroughbred

Property by JOE MONGE and ROSANA MONGE, purportedly mailed,

and/or caused to be mailed, a false and fraudulent Form 1099-S, which

falsely and fraudulently claimed JAYME received Seven Hundred

Seventy Five Thousand Dollars ($775,000.00), in gross proceeds, from the

sale of the Thoroughbred Property, to further the fraudulent closing of the

Thoroughbred Property;

oo.    **Mail Fraud Count No. 41.**  On or about March 5, 2008, ROJAS and

JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 154 of 312

MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with HERRERA, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly mailed, and/or caused to be mailed, to Charter Mortgage, a false and fraudulent Request for Title Commitment, based on false appraisal values, and requesting a mortgage, purportedly on behalf of JOE MONGE and ROSANA MONGE, who did not authorize such a transaction, or the use of their confidential identifying information;

pp.   **Mail Fraud Count No. 42.**  On or about March 13, 2008, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with HERRERA, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly received by mail, and/or caused to be mailed, a Commitment to Insure, based on the above-described false and fraudulent Request for Title Commitment, containing false Appraisal values, for the Thoroughbred Property, which was mailed to Charter Mortgage, in an attempt to obtain a mortgage, purportedly on behalf of JOE MONGE and ROSANA MONGE, who did not authorize such a transaction, or the use

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB

Page 155 of 312

of their confidential identifying information;

qq.  **Mail Fraud Count No. 43.**  From 2007 until 2010, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, intentionally intercepted, withheld, and concealed, from JOE MONGE and ROSANA MONGE, mailings of all notice, information, and documentation relating to the Thoroughbred Property that were addressed and mailed to JOE MONGE and ROSANA MONGE, particularly as concerns (i) the non-payment of the rent/mortgage payments by ROJAS and JAYME, and (ii) the pending foreclosure of the Thoroughbred Property; and,

rr.  **Mail Fraud Count No. 44.**  In February 2012, ROJAS and JAYME purportedly mailed, and/or caused to be mailed, a FAST Order Sheet to sell the Thoroughbred Property to "Joe J Jayme", without the approval or authorization of JOE MONGE and ROSANA MONGE.

**C.    Action for Wire Fraud.**

283.    In the alternative, and in addition to the foregoing count(s), Plaintiff re-alleges and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and files this Action for Wire Fraud, on the basis that ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 156 of 312

LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, and SELBY, aided and abetted by

Defendants ZACOUR, PAUL G. ZACOUR, FIRST AMERICAN GUARANTY, FIRST

AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA,

COUNTRYWIDE, and AMERICA'S WHOLESALE LENDER, willfully and intentionally

violated 18 USCA §1343, Fraud By Wire, Radio, Or Television, and Conspiracy To Commit

Fraud By Wire, Radio, Or Television, by devising or intending to devise a scheme or artifice to

defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of

Plaintiff, and conspiring to devise or intend to devise a scheme or artifice to defraud JOE

MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, for

purposes of obtaining and converting JOE MONGE and ROSANA MONGE's property or

business, to the economic and financial detriment of Plaintiff, without lawful authority, by means

of false or fraudulent pretenses, representations, or promises, in that ROJAS and JAYME and

said Defendants transmitted or caused to be transmitted by means of wire communication in

interstate commerce, writings, signs, signals, pictures, or sounds for the purpose of executing

such scheme or artifice, specifically as follows:

a. **Wire Fraud Count No. 1.** On or about December 18, 2005, ROJAS and

JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,

MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy

with Defendants HERRERA, DONA ANA TITLE, BLOUNT,

PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN

GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN

FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                              Page 157 of 312

purportedly wired, and/or caused to be wired, a fraudulent contract for the purchase of the Thoroughbred Property to JOE MONGE and ROSANA MONGE, to further the fraudulent closing of the Thoroughbred Property;

b.   **Wire Fraud Count No. 2.**  On or about December 18, 2005, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly wired, and/or caused to be wired, a payoff request to Little & Drantel, to further the fraudulent closing of the Thoroughbred Property;

c.   **Wire Fraud Count No. 3.**  On or about December 22, 2005, JAYME, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly wired, and/or caused to be wired, a payoff request to Little & Drantel, to further the fraudulent closing of the Thoroughbred Property;

d.   **Wire Fraud Count No. 4.**  On or about December 22, 2005, HERRERA,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB

Page 158 of 312

acting on behalf of ROJAS and JAYME, with Defendants ARTEMIO,

VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA

as accomplices, in conspiracy with Defendants DONA ANA TITLE,

BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST

AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST

AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE,

AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G.

ZACOUR, purportedly received by wire, and/or caused to be wired, from

Little & Drantel, a response to the payoff requests, to further the

fraudulent closing of the Thoroughbred Property;

e.   **Wire Fraud Count No. 5.**  On or about January 4, 2006, ROJAS and

JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,

MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy

with HERRERA, PARSLEY, and BLOUNT or DONA ANA TITLE,

aided and abetted by FIRST AMERICAN GUARANTY, FIRST

AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF

AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER,

ZACOUR, and PAUL G. ZACOUR, purportedly wired, and/or caused to

be wired, a false and fraudulent Appraisal on the Thoroughbred Property

to AMERICA'S WHOLESALE LENDER;

f.   **Wire Fraud Count No. 6.**  On or about January 6, 2006, ROJAS and

JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,

MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 159 of 312

with BLOUNT, SELBY, DONA ANA TITLE, PARSLEY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly wired, and/or caused to be wired, a false and fraudulent Title Commitment Policy to ROJAS, JAYME, and HERRERA, which was withheld from JOE MONGE and ROSANA MONGE, by BLOUNT, SELBY, PARSLEY, or DONA ANA TITLE, prior to the closing on the Thoroughbred Property, to further the fraudulent closing of the Thoroughbred Property;

g.   **Wire Fraud Count No. 7.**  On January 10, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly wired, and/or caused to be wired, to AMERICA'S WHOLESALE LENDER, a fraudulent lease, purporting to show JOE MONGE and ROSANA MONGE leased out a property at 100 West 6th St. in Lordsburg, New Mexico, to further the fraudulent closing of the Thoroughbred Property;

h.   **Wire Fraud Count No. 8.**  On January 10, 2006, ROJAS and JAYME,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 160 of 312

with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly wired, and/or caused to be wired, to AMERICA'S WHOLESALE LENDER, a Uniform Residential Loan Application, on behalf of JOE MONGE and ROSANA MONGE, which included, in the Assets and Liabilities section, false leases, in order to fraudulently claim JOE MONGE and ROSANA MONGE were receiving income from rental properties, to further the fraudulent closing of the Thoroughbred Property;

i. **Wire Fraud Count No. 9.**  On January 27, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly wired, and/or caused to be wired, to AMERICA'S WHOLESALE LENDER, a fraudulent lease, purporting to show JOE MONGE and ROSANA MONGE leased out a

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 161 of 312

property at 2708 Fillmore Ave. in El Paso, Texas, to further the fraudulent

closing of the Thoroughbred Property;

j.   **Wire Fraud Count No. 10.**  On January 27, 2006, ROJAS and JAYME,

with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA,

GABRIELA, and TATIANA as accomplices, in conspiracy with

Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and

SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST

AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF

AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER,

ZACOUR, and PAUL G. ZACOUR, purportedly wired, and/or caused to

be wired, to AMERICA'S WHOLESALE LENDER, a false and

fraudulent check, purporting to show a rental payment, made by "Dr. Pete

Natividad", to JOE MONGE and ROSANA MONGE, under a fraudulent

lease in which JOE MONGE and ROSANA MONGE purportedly leased

out a property at 2708 Fillmore Ave. in El Paso, Texas, to further the

fraudulent closing of the Thoroughbred Property;

k.   **Wire Fraud Count No. 11.**  On or about January 31, 2006, BLOUNT,

acting on behalf of ROJAS and JAYME, with Defendants ARTEMIO,

VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA

as accomplices, in conspiracy with Defendants HERRERA, DONA ANA

TITLE, PARSLEY, and SELBY, aided and abetted by FIRST

AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST

AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 162 of 312

AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly wired, and/or caused to be wired, a payoff request to Little & Drantel, to further the fraudulent closing of the Thoroughbred Property;

l.   **Wire Fraud Count No. 12.**  On or about February 3, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with BLOUNT, SELBY, DONA ANA TITLE, and PARSLEY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, following the purchase of the Thoroughbred Property by JOE MONGE and ROSANA MONGE, purportedly wired, and/or caused to be wired, a false and fraudulent Affidavit As To Debts And Liens, which falsely and fraudulently claimed that there were no judgment liens filed against JAYME, there were no suits pending against JAYME in either Federal or State court, JAYME knew of no adverse claim against the Thoroughbred Property, and, JAYME had not previously sold, contracted to sell, or conveyed the Thoroughbred, Property, aside from the sale to JOE MONGE and ROSANA MONGE, to further the fraudulent closing of the Thoroughbred Property;

m.   **Wire Fraud Count No. 13.**  On or about February 3, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 163 of 312

MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with BLOUNT, SELBY, DONA ANA TITLE, and PARSLEY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, following the purchase of the Thoroughbred Property by JOE MONGE and ROSANA MONGE, purportedly wired, and/or caused to be wired, a false and fraudulent Real Estate Reporting Certification And Solicitation form, which falsely and fraudulently claimed that, at the time of the sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE, JAYME held One Hundred Percent (100%) ownership of the Thoroughbred Property, and JAYME received Seven Hundred Seventy Five Thousand Dollars ($775,000.00), in gross proceeds, from the sale of the Thoroughbred Property, to further the fraudulent closing of the Thoroughbred Property;

n.   **Wire Fraud Count No. 14.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with BLOUNT, SELBY, DONA ANA TITLE, PARSLEY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, following the purchase of the Thoroughbred

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 164 of 312

Property by JOE MONGE and ROSANA MONGE, purportedly wired, and/or caused to be wired, a false and fraudulent Title Commitment to AMERICA'S WHOLESALE LENDER, despite the fact that ROJAS, JAYME, BLOUNT, SELBY, PARSLEY, and DONA ANA TITLE knew JAYME was not the owner of the Thoroughbred Property on said date, and could not therefore convey clear and marketable title to the Thoroughbred Property on said date;

o.   **Wire Fraud Count No. 15.** On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with BLOUNT, SELBY, DONA ANA TITLE, PARSLEY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, following the purchase of the Thoroughbred Property by JOE MONGE and ROSANA MONGE, purportedly wired, and/or caused to be wired, certified copies of the fraudulent closing documents to AMERICA'S WHOLESALE LENDER, despite the fact that ROJAS, JAYME, BLOUNT, SELBY, PARSLEY, and DONA ANA TITLE knew JAYME was not the owner of the Thoroughbred Property on said date, and could not therefore convey clear and marketable title to the Thoroughbred Property on said date;

p.   **Wire Fraud Count No. 16.** On or about February 6, 2006, ROJAS and

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 165 of 312

JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with BLOUNT, SELBY, DONA ANA TITLE, PARSLEY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, following the purchase of the Thoroughbred Property by JOE MONGE and ROSANA MONGE, purportedly wired, and/or caused to be wired, a fraudulent Warranty Deed to the County Clerk of Dona Ana County, New Mexico, for filing, with JOE MONGE and ROSANA MONGE as Grantees, and JAYME as Grantor, despite the fact that ROJAS, JAYME, BLOUNT, SELBY, PARSLEY, and DONA ANA TITLE knew JAYME was not the owner of the Thoroughbred Property on said date, and could not therefore convey clear and marketable title to the Thoroughbred Property on said date;

q.    **Wire Fraud Count No. 17.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with BLOUNT, SELBY, DONA ANA TITLE, PARSLEY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, following the purchase of the Thoroughbred

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 166 of 312

Property by JOE MONGE and ROSANA MONGE, purportedly wired, and/or caused to be wired, a fraudulent Mortgage to the County Clerk of Dona Ana County, New Mexico, with JOE MONGE and ROSANA MONGE as Grantors, and AMERICA'S WHOLESALE LENDER as Grantee, for filing, despite the fact that ROJAS, JAYME, BLOUNT, SELBY, PARSLEY, and DONA ANA TITLE knew JAYME was not the owner of the Thoroughbred Property on said date, and could not therefore have conveyed clear and marketable title to the Thoroughbred Property, to JOE MONGE and ROSANA MONGE on said date, or at the time of the execution of said Mortgage by JOE MONGE and ROSANA MONGE;

r.     **Wire Fraud Count No. 18.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly wired, and/or caused to be wired, a check for Six Thousand Nine Hundred Seventy-Five Dollars ($6,975.00), payable to ROJAS d/b/a First Mortgage of El Paso, for the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE;

s.     **Wire Fraud Count No. 19.**  On or about February 6, 2006, ROJAS and

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 167 of 312

JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly wired, and/or caused to be wired, a payoff check in the amount of Five Hundred Sixty Two Thousand Fifty-Eight Dollars and Ninety-Eight Cents ($562,058.98) to Little & Drantel, to further the fraudulent closing of the Thoroughbred Property;

t.   **Wire Fraud Count No. 20.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, received by wire, and/or caused to be wired, a check for Six Thousand Nine Hundred Seventy-Five Dollars ($6,975.00) from Defendant AMERICA'S WHOLESALE LENDER, as a commission for the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE;

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                   Page 168 of 312

u.    **Wire Fraud Count No. 21.**  On or about February 6, 2006, ROJAS and
JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,
MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy
with Defendants HERRERA, DONA ANA TITLE, BLOUNT,
PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN
GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN
FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S
WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,
purportedly wired, and/or caused to be wired, a check, in the amount of
One Hundred Thirty-Three Dollars ($133.00), for the fraudulent sale of
the Thoroughbred Property to JOE MONGE and ROSANA MONGE, to
the Los Ranchos Del Rio Homeowner Association, for less than the full
Four Hundred Forty Dollars and Twenty-Three Cents ($440.23) owed,
without notifying AMERICA'S WHOLESALE LENDER or JOE
MONGE and ROSANA MONGE of same, to further the fraudulent
closing of the Thoroughbred Property;

v.    **Wire Fraud Count No. 22.**  On or about February 6, 2006, ROJAS and
JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,
MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy
with Defendants HERRERA, DONA ANA TITLE, BLOUNT,
PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN
GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN
FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 169 of 312

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

purportedly wired, and/or caused to be wired, to AMERICA'S

WHOLESALE LENDER, as part of the fraudulent sale of the

Thoroughbred Property to JOE MONGE and ROSANA MONGE, a false

and fraudulent HUD-1 Settlement Statement, even though said Defendants

failed to disburse a payoff amount of Three Thousand Six Dollars and

Forty-Six Cents ($3,006.46), to satisfy the Notice of Claim of Lien

(hereinafter referred to as the "State Tax Lien"), filed on October 6, 2004,

by the New Mexico Taxation and Revenue Department, to further the

fraudulent closing of the Thoroughbred Property, without notifying

AMERICA'S WHOLESALE LENDER or JOE MONGE and ROSANA

MONGE of same;

w.     **Wire Fraud Count No. 23.**  On or about February 6, 2006, ROJAS and

JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,

MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy

with Defendants HERRERA, DONA ANA TITLE, BLOUNT,

PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN

GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN

FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

purportedly wired, and/or caused to be wired, to AMERICA'S

WHOLESALE LENDER, as part of the fraudulent sale of the

Thoroughbred Property to JOE MONGE and ROSANA MONGE, a false

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                     Page 170 of 312

and fraudulent HUD-1 Settlement Statement, as Defendants failed to disburse a payoff amount of Two Thousand Four Hundred Ninety-Eight Dollars and Sixty-Seven Cents ($2,498.67), to satisfy the 2005 New Mexico property taxes, without notifying AMERICA'S WHOLESALE LENDER or JOE MONGE and ROSANA MONGE of same;

x.     **Wire Fraud Count No. 24.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly wired, and/or caused to be wired, a check, for the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE, to Elephant Butte Irrigation, for Six Hundred Sixty-One Dollars and Seventy-Five Cents ($661.75), leaving Six Hundred Fifty-Eight Dollars and Seventy-One Cents ($658.71) as still owed, without notifying AMERICA'S WHOLESALE LENDER or JOE MONGE and ROSANA MONGE of same;

y.     **Wire Fraud Count No. 25.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                                    Page 171 of 312

with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly wired, and/or caused to be wired, to AMERICA'S WHOLESALE LENDER, as part of the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE, a false and fraudulent HUD-1 Settlement Statement, showing a Two Thousand Twelve Dollar ($2,012.00) disbursement to Allstate, allegedly as payment for a hazard insurance policy, which was never actually disbursed by said Defendants;

z.    **Wire Fraud Count No. 26.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly wired, and/or caused to be wired, a check, for the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE, to Defendant DONA ANA TITLE, in the amount of Three

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 172 of 312

Thousand Nine Hundred One Dollars and Eighteen Cents ($3,901.18), to

further the fraudulent closing of the Thoroughbred Property;

aa.      **Wire Fraud Count No. 27.**  On or about February 6, 2006, ROJAS and

JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,

MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy

with Defendants HERRERA, DONA ANA TITLE, BLOUNT,

PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN

GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN

FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

purportedly wired, and/or caused to be wired, to Edward Abraham, a

check, for the fraudulent sale of the Thoroughbred Property to JOE

MONGE and ROSANA MONGE, in the amount of Eighty Thousand Five

Hundred Dollars and Thirty-Six Cents ($80,500.36), which was never

actually disbursed by said Defendants, to further the fraudulent closing of

the Thoroughbred Property;

bb.      **Wire Fraud Count No. 28.**  On or about February 6, 2006, ROJAS and

JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,

MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy

with Defendants HERRERA, DONA ANA TITLE, BLOUNT,

PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN

GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN

FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 173 of 312

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

purportedly wired, and/or caused to be wired, to ZACOUR, and PAUL G.

ZACOUR a check, for the fraudulent sale of the Thoroughbred Property to

JOE MONGE and ROSANA MONGE, in the amount of Five Hundred

Fifty Dollars ($550.00);

cc.     **Wire Fraud Count No. 29.**  On or about February 6, 2006, ROJAS and

JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,

MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy

with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS,

JR., DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and

abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN

TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA,

COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR,

and PAUL G. ZACOUR, purportedly wired, and/or caused to be wired, a

check, for the fraudulent sale of the Thoroughbred Property to JOE

MONGE and ROSANA MONGE, to Defendant TOMASA, in the amount

of One Hundred Twenty-Five Thousand One Hundred Seventy-Nine

Dollars and Twenty-Seven Cents ($125,179.27), which was never actually

disbursed by said Defendants;

dd.     **Wire Fraud Count No. 30.**  On or about February 7, 2006, ROJAS and

JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,

MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy

with Defendants HERRERA, DONA ANA TITLE, BLOUNT,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 174 of 312

PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN
GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN
FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S
WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,
purportedly received by wire, and/or caused to be wired, from Little &
Drantel, a response to the payoff requests, to further the fraudulent closing
of the Thoroughbred Property;

ee.   **Wire Fraud Count No. 31.**  On or about February 8, 2006, ROJAS and
JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,
MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy
with Defendants HERRERA, DONA ANA TITLE, BLOUNT,
PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN
GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN
FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S
WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,
purportedly wired, and/or caused to be wired, a payoff amount of Five
Hundred Sixty-Seven Thousand Four Hundred Forty Dollars and Fifty-
Four Cents ($567,440.54) to Little & Dranttel, to further the fraudulent
closing of the Thoroughbred Property;

ff.   **Wire Fraud Count No. 32.**  In January and February 2006, ROJAS and
JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,
MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy
with Defendants HERRERA, DONA ANA TITLE, BLOUNT,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                           Page 175 of 312

PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN

GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN

FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

purportedly wired, and/or caused to be wired, multiple loan applications

which knowingly included false information regarding JOE MONGE and

ROSANA MONGE's gross monthly income, combined monthly

household expenses, assets (including liquid assets), real estate owned,

creditors, liabilities, and net worth;

gg.    **Wire Fraud Count No. 33.**  In January and February 2006, ROJAS and

JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,

MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy

with Defendants HERRERA, DONA ANA TITLE, BLOUNT,

PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN

GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN

FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

purportedly wired, and/or caused to be wired, multiple false and fraudulent

HUD-1 Settlement Statements, to further the fraudulent closing of the

Thoroughbred Property;

hh.    **Wire Fraud Count No. 34.**  On or before July 26, 2006, in an attempt to

cover up their previous fraud, ROJAS and JAYME, with Defendants

ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 176 of 312

TATIANA as accomplices, in conspiracy with BLOUNT, SELBY, DONA

ANA TITLE, PARSLEY, aided and abetted by FIRST AMERICAN

GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN

FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, following

the purchase of the Thoroughbred Property by JOE MONGE and

ROSANA MONGE, purportedly wired, and/or caused to be wired, a

fraudulent Correction Warranty Deed to the County Clerk of Dona Ana

County, New Mexico, for filing, with JOE MONGE and ROSANA

MONGE as Grantees, and JAYME as Grantor, despite the fact that

ROJAS, JAYME, BLOUNT, SELBY, PARSLEY, and DONA ANA

TITLE knew JAYME was not the owner of the Thoroughbred Property,

and could not therefore convey clear and marketable title to the

Thoroughbred Property, on February 6, 2006, which is the date the

fraudulent Correction Warranty Deed depicts the signature of JAYME, to

further the fraudulent closing of the Thoroughbred Property;

ii.     **Wire Fraud Count No. 35.**  On or before July 26, 2006, in an attempt to

cover up their previous fraud, ROJAS and JAYME, with Defendants

ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and

TATIANA as accomplices, in conspiracy with BLOUNT, SELBY, DONA

ANA TITLE, PARSLEY, aided and abetted by FIRST AMERICAN

GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN

FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 177 of 312

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, following

the purchase of the Thoroughbred Property by JOE MONGE and

ROSANA MONGE, purportedly wired, and/or caused to be wired, a

fraudulent Correction Mortgage to the County Clerk of Dona Ana County,

New Mexico, with JOE MONGE and ROSANA MONGE as Grantors, for

filing, despite the fact that ROJAS, JAYME, BLOUNT, SELBY,

PARSLEY, and DONA ANA TITLE knew JAYME was not the owner of

the Thoroughbred Property at the time of the execution of said Mortgage

by JOE MONGE and ROSANA MONGE, on February 6, 2006, and could

not therefore have conveyed clear and marketable title to the

Thoroughbred Property to JOE MONGE and ROSANA MONGE, on

February 6, 2006, which is the date the fraudulent Correction Mortgage

depicts the signatures of JOE MONGE and ROSANA MONGE, to further

the fraudulent closing of the Thoroughbred Property;

jj.     **Wire Fraud Count No. 36.** On or about December 8, 2006, ROJAS and

JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,

MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy

with BLOUNT, SELBY, DONA ANA TITLE, PARSLEY, aided and

abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN

TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA,

COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR,

and PAUL G. ZACOUR, following the purchase of the Thoroughbred

Property by JOE MONGE and ROSANA MONGE, purportedly wired,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 178 of 312

and/or caused to be wired, a fraudulent Owner's Title Insurance Policy to JOE MONGE and ROSANA MONGE, despite the fact that ROJAS, JAYME, BLOUNT, SELBY, PARSLEY, and DONA ANA TITLE knew JAYME was not the owner of the Thoroughbred Property, and could not therefore convey clear and marketable title to the Thoroughbred Property, to JOE MONGE and ROSANA MONGE, to further the fraudulent closing of the Thoroughbred Property;

kk.   **Wire Fraud Count No. 37.**  On or about December 8, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with BLOUNT, SELBY, DONA ANA TITLE, PARSLEY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, following the purchase of the Thoroughbred Property by JOE MONGE and ROSANA MONGE, purportedly wired, and/or caused to be wired, a fraudulent Mortgagee's Title Insurance Policy to AMERICA'S WHOLESALE LENDER, despite the fact that ROJAS, JAYME, BLOUNT, SELBY, PARSLEY, and DONA ANA TITLE knew JAYME was not the owner of the Thoroughbred Property, and could not therefore convey clear and marketable title to the Thoroughbred Property, to JOE MONGE and ROSANA MONGE, to further the fraudulent closing of the Thoroughbred Property;

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 179 of 312

ll.     **Wire Fraud Count No. 38.**  On March 15, 2007, ROJAS and JAYME,

with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA,

GABRIELA, and TATIANA as accomplices, in conspiracy with

HERRERA, aided and abetted by FIRST AMERICAN GUARANTY,

FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK

OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE

LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly wired, and/or

caused to be wired, to SIERRA TITLE, a false and fraudulent Request for

Title Commitment, based on false appraisal values, and requesting a title

insurance policy in order to refinance the Thoroughbred Property

purportedly on behalf of JOE MONGE and ROSANA MONGE, who did

not authorize such a transaction, or the use of their confidential identifying

information;

mm.    **Wire Fraud Count No. 39.**  On or about March of 2007, ROJAS and

JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,

MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy

with HERRERA, aided and abetted by FIRST AMERICAN

GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN

FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

purportedly wired, and/or caused to be wired, false and fraudulent

refinance documents, based on false Appraisal values, on the

Thoroughbred Property;

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 180 of 312

nn.     **Wire Fraud Count No. 40.**  In 2006 or 2007, ROJAS and JAYME, with

Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA,

GABRIELA, and TATIANA as accomplices, in conspiracy with

BLOUNT, SELBY, DONA ANA TITLE, and PARSLEY, aided and

abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN

TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA,

COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR,

and PAUL G. ZACOUR, following the purchase of the Thoroughbred

Property by JOE MONGE and ROSANA MONGE, purportedly wired,

and/or caused to be wired, a false and fraudulent Form 1099-S, which

falsely and fraudulently claimed JAYME received Seven Hundred

Seventy Five Thousand Dollars ($775,000.00), in gross proceeds, from the

sale of the Thoroughbred Property, to further the fraudulent closing of the

Thoroughbred Property;

oo.     **Wire Fraud Count No. 41.**  On or about March 5, 2008, ROJAS and

JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,

MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy

with HERRERA, aided and abetted by FIRST AMERICAN

GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN

FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

purportedly wired, and/or caused to be wired, to Charter Mortgage, a false

and fraudulent Request for Title Commitment, based on false appraisal

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 181 of 312

values, and requesting a mortgage, purportedly on behalf of JOE MONGE and ROSANA MONGE, who did not authorize such a transaction, or the use of their confidential identifying information;

pp.    **Wire Fraud Count No. 42.**  On or about March 13, 2008, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with HERRERA, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly received by wire, and/or caused to be wired, a Commitment to Insure, based on the above-described false and fraudulent Request for Title Commitment, containing false Appraisal values, for the Thoroughbred Property, which was mailed to Charter Mortgage, in an attempt to obtain a mortgage, purportedly on behalf of JOE MONGE and ROSANA MONGE, who did not authorize such a transaction, or the use of their confidential identifying information; and,

qq.    **Wire Fraud Count No. 43.**  In February 2012, ROJAS and JAYME purportedly wired, and/or caused to be wired, a FAST Order Sheet to sell the Thoroughbred Property to "Joe J Jayme", without the approval or authorization of JOE MONGE and ROSANA MONGE.

**D.    Action for Fraud and Related Activity in Connection with Identification Documents.**

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 182 of 312

284.    In the alternative, and in addition to the foregoing count(s), Plaintiff re-alleges and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and files this Action for Fraud and Related Activity in Connection with Identification Documents, on the basis that ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, and SELBY, aided and abetted by Defendants ZACOUR, PAUL G. ZACOUR, FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, and AMERICA'S WHOLESALE LENDER, willfully and intentionally violated 18 USCA §1028, Fraud And Related Activity In Connection With Identification Documents, Authentication Features, And Information, and Conspiracy To Commit Fraud And Related Activity In Connection With Identification Documents, Authentication Features, And Information, by devising or intending to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, and conspiring to devise or intend to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, for purposes of obtaining and converting JOE MONGE and ROSANA MONGE's property or business, to the economic and financial detriment of Plaintiff, without lawful authority, by means of false or fraudulent pretenses, representations, or promises, in that ROJAS and JAYME and said Defendants used a means of identification of JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law, by knowingly

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 183 of 312

possessing, using and transferring, without the knowledge or permission of JOE MONGE and

ROSANA MONGE, so as to commit bank fraud, and defraud JOE MONGE and ROSANA

MONGE, to the economic and financial detriment of Plaintiff, in interstate commerce from and

between the states of Texas and New Mexico, and other states, specifically as follows:

a. **Fraud and Related Activity in Connection with Identification Documents Count No. 1.** On or about December 18, 2005, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly prepared, mailed or wired, and/or caused to be mailed or wired, a fraudulent contract for the purchase of the Thoroughbred Property to JOE MONGE and ROSANA MONGE, which knowingly included false information regarding JOE MONGE and ROSANA MONGE, and the forged signatures of JOE MONGE and ROSANA MONGE, to further the fraudulent closing of the Thoroughbred Property;

b. **Fraud and Related Activity in Connection with Identification Documents Count No. 2.** On January 10, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                              Page 184 of 312

Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly prepared, mailed or wired, and/or caused to be mailed or wired, to AMERICA'S WHOLESALE LENDER, a forged, false, and fraudulent lease, purporting to show JOE MONGE and ROSANA MONGE leased out a property at 100 West 6th St. in Lordsburg, New Mexico, which knowingly included false information regarding JOE MONGE and ROSANA MONGE, and the forged signature of JOE MONGE, to further the fraudulent closing of the Thoroughbred Property;

c.    **Fraud and Related Activity in Connection with Identification Documents Count No. 3.** On or about January 10, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly prepared, mailed or wired, and/or caused to be mailed or wired, to AMERICA'S WHOLESALE LENDER, a Uniform Residential

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 185 of 312

Loan Application, along with the identity information of JOE MONGE and ROSANA MONGE, which included, in the Assets and Liabilities section, false leases, in order to fraudulently claim JOE MONGE and ROSANA MONGE were receiving income from rental properties, to further the fraudulent closing of the Thoroughbred Property;

d.     **Fraud and Related Activity in Connection with Identification Documents Count No. 4.**  On January 27, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly prepared, mailed or wired, and/or caused to be mailed or wired, to AMERICA'S WHOLESALE LENDER, a forged, false, and fraudulent lease, purporting to show JOE MONGE and ROSANA MONGE leased out a property at 2708 Fillmore Ave. in El Paso, Texas, which knowingly included false information regarding JOE MONGE and ROSANA MONGE, and the forged signature of JOE MONGE, to further the fraudulent closing of the Thoroughbred Property;

e.     **Fraud and Related Activity in Connection with Identification Documents Count No. 5.**  On January 27, 2006, ROJAS and JAYME,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 186 of 312

with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly prepared, mailed or wired, and/or caused to be mailed or wired, to AMERICA'S WHOLESALE LENDER, a forged, false, and fraudulent check, purporting to show a rental payment, made by "Dr. Pete Natividad", to JOE MONGE and ROSANA MONGE, under a fraudulent lease in which JOE MONGE and ROSANA MONGE purportedly leased out a property at 2708 Fillmore Ave. in El Paso, Texas, which knowingly included the forged signature of Pete Natividad, to further the fraudulent closing of the Thoroughbred Property;

f.     **Fraud and Related Activity in Connection with Identification Documents Count No. 6.**  On or about February 3, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 187 of 312

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

purportedly prepared a Loan Application Disclosure Acknowledgments

form which knowingly included false information regarding JOE MONGE

and ROSANA MONGE, and the forged signature of JOE MONGE, to

further the fraudulent closing of the Thoroughbred Property;

g.      **Fraud and Related Activity in Connection with Identification**

**Documents Count No. 7.**  On or about February 3, 2006, ROJAS and

JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,

MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy

with Defendants HERRERA, DONA ANA TITLE, BLOUNT,

PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN

GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN

FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

purportedly prepared a Good Faith Estimate which knowingly included

false information regarding JOE MONGE and ROSANA MONGE, and

the forged signature of JOE MONGE, to further the fraudulent closing of

the Thoroughbred Property;

h.      **Fraud and Related Activity in Connection with Identification**

**Documents Count No. 8.**  On or about February 3, 2006, ROJAS and

JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,

MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy

with Defendants HERRERA, DONA ANA TITLE, BLOUNT,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                          Page 188 of 312

PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN

GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN

FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

purportedly prepared a Truth in Lending Disclosure Statement which

knowingly included false information regarding JOE MONGE and

ROSANA MONGE, and the forged signature of JOE MONGE, to further

the fraudulent closing of the Thoroughbred Property;

i.   **Fraud and Related Activity in Connection with Identification
    Documents Count No. 9.**  On or about February 3, 2006, ROJAS and

JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,

MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy

with Defendants HERRERA, DONA ANA TITLE, BLOUNT,

PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN

GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN

FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

purportedly prepared a Seller's and/or Purchaser's/Borrower's Statement

which knowingly included false information regarding JOE MONGE and

ROSANA MONGE, and the forged signature of JOE MONGE, to further

the fraudulent closing of the Thoroughbred Property;

j.   **Fraud and Related Activity in Connection with Identification
    Documents Count No. 10.**  On or about February 3, 2006, ROJAS and

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 189 of 312

JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly prepared a Request for Taxpayer Identification Number and Certification which knowingly included false information regarding JOE MONGE and ROSANA MONGE, and the forged signature of JOE MONGE, to further the fraudulent closing of the Thoroughbred Property;

k. **Fraud and Related Activity in Connection with Identification Documents Count No. 11.** On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly prepared, mailed or wired, and/or caused to be mailed or wired, to AMERICA'S WHOLESALE LENDER, a HUD-1 Settlement Statement which knowingly included false information regarding JOE

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                        Page 190 of 312

MONGE and ROSANA MONGE, and the forged signatures of JOE

MONGE and ROSANA MONGE, to further the fraudulent closing of the

Thoroughbred Property;

l.  **Fraud and Related Activity in Connection with Identification**

**Documents Count No. 12.**  In January and February 2006, ROJAS and

JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,

MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy

with Defendants HERRERA, DONA ANA TITLE, BLOUNT,

PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN

GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN

FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

purportedly prepared, mailed or wired, and/or caused to be mailed or

wired, multiple loan applications which knowingly included false

information regarding JOE MONGE and ROSANA MONGE, to further

the fraudulent closing of the Thoroughbred Property;

m.  **Fraud and Related Activity in Connection with Identification**

**Documents Count No. 13.**  On or about March 15, 2007, ROJAS and

JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,

MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy

with HERRERA, aided and abetted by FIRST AMERICAN

GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN

FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 191 of 312

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,
purportedly prepared, mailed or wired, and/or caused to be mailed or
wired, to SIERRA TITLE, a false and fraudulent Request for Title
Commitment, along with the identity information of JOE MONGE and
ROSANA MONGE, requesting a title insurance policy in order to
refinance the Thoroughbred Property on behalf of JOE MONGE and
ROSANA MONGE, who did not authorize such a transaction, or the use
of their confidential identifying information; and,

n.  **Fraud and Related Activity in Connection with Identification
Documents Count No. 14.** On or about March 5, 2008, ROJAS and
JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,
MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy
with HERRERA, aided and abetted by FIRST AMERICAN
GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN
FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S
WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,
purportedly prepared, mailed or wired, and/or caused to be mailed or
wired, to Charter Mortgage, a false and fraudulent Request for Title
Commitment, along with the identity information of JOE MONGE and
ROSANA MONGE, requesting a mortgage, purportedly on behalf of JOE
MONGE and ROSANA MONGE, who did not authorize such a
transaction, or the use of their confidential identifying information.

E.  **Action for Fraud and Related Activity in Connection with Access Devices.**

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 192 of 312

285.     In the alternative, and in addition to the foregoing count(s), Plaintiff re-alleges and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and files this Action for Fraud and Related Activity in Connection with Access Devices, on the basis that ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, and SELBY, aided and abetted by Defendants ZACOUR, PAUL G. ZACOUR, FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, and AMERICA'S WHOLESALE LENDER, willfully and intentionally violated 18 USCA §1029, Fraud And Related Activity In Connection With Access Devices, and Conspiracy To Commit Fraud And Related Activity In Connection With Access Devices, by devising or intending to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, and conspiring to devise or intend to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, for purposes of obtaining and converting JOE MONGE and ROSANA MONGE's property or business, to the economic and financial detriment of Plaintiff, without lawful authority, by means of false or fraudulent pretenses, representations, or promises, in that ROJAS and JAYME and said Defendants knowingly and with intent to defraud effected transactions with one (1) or more access devices issued to another person or persons, in order to receive payment or any other thing of value, during any 1-year period the aggregate value of which is equal to or greater than One Thousand Dollars ($1,000.00), and caused funds to be disbursed and transmitted, in interstate commerce from and between the states of Texas and New Mexico, and other states, specifically as follows:

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 193 of 312

a. **Fraud and Related Activity in Connection with Access Devices Count No. 1.** On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly presented, or caused to be presented, to ROJAS d/b/a First Mortgage of El Paso, a check or wire for Six Thousand Nine Hundred Seventy-Five Dollars ($6,975.00), for the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE;

b. **Fraud and Related Activity in Connection with Access Devices Count No. 2.** On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly presented, or caused to be presented, to Little & Dranttel, a check in the amount of Five Hundred

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 194 of 312

Sixty Two Thousand Fifty-Eight Dollars and Ninety-Eight Cents ($562,058.98), to further the fraudulent closing of the Thoroughbred Property;

c.   **Fraud and Related Activity in Connection with Access Devices Count No. 3.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly accepted a check or wire for Six Thousand Nine Hundred Seventy-Five Dollars ($6,975.00), from Defendant AMERICA'S WHOLESALE LENDER, as a commission for the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE;

d.   **Fraud and Related Activity in Connection with Access Devices Count No. 4.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 195 of 312

AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly presented, or caused to be presented, to the Los Ranchos Del Rio Homeowner Association, a check or wire, in the amount of One Hundred Thirty-Three Dollars ($133.00), for the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE, for less than the full Four Hundred Forty Dollars and Twenty-Three Cents ($440.23) owed, without notifying AMERICA'S WHOLESALE LENDER or JOE MONGE and ROSANA MONGE of same, to further the fraudulent closing of the Thoroughbred Property;

e.  **Fraud and Related Activity in Connection with Access Devices Count No. 5.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly presented, or caused to be presented, to Defendant DONA ANA TITLE, a check or wire, for the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE, in the amount of Three Thousand Nine Hundred One Dollars and Eighteen Cents ($3,901.18), to further the fraudulent closing

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 196 of 312

of the Thoroughbred Property;

f. **Fraud and Related Activity in Connection with Access Devices Count No. 6.** On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly presented, or caused to be presented, to Edward Abraham, a check or wire, for the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE, in the amount of Eighty Thousand Five Hundred Dollars and Thirty-Six Cents ($80,500.36), which was never actually disbursed by said Defendants, to further the fraudulent closing of the Thoroughbred Property;

g. **Fraud and Related Activity in Connection with Access Devices Count No. 7.** On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB          Page 197 of 312

AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER,

ZACOUR, and PAUL G. ZACOUR, purportedly presented, or caused to

be presentedd, to Elephant Butte Irrigation, a check or wire, for the

fraudulent sale of the Thoroughbred Property to JOE MONGE and

ROSANA MONGE, in the amount of Six Hundred Sixty-One Dollars and

Seventy-Five Cents ($661.75), leaving Six Hundred Fifty-Eight Dollars

and Seventy-One Cents ($658.71) as still owed, without notifying

AMERICA'S WHOLESALE LENDER or JOE MONGE and ROSANA

MONGE of same;

h.     **Fraud and Related Activity in Connection with Access Devices Count

No. 8.**  On or about February 6, 2006, ROJAS and JAYME, with

Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA,

GABRIELA, and TATIANA as accomplices, in conspiracy with

Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and

SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST

AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF

AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER,

ZACOUR, and PAUL G. ZACOUR, purportedly presented, or caused to

be presented, to ZACOUR and PAUL G. ZACOUR a check or wire, for

the fraudulent sale of the Thoroughbred Property to JOE MONGE and

ROSANA MONGE, in the amount of Five Hundred Fifty Dollars

($550.00);

i.     **Fraud and Related Activity in Connection with Access Devices Count**

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 198 of 312

**No. 9.**  On or about February 6, 2006, ROJAS and JAYME, with

Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA,

GABRIELA, and TATIANA as accomplices, in conspiracy with

Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS, JR.,

DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and

abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN

TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA,

COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR,

and PAUL G. ZACOUR, following the fraudulent sale of the

Thoroughbred Property to JOE MONGE and ROSANA MONGE,

purportedly presented, or caused to be presented, a check or wire in the

amount of One Hundred Twenty-Five Thousand One Hundred Seventy-

Nine Dollars and Twenty-Seven Cents ($125,179.27), ostensibly to be sent

to Defendant TOMASA, which was never deposited by Defendant

TOMASA, which was never actually disbursed by said Defendants; and,

j.     **Fraud and Related Activity in Connection with Access Devices Count**

**No. 10.**  On or about February 8, 2006, ROJAS and JAYME, with

Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA,

GABRIELA, and TATIANA as accomplices, in conspiracy with

Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and

SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST

AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF

AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 199 of 312

ZACOUR, and PAUL G. ZACOUR, purportedly presented, or caused to be presented, to Little & Dranttel, a wire in the amount of Five Hundred Sixty-Seven Thousand Four Hundred Forty Dollars and Fifty-Four Cents ($567,440.54), to further the fraudulent closing of the Thoroughbred Property.

**F.      Action for Financial Institution Fraud.**

286.    In the alternative, and in addition to the foregoing count(s), Plaintiff re-alleges and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and files this Action for Financial Institution Fraud, on the basis that ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, and SELBY, aided and abetted by Defendants ZACOUR, PAUL G. ZACOUR, FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, and AMERICA'S WHOLESALE LENDER, willfully and intentionally violated 18 USCA §1344, Bank Fraud, and Conspiracy To Commit Bank Fraud, by devising or intending to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, and conspiring to devise or intend to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, for purposes of obtaining and converting JOE MONGE and ROSANA MONGE's property or business, without lawful authority, by means of false or fraudulent pretenses, representations, or promises, in that ROJAS and JAYME and said Defendants knowingly executed or attempted to execute, a scheme or artifice, to defraud a

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                              Page 200 of 312

financial institution; or to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by knowingly and intentionally submitting fraudulent and falsified documents, in interstate commerce from and between the states of Texas and New Mexico, and other states, specifically as follows:

a.  **Financial Institution Fraud Count No. 1.**  On January 10, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly presented, and/or caused to be presented, to AMERICA'S WHOLESALE LENDER, a fraudulent lease, purporting to show JOE MONGE and ROSANA MONGE leased out a property at 100 West 6th St. in Lordsburg, New Mexico, to further the fraudulent closing of the Thoroughbred Property;

b.  **Financial Institution Fraud Count No. 2.**  On January 10, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 201 of 312

FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

purportedly presented, and/or caused to be presented, to AMERICA'S

WHOLESALE LENDER, a Uniform Residential Loan Application, on

behalf of JOE MONGE and ROSANA MONGE, which included, in the

Assets and Liabilities section, false leases, in order to fraudulently claim

JOE MONGE and ROSANA MONGE were receiving income from rental

properties, to further the fraudulent closing of the Thoroughbred Property;

c.     **Financial Institution Fraud Count No. 3.**  On January 27, 2006, ROJAS

and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,

MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy

with Defendants HERRERA, DONA ANA TITLE, BLOUNT,

PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN

GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN

FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

purportedly presented, and/or caused to be presented, to AMERICA'S

WHOLESALE LENDER, a fraudulent lease, purporting to show JOE

MONGE and ROSANA MONGE leased out a property at 2708 Fillmore

Ave. in El Paso, Texas, to further the fraudulent closing of the

Thoroughbred Property;

d.     **Financial Institution Fraud Count No. 4.**  On January 27, 2006, ROJAS

and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 202 of 312

MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy

with Defendants HERRERA, DONA ANA TITLE, BLOUNT,

PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN

GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN

FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

purportedly presented, and/or caused to be presented, to AMERICA'S

WHOLESALE LENDER, a false and fraudulent check, purporting to

show a rental payment, made by "Dr. Pete Natividad", to JOE MONGE

and ROSANA MONGE, under a fraudulent lease in which JOE MONGE

and ROSANA MONGE purportedly leased out a property at 2708

Fillmore Ave. in El Paso, Texas, to further the fraudulent closing of the

Thoroughbred Property;

e.     **Financial Institution Fraud Count No. 5.** On or about February 6, 2006,

ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO,

PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in

conspiracy with BLOUNT, SELBY, DONA ANA TITLE, PARSLEY,

aided and abetted by FIRST AMERICAN GUARANTY, FIRST

AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF

AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER,

ZACOUR, and PAUL G. ZACOUR, following the purchase of the

Thoroughbred Property by JOE MONGE and ROSANA MONGE,

purportedly presented, and/or caused to be presented, a false and

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 203 of 312

fraudulent Title Commitment to AMERICA'S WHOLESALE LENDER, despite the fact that ROJAS, JAYME, BLOUNT, SELBY, PARSLEY, and DONA ANA TITLE knew JAYME was not the owner of the Thoroughbred Property on said date, and could not therefore convey clear and marketable title to the Thoroughbred Property on said date;

f.      **Financial Institution Fraud Count No. 6.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with BLOUNT, SELBY, DONA ANA TITLE, PARSLEY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, following the purchase of the Thoroughbred Property by JOE MONGE and ROSANA MONGE, purportedly presented, and/or caused to be presented, certified copies of the fraudulent closing documents to AMERICA'S WHOLESALE LENDER, despite the fact that ROJAS, JAYME, BLOUNT, SELBY, PARSLEY, and DONA ANA TITLE knew JAYME was not the owner of the Thoroughbred Property on said date, and could not therefore convey clear and marketable title to the Thoroughbred Property on said date;

g.      **Financial Institution Fraud Count No. 7.**  In January and February 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 204 of 312

accomplices, in conspiracy with Defendants HERRERA, DONA ANA

TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST

AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST

AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE,

AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G.

ZACOUR, purportedly presented, and/or caused to be presented, multiple

loan applications which knowingly included false information regarding

JOE MONGE and ROSANA MONGE's gross monthly income, combined

monthly household expenses, assets (including liquid assets), real estate

owned, creditors, liabilities, and net worth;

h.      **Financial Institution Fraud Count No. 8.**  In January and February

2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA,

MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as

accomplices, in conspiracy with Defendants HERRERA, DONA ANA

TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST

AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST

AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE,

AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G.

ZACOUR, purportedly presented, and/or caused to be presented, multiple

false and fraudulent HUD-1 Settlement Statements, to further the

fraudulent closing of the Thoroughbred Property; and,

i.      **Financial Institution Fraud Count No. 9.**  On or about March 5, 2008,

ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB             Page 205 of 312

PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in

conspiracy with HERRERA, aided and abetted by FIRST AMERICAN

GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN

FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

purportedly presented, and/or caused to be presented, to Charter Mortgage,

a false and fraudulent Request for Title Commitment, based on false

appraisal values, and requesting a mortgage, purportedly on behalf of JOE

MONGE and ROSANA MONGE, who did not authorize such a

transaction, or the use of their confidential identifying information.

## G.     Action for Obstruction of Justice.

287.     In the alternative, and in addition to the foregoing count(s), Plaintiff re-alleges

and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and

files this Action for Obstruction of Justice, on the basis that ROJAS and JAYME, with

Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA

as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE

LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, and SELBY, aided and abetted by

Defendants ZACOUR, PAUL G. ZACOUR, FIRST AMERICAN GUARANTY, FIRST

AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA,

COUNTRYWIDE, and AMERICA'S WHOLESALE LENDER, willfully and intentionally

violated 18 USCA §1503, Influencing Or Injuring Officer Or Juror Generally, and Conspiracy

To Influence Or Injure Officer Or Juror Generally, by devising or intending to devise a scheme

or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and financial

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                          Page 206 of 312

detriment of Plaintiff, and conspiring to devise or intend to devise a scheme or artifice to defraud

JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, for

purposes of obtaining and converting JOE MONGE and ROSANA MONGE's property or

business, to the economic and financial detriment of Plaintiff, without lawful authority, by means

of false or fraudulent pretenses, representations, or promises, in that ROJAS and JAYME, with

Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA

as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE

LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, and SELBY, aided and abetted by

Defendants ZACOUR, PAUL G. ZACOUR, FIRST AMERICAN GUARANTY, FIRST

AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA,

COUNTRYWIDE, and AMERICA'S WHOLESALE LENDER, corruptly endeavored to

influence, obstruct, or impede the due administration of justice, and corruptly influenced,

obstructed, or impeded the due administration of justice, in interstate commerce from and

between the states of Texas and New Mexico, and other states, specifically as follows:

a. **Obstruction of Justice Count No. 1.** On or about September 17, 2008,

ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO,

PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in

conspiracy with BLOUNT, SELBY, DONA ANA TITLE, PARSLEY,

aided and abetted by FIRST AMERICAN GUARANTY, FIRST

AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF

AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER,

ZACOUR, and PAUL G. ZACOUR, knowingly and intentionally, and

with the express and/or tacit approval of JAYME, stated falsely under oath

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 207 of 312

that the Thoroughbred Property was located in the State of Texas, thereby

intentionally concealing its true and known location as that of within the

State of New Mexico, with the specific intent and goal that the magistrate

would in fact not rule against the Defendants and order them evicted, thus

allowing ROJAS and JAYME's conversion of the Thoroughbred Property

to continue, and preventing fair judicial relief under law to the true owners

of the Thoroughbred Property; and,

b.  **Obstruction of Justice Count No. 2.** From 2010 until 2014, DONA

ANA TITLE, in conspiracy with BLOUNT and PARSLEY, in the course

of the AP, withheld documents from lawful subpoenas issued in the

United States Bankruptcy Court for the Western District of Texas,

preventing fair judicial relief under law in the AP.

## H.  Action for Racketeering.

288.    In the alternative, and in addition to the foregoing count(s), Plaintiff re-alleges

and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and

files this Action for Racketeering, on the basis that ROJAS and JAYME, with Defendants

ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as

accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE

LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, and SELBY, aided and abetted by

Defendants ZACOUR, PAUL G. ZACOUR, FIRST AMERICAN GUARANTY, FIRST

AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA,

COUNTRYWIDE, and AMERICA'S WHOLESALE LENDER, willfully and intentionally

violated 18 USCA §1952, Interstate And Foreign Travel Or Transportation In Aid Of

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 208 of 312

Racketeering Enterprises, and Conspiracy To Commit Interstate And Foreign Travel Or Transportation In Aid Of Racketeering Enterprises, by devising or intending to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, and conspiring to devise or intend to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, for purposes of obtaining and converting JOE MONGE and ROSANA MONGE's property or business, to the economic and financial detriment of Plaintiff, without lawful authority, by means of false or fraudulent pretenses, representations, or promises, in that ROJAS and JAYME and said Defendants travelled in interstate commerce, or used a facility in interstate commerce with the intent to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or the carrying on of unlawful activity, and thereafter performed or attempted to perform such promotion, management, establishment, carrying on, or facilitating the promotion, management, establishment, or carrying on of such unlawful activity, and to hold discussions and meetings, in interstate commerce from and between the states of Texas and New Mexico, and other states, specifically as follows:

   a.     **Racketeering Count No. 1.**  On or about December 18, 2005, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                     Page 209 of 312

purportedly mailed or wired, and/or caused to be mailed or wired, a
fraudulent contract for the purchase of the Thoroughbred Property to JOE
MONGE and ROSANA MONGE, to further the fraudulent closing of the
Thoroughbred Property;

b. **Racketeering Count No. 2.**  On or about December 18, 2005, ROJAS and
JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,
MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy
with Defendants HERRERA, DONA ANA TITLE, BLOUNT,
PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN
GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN
FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S
WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,
purportedly mailed or wired, and/or caused to be mailed or wired, a payoff
request to Little & Drantel, to further the fraudulent closing of the
Thoroughbred Property;

c. **Racketeering Count No. 3.**  On or about December 22, 2005, JAYME, in
conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT,
PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN
GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN
FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S
WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,
purportedly mailed or wired, and/or caused to be mailed or wired, a payoff
request to Little & Drantel, to further the fraudulent closing of the

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB Page 210 of 312

Thoroughbred Property;

d.     **Racketeering Count No. 4.**  On or about December 22, 2005,

HERRERA, acting on behalf of ROJAS and JAYME, with Defendants

ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and

TATIANA as accomplices, in conspiracy with Defendants DONA ANA

TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST

AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST

AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE,

AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G.

ZACOUR, purportedly received by mail or wire, and/or caused to be

mailed or wired, from Little & Drantel, a response to the payoff requests,

to further the fraudulent closing of the Thoroughbred Property;

e.     **Racketeering Count No. 5.**  On or about January 4, 2006, ROJAS and

JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,

MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy

with HERRERA, PARSLEY, and BLOUNT or DONA ANA TITLE,

aided and abetted by FIRST AMERICAN GUARANTY, FIRST

AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF

AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER,

ZACOUR, and PAUL G. ZACOUR, purportedly mailed or wired, and/or

caused to be mailed or wired, a false and fraudulent Appraisal on the

Thoroughbred Property to AMERICA'S WHOLESALE LENDER;

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                          Page 211 of 312

f.      **Racketeering Count No. 6.**  On or about January 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with BLOUNT, SELBY, DONA ANA TITLE, PARSLEY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly mailed or wired, and/or caused to be mailed or wired, a false and fraudulent Title Commitment Policy to ROJAS, JAYME, and HERRERA, which was withheld from JOE MONGE and ROSANA MONGE, by BLOUNT, SELBY, PARSLEY, or DONA ANA TITLE, prior to the closing on the Thoroughbred Property, to further the fraudulent closing of the Thoroughbred Property;

g.      **Racketeering Count No. 7.**  On January 10, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly mailed or wired, and/or caused to be mailed or wired, to AMERICA'S WHOLESALE LENDER, a fraudulent lease, purporting to show JOE MONGE and ROSANA

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 212 of 312

MONGE leased out a property at 100 West 6th St. in Lordsburg, New Mexico, to further the fraudulent closing of the Thoroughbred Property;

h.     **Racketeering Count No. 8.**  On January 10, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly mailed or wired, and/or caused to be mailed or wired, to AMERICA'S WHOLESALE LENDER, a Uniform Residential Loan Application, on behalf of JOE MONGE and ROSANA MONGE, which included, in the Assets and Liabilities section, false leases, in order to fraudulently claim JOE MONGE and ROSANA MONGE were receiving income from rental properties, to further the fraudulent closing of the Thoroughbred Property;

i.     **Racketeering Count No. 9.**  On January 27, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 213 of 312

ZACOUR, and PAUL G. ZACOUR, purportedly mailed or wired, and/or caused to be mailed or wired, to AMERICA'S WHOLESALE LENDER, a fraudulent lease, purporting to show JOE MONGE and ROSANA MONGE leased out a property at 2708 Fillmore Ave. in El Paso, Texas, to further the fraudulent closing of the Thoroughbred Property;

j. **Racketeering Count No. 10.** On January 27, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly mailed or wired, and/or caused to be mailed or wired, to AMERICA'S WHOLESALE LENDER, a false and fraudulent check, purporting to show a rental payment, made by "Dr. Pete Natividad", to JOE MONGE and ROSANA MONGE, under a fraudulent lease in which JOE MONGE and ROSANA MONGE purportedly leased out a property at 2708 Fillmore Ave. in El Paso, Texas, to further the fraudulent closing of the Thoroughbred Property;

k. **Racketeering Count No. 11.** On or about January 31, 2006, BLOUNT, acting on behalf of ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 214 of 312

TITLE, PARSLEY, and SELBY, aided and abetted by FIRST

AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST

AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE,

AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G.

ZACOUR, purportedly mailed or wired, and/or caused to be mailed or

wired, a payoff request to Little & Drantel, to further the fraudulent

closing of the Thoroughbred Property;

l.        **Racketeering Count No. 12.** On February 3, 2006, ROJAS and JAYME,

with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA,

GABRIELA, and TATIANA as accomplices, in conspiracy with

Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and

SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST

AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF

AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER,

ZACOUR, and PAUL G. ZACOUR, traveled, in interstate commerce,

from New Mexico to El Paso, Texas, to further the fraudulent closing of

the sale of the Thoroughbred Property, whereby ROJAS and JAYME,

with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA,

GABRIELA, and TATIANA as accomplices, in conspiracy with

Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and

SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST

AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF

AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 215 of 312

ZACOUR, and PAUL G. ZACOUR, fraudulently induced JOE MONGE

and ROSANA MONGE to purchase the Thoroughbred Property for Six

Hundred Ninety-Seven Thousand Five Hundred Dollars ($697,500.00),

when ROJAS and JAYME lacked title to the Thoroughbred Property;

m.  **Racketeering Count No. 13.**  On or about February 3, 2006, ROJAS and

JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,

MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy

with BLOUNT, SELBY, DONA ANA TITLE, and PARSLEY, aided and

abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN

TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA,

COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR,

and PAUL G. ZACOUR, following the purchase of the Thoroughbred

Property by JOE MONGE and ROSANA MONGE, purportedly mailed or

wired, and/or caused to be mailed or wired, a false and fraudulent

Affidavit As To Debts And Liens, which falsely and fraudulently claimed

that there were no judgment liens filed against JAYME, there were no

suits pending against JAYME in either Federal or State court, JAYME

knew of no adverse claim against the Thoroughbred Property, and,

JAYME had not previously sold, contracted to sell, or conveyed the

Thoroughbred, Property, aside from the sale to JOE MONGE and

ROSANA MONGE, to further the fraudulent closing of the Thoroughbred

Property;

n.  **Racketeering Count No. 14.**  On or about February 3, 2006, ROJAS and

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 216 of 312

JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with BLOUNT, SELBY, DONA ANA TITLE, and PARSLEY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, following the purchase of the Thoroughbred Property by JOE MONGE and ROSANA MONGE, purportedly mailed or wired, and/or caused to be mailed or wired, a false and fraudulent Real Estate Reporting Certification And Solicitation form, which falsely and fraudulently claimed that, at the time of the sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE, JAYME held One Hundred Percent (100%) ownership of the Thoroughbred Property, and JAYME received Seven Hundred Seventy Five Thousand Dollars ($775,000.00), in gross proceeds, from the sale of the Thoroughbred Property, to further the fraudulent closing of the Thoroughbred Property;

o.   **Racketeering Count No. 15.** On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with BLOUNT, SELBY, DONA ANA TITLE, PARSLEY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                      Page 217 of 312

and PAUL G. ZACOUR, following the purchase of the Thoroughbred

Property by JOE MONGE and ROSANA MONGE, purportedly mailed or

wired, and/or caused to be mailed or wired, a false and fraudulent Title

Commitment to AMERICA'S WHOLESALE LENDER, despite the fact

that ROJAS, JAYME, BLOUNT, SELBY, PARSLEY, and DONA ANA

TITLE knew JAYME was not the owner of the Thoroughbred Property on

said date, and could not therefore convey clear and marketable title to the

Thoroughbred Property on said date;

p.     **Racketeering Count No. 16.**  On or about February 6, 2006, ROJAS and

JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,

MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy

with BLOUNT, SELBY, DONA ANA TITLE, PARSLEY, aided and

abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN

TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA,

COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR,

and PAUL G. ZACOUR, following the purchase of the Thoroughbred

Property by JOE MONGE and ROSANA MONGE, purportedly mailed or

wired, and/or caused to be mailed or wired, certified copies of the

fraudulent closing documents to AMERICA'S WHOLESALE LENDER,

despite the fact that ROJAS, JAYME, BLOUNT, SELBY, PARSLEY,

and DONA ANA TITLE knew JAYME was not the owner of the

Thoroughbred Property on said date, and could not therefore convey clear

and marketable title to the Thoroughbred Property on said date;

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 218 of 312

q.     **Racketeering Count No. 17.**  On or about February 6, 2006, ROJAS and

JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,

MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy

with BLOUNT, SELBY, DONA ANA TITLE, PARSLEY, aided and

abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN

TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA,

COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR,

and PAUL G. ZACOUR, following the purchase of the Thoroughbred

Property by JOE MONGE and ROSANA MONGE, purportedly mailed or

wired, and/or caused to be mailed or wired, a fraudulent Warranty Deed to

the County Clerk of Dona Ana County, New Mexico, for filing, with JOE

MONGE and ROSANA MONGE as Grantees, and JAYME as Grantor,

despite the fact that ROJAS, JAYME, BLOUNT, SELBY, PARSLEY,

and DONA ANA TITLE knew JAYME was not the owner of the

Thoroughbred Property on said date, and could not therefore convey clear

and marketable title to the Thoroughbred Property on said date;

r.     **Racketeering Count No. 18.**  On or about February 6, 2006, ROJAS and

JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,

MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy

with BLOUNT, SELBY, DONA ANA TITLE, PARSLEY, aided and

abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN

TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA,

COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 219 of 312

and PAUL G. ZACOUR, following the purchase of the Thoroughbred
Property by JOE MONGE and ROSANA MONGE, purportedly mailed or
wired, and/or caused to be mailed or wired, a fraudulent Mortgage to the
County Clerk of Dona Ana County, New Mexico, with JOE MONGE and
ROSANA MONGE as Grantors, and AMERICA'S WHOLESALE
LENDER as Grantee, for filing, despite the fact that ROJAS, JAYME,
BLOUNT, SELBY, PARSLEY, and DONA ANA TITLE knew JAYME
was not the owner of the Thoroughbred Property on said date, and could
not therefore have conveyed clear and marketable title to the
Thoroughbred Property, to JOE MONGE and ROSANA MONGE on said
date, or at the time of the execution of said Mortgage by JOE MONGE
and ROSANA MONGE;

s.     **Racketeering Count No. 19.** On or about February 6, 2006, ROJAS and
JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,
MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy
with Defendants HERRERA, DONA ANA TITLE, BLOUNT,
PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN
GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN
FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S
WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,
purportedly mailed or wired, and/or caused to be mailed or wired, a check
for Six Thousand Nine Hundred Seventy-Five Dollars ($6,975.00),
payable to ROJAS d/b/a First Mortgage of El Paso, for the fraudulent sale

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 220 of 312

of the Thoroughbred Property to JOE MONGE and ROSANA MONGE;

t. **Racketeering Count No. 20.** On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly mailed or wired, and/or caused to be mailed or wired, a payoff check in the amount of Five Hundred Sixty Two Thousand Fifty-Eight Dollars and Ninety-Eight Cents ($562,058.98) to Little & Drantel, to further the fraudulent closing of the Thoroughbred Property;

u. **Racketeering Count No. 21.** On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, received by mail or wire, and/or caused to be mailed or wired, a check for Six Thousand Nine Hundred Seventy-Five Dollars ($6,975.00) from

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 221 of 312

Defendant AMERICA'S WHOLESALE LENDER, as a commission for the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE;

v.     **Racketeering Count No. 22.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly mailed or wired, and/or caused to be mailed or wired, a check, in the amount of One Hundred Thirty-Three Dollars ($133.00), for the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE, to the Los Ranchos Del Rio Homeowner Association, for less than the full Four Hundred Forty Dollars and Twenty-Three Cents ($440.23) owed, without notifying AMERICA'S WHOLESALE LENDER or JOE MONGE and ROSANA MONGE of same, to further the fraudulent closing of the Thoroughbred Property;

w.     **Racketeering Count No. 23.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 222 of 312

PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN

GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN

FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

purportedly mailed or wired, and/or caused to be mailed or wired, to

AMERICA'S WHOLESALE LENDER, as part of the fraudulent sale of

the Thoroughbred Property to JOE MONGE and ROSANA MONGE, a

false and fraudulent HUD-1 Settlement Statement, even though said

Defendants failed to disburse a payoff amount of Three Thousand Six

Dollars and Forty-Six Cents ($3,006.46), to satisfy the Notice of Claim of

Lien (hereinafter referred to as the "State Tax Lien"), filed on October 6,

2004, by the New Mexico Taxation and Revenue Department, to further

the fraudulent closing of the Thoroughbred Property, without notifying

AMERICA'S WHOLESALE LENDER or JOE MONGE and ROSANA

MONGE of same;

x.     **Racketeering Count No. 24.**  On or about February 6, 2006, ROJAS and

JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,

MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy

with Defendants HERRERA, DONA ANA TITLE, BLOUNT,

PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN

GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN

FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 223 of 312

purportedly mailed or wired, and/or caused to be mailed or wired, to
AMERICA'S WHOLESALE LENDER, as part of the fraudulent sale of
the Thoroughbred Property to JOE MONGE and ROSANA MONGE, a
false and fraudulent HUD-1 Settlement Statement, as Defendants failed to
disburse a payoff amount of Two Thousand Four Hundred Ninety-Eight
Dollars and Sixty-Seven Cents ($2,498.67), to satisfy the 2005 New
Mexico property taxes, without notifying AMERICA'S WHOLESALE
LENDER or JOE MONGE and ROSANA MONGE of same;

y.   **Racketeering Count No. 25.**   On or about February 6, 2006, ROJAS and
JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,
MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy
with Defendants HERRERA, DONA ANA TITLE, BLOUNT,
PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN
GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN
FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S
WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,
purportedly mailed or wired, and/or caused to be mailed or wired, a check,
for the fraudulent sale of the Thoroughbred Property to JOE MONGE and
ROSANA MONGE, to Elephant Butte Irrigation, for Six Hundred Sixty-
One Dollars and Seventy-Five Cents ($661.75), leaving Six Hundred
Fifty-Eight Dollars and Seventy-One Cents ($658.71) as still owed,
without notifying AMERICA'S WHOLESALE LENDER or JOE
MONGE and ROSANA MONGE of same;

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                      Page 224 of 312

z.      **Racketeering Count No. 26.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly mailed or wired, and/or caused to be mailed or wired, to AMERICA'S WHOLESALE LENDER, as part of the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE, a false and fraudulent HUD-1 Settlement Statement, showing a Two Thousand Twelve Dollar ($2,012.00) disbursement to Allstate, allegedly as payment for a hazard insurance policy, which was never actually disbursed by said Defendants;

aa.      **Racketeering Count No. 27.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB      Page 225 of 312

purportedly mailed or wired, and/or caused to be mailed or wired, a check, for the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE, to Defendant DONA ANA TITLE, in the amount of Three Thousand Nine Hundred One Dollars and Eighteen Cents ($3,901.18), to further the fraudulent closing of the Thoroughbred Property;

bb.   **Racketeering Count No. 28.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly mailed or wired, and/or caused to be mailed or wired, to Edward Abraham, a check, for the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE, in the amount of Eighty Thousand Five Hundred Dollars and Thirty-Six Cents ($80,500.36), which was never actually disbursed by said Defendants, to further the fraudulent closing of the Thoroughbred Property;

cc.   **Racketeering Count No. 29.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 226 of 312

with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly mailed or wired, and/or caused to be mailed or wired, to ZACOUR, and PAUL G. ZACOUR a check, for the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE, in the amount of Five Hundred Fifty Dollars ($550.00);

dd.     **Racketeering Count No. 30.**   On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly mailed or wired, and/or caused to be mailed or wired, a check, for the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE, to Defendant TOMASA, in the amount of One Hundred Twenty-Five Thousand One Hundred Seventy-Nine Dollars and Twenty-Seven Cents ($125,179.27), which was never actually disbursed by said Defendants;

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                Page 227 of 312

ee. **Racketeering Count No. 31.**  On or about February 7, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly received by mail or wire, and/or caused to be mailed or wired, from Little & Drantel, a response to the payoff requests, to further the fraudulent closing of the Thoroughbred Property;

ff. **Racketeering Count No. 32.**  On or about February 8, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly wired, and/or caused to be wired, a payoff amount of Five Hundred Sixty-Seven Thousand Four Hundred Forty Dollars and Fifty-Four Cents ($567,440.54) to Little & Dranttel, to further the fraudulent closing of the Thoroughbred Property;

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 228 of 312

gg.    **Racketeering Count No. 33.** In January and February 2006, ROJAS and

JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,

MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy

with Defendants HERRERA, DONA ANA TITLE, BLOUNT,

PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN

GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN

FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

purportedly mailed or wired, and/or caused to be mailed or wired, multiple

loan applications which knowingly included false information regarding

JOE MONGE and ROSANA MONGE's gross monthly income, combined

monthly household expenses, assets (including liquid assets), real estate

owned, creditors, liabilities, and net worth;

hh.    **Racketeering Count No. 34.** In January and February 2006, ROJAS and

JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,

MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy

with Defendants HERRERA, DONA ANA TITLE, BLOUNT,

PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN

GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN

FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

purportedly mailed or wired, and/or caused to be mailed or wired, multiple

false and fraudulent HUD-1 Settlement Statements, to further the

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 229 of 312

fraudulent closing of the Thoroughbred Property;

ii.  **Racketeering Count No. 35.**  On or before July 26, 2006, in an attempt to cover up their previous fraud, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with BLOUNT, SELBY, DONA ANA TITLE, PARSLEY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, following the purchase of the Thoroughbred Property by JOE MONGE and ROSANA MONGE, purportedly mailed or wired, and/or caused to be mailed or wired, a fraudulent Correction Warranty Deed to the County Clerk of Dona Ana County, New Mexico, for filing, with JOE MONGE and ROSANA MONGE as Grantees, and JAYME as Grantor, despite the fact that ROJAS, JAYME, BLOUNT, SELBY, PARSLEY, and DONA ANA TITLE knew JAYME was not the owner of the Thoroughbred Property, and could not therefore convey clear and marketable title to the Thoroughbred Property, on February 6, 2006, which is the date the fraudulent Correction Warranty Deed depicts the signature of JAYME, to further the fraudulent closing of the Thoroughbred Property;

jj.  **Racketeering Count No. 36.**  On or before July 26, 2006, in an attempt to cover up their previous fraud, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 230 of 312

TATIANA as accomplices, in conspiracy with BLOUNT, SELBY, DONA ANA TITLE, PARSLEY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, following the purchase of the Thoroughbred Property by JOE MONGE and ROSANA MONGE, purportedly mailed or wired, and/or caused to be mailed or wired, a fraudulent Correction Mortgage to the County Clerk of Dona Ana County, New Mexico, with JOE MONGE and ROSANA MONGE as Grantors, for filing, despite the fact that ROJAS, JAYME, BLOUNT, SELBY, PARSLEY, and DONA ANA TITLE knew JAYME was not the owner of the Thoroughbred Property at the time of the execution of said Mortgage by JOE MONGE and ROSANA MONGE, on February 6, 2006, and could not therefore have conveyed clear and marketable title to the Thoroughbred Property to JOE MONGE and ROSANA MONGE, on February 6, 2006, which is the date the fraudulent Correction Mortgage depicts the signatures of JOE MONGE and ROSANA MONGE, to further the fraudulent closing of the Thoroughbred Property;

kk.   **Racketeering Count No. 37.** On or about December 8, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with BLOUNT, SELBY, DONA ANA TITLE, PARSLEY, aided and

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 231 of 312

abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, following the purchase of the Thoroughbred Property by JOE MONGE and ROSANA MONGE, purportedly mailed or wired, and/or caused to be mailed or wired, a fraudulent Owner's Title Insurance Policy to JOE MONGE and ROSANA MONGE, despite the fact that ROJAS, JAYME, BLOUNT, SELBY, PARSLEY, and DONA ANA TITLE knew JAYME was not the owner of the Thoroughbred Property, and could not therefore convey clear and marketable title to the Thoroughbred Property, to JOE MONGE and ROSANA MONGE, to further the fraudulent closing of the Thoroughbred Property;

ll.     **Racketeering Count No. 38.**  On or about December 8, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with BLOUNT, SELBY, DONA ANA TITLE, PARSLEY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, following the purchase of the Thoroughbred Property by JOE MONGE and ROSANA MONGE, purportedly mailed or wired, and/or caused to be mailed or wired, a fraudulent Mortgagee's Title Insurance Policy to AMERICA'S WHOLESALE LENDER, despite the

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 232 of 312

fact that ROJAS, JAYME, BLOUNT, SELBY, PARSLEY, and DONA

ANA TITLE knew JAYME was not the owner of the Thoroughbred

Property, and could not therefore convey clear and marketable title to the

Thoroughbred Property, to JOE MONGE and ROSANA MONGE, to

further the fraudulent closing of the Thoroughbred Property;

mm.     **Racketeering Count No. 39.**  On March 15, 2007, ROJAS and JAYME,

with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA,

GABRIELA, and TATIANA as accomplices, in conspiracy with

HERRERA, aided and abetted by FIRST AMERICAN GUARANTY,

FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK

OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE

LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly mailed or

wired, and/or caused to be mailed or wired, to SIERRA TITLE, a false and

fraudulent Request for Title Commitment, based on false appraisal values,

and requesting a title insurance policy in order to refinance the

Thoroughbred Property purportedly on behalf of JOE MONGE and

ROSANA MONGE, who did not authorize such a transaction, or the use

of their confidential identifying information;

nn.     **Racketeering Count No. 40.**  On or about March of 2007, ROJAS and

JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,

MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy

with HERRERA, aided and abetted by FIRST AMERICAN

GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 233 of 312

FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

purportedly mailed or wired, and/or caused to be mailed or wired, false

and fraudulent refinance documents, based on false Appraisal values, on

the Thoroughbred Property;

oo.     **Racketeering Count No. 41.** In 2007, ROJAS and JAYME, with

Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA,

GABRIELA, and TATIANA as accomplices, in conspiracy with

Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and

SELBY, intentionally intercepted, withheld, and concealed, from JOE

MONGE and ROSANA MONGE, mailings of all summons documents for

JOE MONGE and ROSANA MONGE, regarding the Thoroughbred

Property;

pp.     **Racketeering Count No. 42.** In 2006 or 2007, ROJAS and JAYME, with

Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA,

GABRIELA, and TATIANA as accomplices, in conspiracy with

BLOUNT, SELBY, DONA ANA TITLE, and PARSLEY, aided and

abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN

TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA,

COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR,

and PAUL G. ZACOUR, following the purchase of the Thoroughbred

Property by JOE MONGE and ROSANA MONGE, purportedly mailed or

wired, and/or caused to be mailed or wired, a false and fraudulent Form

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 234 of 312

1099-S, which falsely and fraudulently claimed JAYME received Seven
Hundred Seventy Five Thousand Dollars ($775,000.00), in gross proceeds,
from the sale of the Thoroughbred Property, to further the fraudulent
closing of the Thoroughbred Property;

qq.    **Racketeering Count No. 43.**  On or about March 5, 2008, ROJAS and
JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,
MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy
with HERRERA, aided and abetted by FIRST AMERICAN
GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN
FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S
WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,
purportedly mailed or wired, and/or caused to be mailed or wired, to
Charter Mortgage, a false and fraudulent Request for Title Commitment,
based on false appraisal values, and requesting a mortgage, purportedly on
behalf of JOE MONGE and ROSANA MONGE, who did not authorize
such a transaction, or the use of their confidential identifying information;

rr.    **Racketeering Count No. 44.**  On or about March 13, 2008, ROJAS and
JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,
MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy
with HERRERA, aided and abetted by FIRST AMERICAN
GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN
FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S
WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 235 of 312

purportedly received by mail or wire, and/or caused to be mailed or wired, a Commitment to Insure, based on the above-described false and fraudulent Request for Title Commitment, containing false Appraisal values, for the Thoroughbred Property, which was mailed to Charter Mortgage, in an attempt to obtain a mortgage, purportedly on behalf of JOE MONGE and ROSANA MONGE, who did not authorize such a transaction, or the use of their confidential identifying information;

ss.   **Racketeering Count No. 45.**  On or about July 13, 2010, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, PARSLEY, SELBY, and BLOUNT, filed a false and meritless document (AP, DOC #10), in the United States Bankruptcy Court for the Western District of Texas, El Paso Division, in which ROJAS and JAYME presented the false claims that the Thoroughbred Property is partially located in the State of Texas, and the Thoroughbred Property is subject to a claim allowing ROJAS and JAYME to retain possession of the Thoroughbred Property, in violation of the automatic stay, in order to prevent fair judicial relief under law in the AP;

tt.   **Racketeering Count No. 46.**  On or about August 24, 2010, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, PARSLEY, SELBY, and BLOUNT, filed a false and meritless document (AP, DOC #17-1), in

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 236 of 312

the United States Bankruptcy Court for the Western District of Texas, El Paso Division, in which ROJAS and JAYME presented the false claims that the Thoroughbred Property is partially located in the State of Texas, and the Thoroughbred Property is subject to a claim allowing ROJAS and JAYME to retain possession of the Thoroughbred Property, in violation of the automatic stay, in order to prevent fair judicial relief under law in the AP;

uu.    **Racketeering Count No. 47.**  From 2007 until 2010, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, intentionally intercepted, withheld, and concealed, from JOE MONGE and ROSANA MONGE, mailings of all notice, information, and documentation relating to the Thoroughbred Property that were addressed and mailed to JOE MONGE and ROSANA MONGE, particularly as concerns (i) the non-payment of the rent/mortgage payments by ROJAS and JAYME, and (ii) the pending foreclosure of the Thoroughbred Property;

vv.    **Racketeering Count No. 48.**  On or about April 5, 2011, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, PARSLEY, SELBY, and BLOUNT, filed a false and meritless document (AP, DOC #39), in the

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 237 of 312

United States Bankruptcy Court for the Western District of Texas, El Paso Division, in which ROJAS and JAYME presented the false claims that the Thoroughbred Property is partially located in the State of Texas, and the Thoroughbred Property is subject to a claim allowing ROJAS and JAYME to retain possession of the Thoroughbred Property, in violation of the automatic stay, in order to prevent fair judicial relief under law in the AP;

ww.   **Racketeering Count No. 49.**  In February 2012, ROJAS and JAYME purportedly mailed or wired, and/or caused to be mailed or wired, a FAST Order Sheet to sell the Thoroughbred Property to "Joe J Jayme", without the approval or authorization of JOE MONGE and ROSANA MONGE;

xx.   **Racketeering Count No. 50.**  On or about August 21, 2012, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, PARSLEY, SELBY, and BLOUNT, filed a false and meritless document (AP, DOC #80), in the United States Bankruptcy Court for the Western District of Texas, El Paso Division, in which ROJAS and JAYME presented the false claims that the Thoroughbred Property is partially located in the State of Texas, and the Thoroughbred Property is subject to a claim allowing ROJAS and JAYME to retain possession of the Thoroughbred Property, in violation of the automatic stay, in order to prevent fair judicial relief under law in the AP;

yy.   **Racketeering Count No. 51.**  On or about November 29, 2012, ROJAS

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                      Page 238 of 312

and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, PARSLEY, SELBY, and BLOUNT, filed a false and meritless document (AP, DOC #122), in the United States Bankruptcy Court for the Western District of Texas, El Paso Division, in order to prevent fair judicial relief under law in the AP;

zz.  **Racketeering Count No. 52.**  On or about September 19, 2013, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, PARSLEY, SELBY, and BLOUNT, filed a false and meritless document (AP, DOC #221), in the United States Bankruptcy Court for the Western District of Texas, El Paso Division, in which ROJAS and JAYME presented the false claims that the Thoroughbred Property is partially located in the State of Texas, and the Thoroughbred Property is subject to a claim allowing ROJAS and JAYME to retain possession of the Thoroughbred Property, in violation of the automatic stay, in order to prevent fair judicial relief under law in the AP;

aaa.  **Racketeering Count No. 53.**  On or about June 3, 2014, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, PARSLEY, SELBY, and BLOUNT, filed a false and meritless document (AP, DOC #278), in

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 239 of 312

the United States Bankruptcy Court for the Western District of Texas, El
Paso Division, in order to prevent fair judicial relief under law in the AP;

bbb.    **Racketeering Count No. 54.**  On or about June 3, 2014, ROJAS and
JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,
MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy
with Defendants HERRERA, DONA ANA TITLE, PARSLEY, SELBY,
and BLOUNT, filed a false and meritless document (AP, DOC #279), in
the United States Bankruptcy Court for the Western District of Texas, El
Paso Division, in order to prevent fair judicial relief under law in the AP;

ccc.    **Racketeering Count No. 55.**  From 2010 until 2014, DONA ANA
TITLE, in conspiracy with BLOUNT and PARSLEY, in the course of the
AP, withheld documents from lawful subpoenas issued in the United
States Bankruptcy Court for the Western District of Texas, preventing fair
judicial relief under law in the AP; and,

ddd.    **Racketeering Count No. 56.**  At all times herein, ROJAS and JAYME,
with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA,
GABRIELA, and TATIANA as accomplices, in conspiracy with
Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and
SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST
AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF
AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER,
ZACOUR, and PAUL G. ZACOUR, engaged in Illegal Money

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 240 of 312

Transmitting and Conspiracy to Commit Illegal Money Transmitting, by

having knowingly conducted, controlled, managed, supervised, directed,

and owned proprietorships as d/b/a's, namely First Mortgage of El Paso,

Group II Elements, Megamerica Mortgage Wedgewood, Frontier

Enterprises, Infinity Investment Capital, Mortgage-Pros, Vision Realty-

Westside, and Advance Realty, which corporations and d/b/a's operated to

transfer funds in interstate commerce, and which did transmit funds on

JOE MONGE and ROSANA MONGE's behalf and on behalf of

MONROJ, within this country by wire, check, draft, facsimile, and

courier, in that ROJAS and JAYME and said Defendants knew said funds

were derived from their criminal scheme to defraud JOE MONGE and

ROSANA MONGE herein, and which funds were intended to be used to

promote and continue the fraud perpetuated on JOE MONGE and

ROSANA MONGE.

## I.    Action for Laundering of Money.

289.    In the alternative, and in addition to the foregoing count(s), Plaintiff re-alleges

and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and

files this Action for Laundering of Money, on the basis that ROJAS and JAYME, with

Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA

as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE

LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, and SELBY, aided and abetted by

Defendants ZACOUR, PAUL G. ZACOUR, FIRST AMERICAN GUARANTY, FIRST

AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 241 of 312

COUNTRYWIDE, and AMERICA'S WHOLESALE LENDER, willfully and intentionally violated 18 USCA §1956, Laundering Of Monetary Instruments, and Conspiracy To Launder Money, by devising or intending to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, and conspiring to devise or intend to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, for purposes of obtaining and converting JOE MONGE and ROSANA MONGE's property or business, to the economic and financial detriment of Plaintiff, without lawful authority, by means of false or fraudulent pretenses, representations, or promises, in that ROJAS and JAYME and said Defendants knowingly and intentionally converted proceeds and funds from unlawful activity, for their own purposes, by depositing said proceeds and funds into bank accounts, knowing that the proceeds and funds involved in a financial transaction represented and constituted the proceeds and funds of some form of unlawful activity, with the intent to further, promote and support the carrying on of specified unlawful activity, knowing that the transactions were designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds and funds of specified unlawful activity, in interstate commerce from and between the states of Texas and New Mexico, and other states, specifically as follows:

a. **Laundering of Money Count No. 1.** On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 242 of 312

FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly issued, or caused to be issued, to ROJAS d/b/a First Mortgage of El Paso, a check or wire for Six Thousand Nine Hundred Seventy-Five Dollars ($6,975.00), for the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE;

b.   **Laundering of Money Count No. 2.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly issued, or caused to be issued, to Little & Dranttel, a check in the amount of Five Hundred Sixty Two Thousand Fifty-Eight Dollars and Ninety-Eight Cents ($562,058.98), to further the fraudulent closing of the Thoroughbred Property;

c.   **Laundering of Money Count No. 3.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 243 of 312

GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN

FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

purportedly accepted a check or wire for Six Thousand Nine Hundred

Seventy-Five Dollars ($6,975.00), from Defendant AMERICA'S

WHOLESALE LENDER, as a commission for the fraudulent sale of the

Thoroughbred Property to JOE MONGE and ROSANA MONGE;

d.      **Laundering of Money Count No. 4.**  On or about February 6, 2006,

ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO,

PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in

conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT,

PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN

GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN

FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

purportedly issued, or caused to be issued, to the Los Ranchos Del Rio

Homeowner Association, a check or wire, in the amount of One Hundred

Thirty-Three Dollars ($133.00), for the fraudulent sale of the

Thoroughbred Property to JOE MONGE and ROSANA MONGE, for less

than the full Four Hundred Forty Dollars and Twenty-Three Cents

($440.23) owed, without notifying AMERICA'S WHOLESALE

LENDER or JOE MONGE and ROSANA MONGE of same, to further the

fraudulent closing of the Thoroughbred Property;

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 244 of 312

e.    **Laundering of Money Count No. 5.**  On or about February 6, 2006,
ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO,
PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in
conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT,
PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN
GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN
FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S
WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,
purportedly issued, or caused to be issued, to Defendant DONA ANA
TITLE, a check or wire, for the fraudulent sale of the Thoroughbred
Property to JOE MONGE and ROSANA MONGE, in the amount of Three
Thousand Nine Hundred One Dollars and Eighteen Cents ($3,901.18), to
further the fraudulent closing of the Thoroughbred Property;

f.    **Laundering of Money Count No. 6.**  On or about February 6, 2006,
ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO,
PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in
conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT,
PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN
GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN
FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S
WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,
purportedly issued, or caused to be issued, to Edward Abraham, a check or
wire, for the fraudulent sale of the Thoroughbred Property to JOE

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 245 of 312

MONGE and ROSANA MONGE, in the amount of Eighty Thousand Five

Hundred Dollars and Thirty-Six Cents ($80,500.36), which was never

actually disbursed by said Defendants, to further the fraudulent closing of

the Thoroughbred Property;

g.   **Laundering of Money Count No. 7.**  On or about February 6, 2006,

ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO,

PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in

conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT,

PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN

GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN

FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

purportedly issued, or caused to be issued, to Elephant Butte Irrigation, a

check or wire, for the fraudulent sale of the Thoroughbred Property to JOE

MONGE and ROSANA MONGE, in the amount of Six Hundred Sixty-

One Dollars and Seventy-Five Cents ($661.75), leaving Six Hundred

Fifty-Eight Dollars and Seventy-One Cents ($658.71) as still owed,

without notifying AMERICA'S WHOLESALE LENDER or JOE

MONGE and ROSANA MONGE of same;

h.   **Laundering of Money Count No. 8.**  On or about February 6, 2006,

ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO,

PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in

conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 246 of 312

PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN

GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN

FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

purportedly issued, or caused to be issued, to ZACOUR and PAUL G.

ZACOUR a check or wire, for the fraudulent sale of the Thoroughbred

Property to JOE MONGE and ROSANA MONGE, in the amount of Five

Hundred Fifty Dollars ($550.00);

i.     **Laundering of Money Count No. 9.**  On or about February 6, 2006,

ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO,

PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in

conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR.,

JOSE LUIS, JR., DONA ANA TITLE, BLOUNT, PARSLEY, and

SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST

AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF

AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER,

ZACOUR, and PAUL G. ZACOUR, following the fraudulent sale of the

Thoroughbred Property to JOE MONGE and ROSANA MONGE,

purportedly issued, or caused to be issued, a check or wire in the amount

of One Hundred Twenty-Five Thousand One Hundred Seventy-Nine

Dollars and Twenty-Seven Cents ($125,179.27), ostensibly to be sent to

Defendant TOMASA, which was never deposited by Defendant

TOMASA, which was never actually disbursed by said Defendants; and,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 247 of 312

j.   **Laundering of Money Count No. 10.**   On or about February 8, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly issued, or caused to be issued, to Little & Dranttel, a wire in the amount of Five Hundred Sixty-Seven Thousand Four Hundred Forty Dollars and Fifty-Four Cents ($567,440.54), to further the fraudulent closing of the Thoroughbred Property.

## J.   Action for Engaging in Monetary Transaction in Property Derived from Specified Unlawful Activity.

290.   In the alternative, and in addition to the foregoing count(s), Plaintiff re-alleges and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and files this Action for Engaging in Monetary Transaction in Property Derived from Specified Unlawful Activity, on the basis that ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, and SELBY, aided and abetted by Defendants ZACOUR, PAUL G. ZACOUR, FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, and AMERICA'S WHOLESALE LENDER, willfully and intentionally violated 18 USCA §1957, Engaging In

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                              Page 248 of 312

Monetary Transaction In Property Derived From Specified Unlawful Activity, and Conspiracy

To Engage In Monetary Transaction In Property Derived From Specified Unlawful Activity, by

devising or intending to devise a scheme or artifice to defraud JOE MONGE and ROSANA

MONGE, to the economic and financial detriment of Plaintiff, and conspiring to devise or intend

to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic

and financial detriment of Plaintiff, for purposes of obtaining and converting JOE MONGE and

ROSANA MONGE's property or business, without lawful authority, by means of false or

fraudulent pretenses, representations, or promises, in that ROJAS and JAYME and said

Defendants knowingly engaged or attempted to engage in a monetary transaction, of property of

a value greater than Ten Thousand Dollars ($10,000.00), by converting for their own purposes,

and by depositing into their personal or business bank accounts, and by openly using said

criminally derived funds for their own purposes in interstate commerce, or were intended to be

used to further, promote or support unlawful activity, and which were derived from ROJAS and

JAYME and said Defendants' intentional and unlawful scheme to defraud JOE MONGE and

ROSANA MONGE, to the economic and financial detriment of Plaintiff, in interstate commerce

from and between the states of Texas and New Mexico, and other states, specifically as follows:

a.   **Engaging in Monetary Transaction in Property Derived from
     Specified Unlawful Activity Count No. 1.**  On or about February 6, 2006,
     ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO,
     PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in
     conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT,
     PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN
     GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                  Page 249 of 312

FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

purportedly issued, or caused to be issued, to ROJAS d/b/a First Mortgage

of El Paso, a check or wire for Six Thousand Nine Hundred Seventy-Five

Dollars ($6,975.00), for the fraudulent sale of the Thoroughbred Property

to JOE MONGE and ROSANA MONGE;

b.     **Engaging in Monetary Transaction in Property Derived from
       Specified Unlawful Activity Count No. 2.**  On or about February 6, 2006,
       ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO,
       PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in
       conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT,
       PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN
       GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN
       FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S
       WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,
       purportedly issued, or caused to be issued, to Little & Dranttel, a check in
       the amount of Five Hundred Sixty Two Thousand Fifty-Eight Dollars and
       Ninety-Eight Cents ($562,058.98), to further the fraudulent closing of the
       Thoroughbred Property;

c.     **Engaging in Monetary Transaction in Property Derived from
       Specified Unlawful Activity Count No. 3.**  On or about February 6, 2006,
       ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO,
       PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 250 of 312

conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly accepted a check or wire for Six Thousand Nine Hundred Seventy-Five Dollars ($6,975.00), from Defendant AMERICA'S WHOLESALE LENDER, as a commission for the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE;

d. **Engaging in Monetary Transaction in Property Derived from Specified Unlawful Activity Count No. 4.** On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly issued, or caused to be issued, to the Los Ranchos Del Rio Homeowner Association, a check or wire, in the amount of One Hundred Thirty-Three Dollars ($133.00), for the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE, for less than the full Four Hundred Forty Dollars and Twenty-Three Cents

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 251 of 312

($440.23) owed, without notifying AMERICA'S WHOLESALE

LENDER or JOE MONGE and ROSANA MONGE of same, to further the

fraudulent closing of the Thoroughbred Property;

e.  **Engaging in Monetary Transaction in Property Derived from**

**Specified Unlawful Activity Count No. 5.**  On or about February 6, 2006,

ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO,

PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in

conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT,

PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN

GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN

FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

purportedly issued, or caused to be issued, to Defendant DONA ANA

TITLE, a check or wire, for the fraudulent sale of the Thoroughbred

Property to JOE MONGE and ROSANA MONGE, in the amount of Three

Thousand Nine Hundred One Dollars and Eighteen Cents ($3,901.18), to

further the fraudulent closing of the Thoroughbred Property;

f.  **Engaging in Monetary Transaction in Property Derived from**

**Specified Unlawful Activity Count No. 6.**  On or about February 6, 2006,

ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO,

PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in

conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT,

PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 252 of 312

GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN

FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

purportedly issued, or caused to be issued, to Edward Abraham, a check or

wire, for the fraudulent sale of the Thoroughbred Property to JOE

MONGE and ROSANA MONGE, in the amount of Eighty Thousand Five

Hundred Dollars and Thirty-Six Cents ($80,500.36), which was never

actually disbursed by said Defendants, to further the fraudulent closing of

the Thoroughbred Property;

g.    **Engaging in Monetary Transaction in Property Derived from**

**Specified Unlawful Activity Count No. 7.**   On or about February 6, 2006,

ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO,

PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in

conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT,

PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN

GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN

FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

purportedly issued, or caused to be issued, to Elephant Butte Irrigation, a

check or wire, for the fraudulent sale of the Thoroughbred Property to JOE

MONGE and ROSANA MONGE, in the amount of Six Hundred Sixty-

One Dollars and Seventy-Five Cents ($661.75), leaving Six Hundred

Fifty-Eight Dollars and Seventy-One Cents ($658.71) as still owed,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 253 of 312

without notifying AMERICA'S WHOLESALE LENDER or JOE
MONGE and ROSANA MONGE of same;

h.     **Engaging in Monetary Transaction in Property Derived from**
       **Specified Unlawful Activity Count No. 8.**  On or about February 6, 2006,
       ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO,
       PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in
       conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT,
       PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN
       GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN
       FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S
       WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,
       purportedly issued, or caused to be issued, to ZACOUR and PAUL G.
       ZACOUR a check or wire, for the fraudulent sale of the Thoroughbred
       Property to JOE MONGE and ROSANA MONGE, in the amount of Five
       Hundred Fifty Dollars ($550.00);

i.     **Engaging in Monetary Transaction in Property Derived from**
       **Specified Unlawful Activity Count No. 9.**  On or about February 6, 2006,
       ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO,
       PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in
       conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR.,
       JOSE LUIS, JR., DONA ANA TITLE, BLOUNT, PARSLEY, and
       SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST
       AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 254 of 312

AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, following the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE, purportedly issued, or caused to be issued, a check or wire in the amount of One Hundred Twenty-Five Thousand One Hundred Seventy-Nine Dollars and Twenty-Seven Cents ($125,179.27), ostensibly to be sent to Defendant TOMASA, which was never deposited by Defendant TOMASA, which was never actually disbursed by said Defendants; and,

j.   **Engaging in Monetary Transaction in Property Derived from Specified Unlawful Activity Count No. 10.** On or about February 8, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly issued, or caused to be issued, to Little & Dranttel, a wire in the amount of Five Hundred Sixty-Seven Thousand Four Hundred Forty Dollars and Fifty-Four Cents ($567,440.54), to further the fraudulent closing of the Thoroughbred Property.

**K.     Action for Illegal Money Transmitters.**

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB          Page 255 of 312

291.     In the alternative, and in addition to the foregoing count(s), Plaintiff re-alleges and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and files this Action for Illegal Money Transmitters, on the basis that ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, and SELBY, aided and abetted by Defendants ZACOUR, PAUL G. ZACOUR, FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, and AMERICA'S WHOLESALE LENDER, willfully and intentionally violated 18 USCA §1960, Prohibition Of Unlicensed Money Transmitting Businesses, by devising or intending to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, and conspiring to devise or intend to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, for purposes of obtaining and converting JOE MONGE and ROSANA MONGE's property or business, to the economic and financial detriment of Plaintiff, without lawful authority, by means of false or fraudulent pretenses, representations, or promises, in that ROJAS and JAYME and said Defendants knowingly conducted, controlled, managed, supervised, directed, or owned all or part of an "unlicensed money transmitting business", used as a money transmitting business which affects interstate or foreign commerce, in any manner or degree, and which otherwise involves the transportation or transmission of funds that are known to ROJAS and JAYME and said Defendants to have been derived from a criminal offense, or were intended to be used to further, promote or support unlawful activity, including but not limited to transfers within this country or to locations abroad by wire, check, draft, facsimile, or

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                          Page 256 of 312

courier, by knowingly conducting, controlling, managing, supervising, directing and owning

several proprietorships and businesses, which proprietorships and businesses operated to transfer

funds on behalf of the public in interstate commerce; and involved the transmission of funds

which were known to ROJAS and JAYME and said Defendants to have been derived from the

Defendants' criminal enterprise and scheme to defraud JOE MONGE and ROSANA MONGE,

to the economic and financial detriment of Plaintiff, and which were intended to be used to

promote and continue the fraud perpetuated on JOE MONGE and ROSANA MONGE, to the

economic and financial detriment of Plaintiff, in interstate commerce from and between the

states of Texas and New Mexico, and other states, specifically as follows:

     a.    **Illegal Money Transmitters Count No. 1.**  At all times herein, ROJAS
and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL,
MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy
with Defendants HERRERA, DONA ANA TITLE, BLOUNT,
PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN
GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN
FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S
WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, engaged
in Illegal Money Transmitting and Conspiracy to Commit Illegal Money
Transmitting, by having knowingly conducted, controlled, managed,
supervised, directed, and owned proprietorships as d/b/a's, namely First
Mortgage of El Paso, Group II Elements, Megamerica Mortgage
Wedgewood, Frontier Enterprises, Infinity Investment Capital, Mortgage-
Pros, Vision Realty-Westside, and Advance Realty, which corporations

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB      Page 257 of 312

and d/b/a's operated to transfer funds in interstate commerce, and which did transmit funds on JOE MONGE and ROSANA MONGE's behalf and on behalf of MONROJ, within this country by wire, check, draft, facsimile, and courier, in that ROJAS and JAYME and said Defendants knew said funds were derived from their criminal scheme to defraud JOE MONGE and ROSANA MONGE herein, and which funds were intended to be used to promote and continue the fraud perpetuated on JOE MONGE and ROSANA MONGE;

b.  **Illegal Money Transmitters Count No. 2.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly issued, or caused to be issued, to ROJAS d/b/a First Mortgage of El Paso a check or wire for Six Thousand Nine Hundred Seventy-Five Dollars ($6,975.00), for the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE;

c.  **Illegal Money Transmitters Count No. 3.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 258 of 312

conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly issued, or caused to be issued, to Little & Dranttel, a check in the amount of Five Hundred Sixty Two Thousand Fifty-Eight Dollars and Ninety-Eight Cents ($562,058.98), to further the fraudulent closing of the Thoroughbred Property;

d.     **Illegal Money Transmitters Count No. 4.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly accepted a check or wire for Six Thousand Nine Hundred Seventy-Five Dollars ($6,975.00), from Defendant AMERICA'S WHOLESALE LENDER, as a commission for the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE;

e.     **Illegal Money Transmitters Count No. 5.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 259 of 312

PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in

conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT,

PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN

GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN

FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

purportedly issued, or caused to be issued, to the Los Ranchos Del Rio

Homeowner Association, a check or wire, in the amount of One Hundred

Thirty-Three Dollars ($133.00), for the fraudulent sale of the

Thoroughbred Property to JOE MONGE and ROSANA MONGE, for less

than the full Four Hundred Forty Dollars and Twenty-Three Cents

($440.23) owed, without notifying AMERICA'S WHOLESALE

LENDER or JOE MONGE and ROSANA MONGE of same, to further the

fraudulent closing of the Thoroughbred Property;

f.     **Illegal Money Transmitters Count No. 6.**   On or about February 6, 2006,

ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO,

PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in

conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT,

PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN

GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN

FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S

WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,

purportedly issued, or caused to be issued, to Defendant DONA ANA

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 260 of 312

TITLE, a check or wire, for the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE, in the amount of Three Thousand Nine Hundred One Dollars and Eighteen Cents ($3,901.18), to further the fraudulent closing of the Thoroughbred Property;

g.   **Illegal Money Transmitters Count No. 7.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly issued, or caused to be issued, to Edward Abraham, a check or wire, for the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE, in the amount of Eighty Thousand Five Hundred Dollars and Thirty-Six Cents ($80,500.36), which was never actually disbursed by said Defendants, to further the fraudulent closing of the Thoroughbred Property;

h.   **Illegal Money Transmitters Count No. 8.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                  Page 261 of 312

GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN
FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S
WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,
purportedly issued, or caused to be issued, to Elephant Butte Irrigation, a
check or wire, for the fraudulent sale of the Thoroughbred Property to JOE
MONGE and ROSANA MONGE, in the amount of Six Hundred Sixty-
One Dollars and Seventy-Five Cents ($661.75), leaving Six Hundred
Fifty-Eight Dollars and Seventy-One Cents ($658.71) as still owed,
without notifying AMERICA'S WHOLESALE LENDER or JOE
MONGE and ROSANA MONGE of same;

i.      **Illegal Money Transmitters Count No. 9.**  On or about February 6, 2006,
ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO,
PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in
conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT,
PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN
GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN
FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S
WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR,
purportedly issued, or caused to be issued, to ZACOUR and PAUL G.
ZACOUR a check or wire, for the fraudulent sale of the Thoroughbred
Property to JOE MONGE and ROSANA MONGE, in the amount of Five
Hundred Fifty Dollars ($550.00);

j.      **Illegal Money Transmitters Count No. 10.**  On or about February 6,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 262 of 312

2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, following the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE, purportedly issued, or caused to be issued, a check or wire in the amount of One Hundred Twenty-Five Thousand One Hundred Seventy-Nine Dollars and Twenty-Seven Cents ($125,179.27), ostensibly to be sent to Defendant TOMASA, which was never deposited by Defendant TOMASA, which was never actually disbursed by said Defendants; and,

k.    **Illegal Money Transmitters Count No. 11.**  On or about February 8, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G.

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 263 of 312

ZACOUR, purportedly issued, or caused to be issued, to Little & Dranttel, a wire in the amount of Five Hundred Sixty-Seven Thousand Four Hundred Forty Dollars and Fifty-Four Cents ($567,440.54), to further the fraudulent closing of the Thoroughbred Property.

## L.  Action for Interstate Transportation of Stolen Property.

292.    In the alternative, and in addition to the foregoing count(s), Plaintiff re-alleges and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and files this Action for Interstate Transportation of Stolen Property, on the basis that ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, and SELBY, aided and abetted by Defendants ZACOUR, PAUL G. ZACOUR, FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, and AMERICA'S WHOLESALE LENDER, willfully and intentionally violated 18 USCA §2314, Transportation Of Stolen Goods, Securities, Moneys, Fraudulent State Tax Stamps, Or Articles Used In Counterfeiting, and Conspiracy To Commit Transportation Of Stolen Goods, Securities, Moneys, Fraudulent State Tax Stamps, Or Articles Used In Counterfeiting, by devising or intending to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, and conspiring to devise or intend to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of Plaintiff, for purposes of obtaining and converting JOE MONGE and ROSANA MONGE's property or business, to the economic and financial detriment of Plaintiff, without lawful authority, by means of false or fraudulent pretenses,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 264 of 312

representations, or promises, in that ROJAS and JAYME and said Defendants, by obtaining

money and funds by means of false or fraudulent pretenses,  representations, or promises, and by

transporting, transmitting and transferring monies in interstate commerce, in the execution or

concealment of a scheme or artifice to defraud JOE MONGE and ROSANA MONGE of money

or property having a value of Five Thousand Dollars ($5,000.00) or more, to the economic and

financial detriment of Plaintiff, in interstate commerce from and between the states of Texas and

New Mexico, and other states, specifically as follows:

a. **Interstate Transportation of Stolen Property Count No. 1.** On
February 3, 2006, ROJAS and JAYME, with Defendants ARTEMIO,
VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA
as accomplices, in conspiracy with Defendants HERRERA, DONA ANA
TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST
AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST
AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE,
AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G.
ZACOUR, traveled, in interstate commerce, from New Mexico to El Paso,
Texas, to further the fraudulent closing of the sale of the Thoroughbred
Property, whereby ROJAS and JAYME, with Defendants ARTEMIO,
VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA
as accomplices, in conspiracy with Defendants HERRERA, DONA ANA
TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST
AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST
AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 265 of 312

AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G.
ZACOUR, fraudulently induced JOE MONGE and ROSANA MONGE to
purchase the Thoroughbred Property for Six Hundred Ninety-Seven
Thousand Five Hundred Dollars ($697,500.00), when ROJAS and
JAYME lacked title to the Thoroughbred Property;

b.   **Interstate Transportation of Stolen Property Count No. 2.**  On or about
February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO,
VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA
as accomplices, in conspiracy with Defendants HERRERA, DONA ANA
TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST
AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST
AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE,
AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G.
ZACOUR, purportedly issued, or caused to be issued, in interstate
commerce, to ROJAS d/b/a First Mortgage of El Paso, a check or wire for
Six Thousand Nine Hundred Seventy-Five Dollars ($6,975.00), for the
fraudulent sale of the Thoroughbred Property to JOE MONGE and
ROSANA MONGE;

c.   **Interstate Transportation of Stolen Property Count No. 3.**  On or about
February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO,
VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA
as accomplices, in conspiracy with Defendants HERRERA, DONA ANA
TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 266 of 312

AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST

AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE,

AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G.

ZACOUR, purportedly issued, or caused to be issued, in interstate

commerce, to Little & Dranttel, a check in the amount of Five Hundred

Sixty Two Thousand Fifty-Eight Dollars and Ninety-Eight Cents

($562,058.98), to further the fraudulent closing of the Thoroughbred

Property;

d.  **Interstate Transportation of Stolen Property Count No. 4.**  On or about

February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO,

VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA

as accomplices, in conspiracy with Defendants HERRERA, DONA ANA

TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST

AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST

AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE,

AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G.

ZACOUR, purportedly accepted, in interstate commerce, a check or wire

for Six Thousand Nine Hundred Seventy-Five Dollars ($6,975.00), from

Defendant AMERICA'S WHOLESALE LENDER, as a commission for

the fraudulent sale of the Thoroughbred Property to JOE MONGE and

ROSANA MONGE;

e.  **Interstate Transportation of Stolen Property Count No. 5.**  On or about

February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 267 of 312

VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly issued, or caused to be issued, in interstate commerce, to the Los Ranchos Del Rio Homeowner Association, a check or wire, in the amount of One Hundred Thirty-Three Dollars ($133.00), for the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE, for less than the full Four Hundred Forty Dollars and Twenty-Three Cents ($440.23) owed, without notifying AMERICA'S WHOLESALE LENDER or JOE MONGE and ROSANA MONGE of same, to further the fraudulent closing of the Thoroughbred Property;

f.   **Interstate Transportation of Stolen Property Count No. 6.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly issued, or caused to be issued, in interstate

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                         Page 268 of 312

commerce, to Defendant DONA ANA TITLE, a check or wire, for the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE, in the amount of Three Thousand Nine Hundred One Dollars and Eighteen Cents ($3,901.18), to further the fraudulent closing of the Thoroughbred Property;

g.   **Interstate Transportation of Stolen Property Count No. 7.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly issued, or caused to be issued, in interstate commerce, to Edward Abraham, a check or wire, for the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE, in the amount of Eighty Thousand Five Hundred Dollars and Thirty-Six Cents ($80,500.36), which was never actually disbursed by said Defendants, to further the fraudulent closing of the Thoroughbred Property;

h.   **Interstate Transportation of Stolen Property Count No. 8.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                     Page 269 of 312

as accomplices, in conspiracy with Defendants HERRERA, DONA ANA

TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST

AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST

AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE,

AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G.

ZACOUR, purportedly issued, or caused to be issued, in interstate

commerce, to Elephant Butte Irrigation, a check or wire, for the fraudulent

sale of the Thoroughbred Property to JOE MONGE and ROSANA

MONGE, in the amount of Six Hundred Sixty-One Dollars and Seventy-

Five Cents ($661.75), leaving Six Hundred Fifty-Eight Dollars and

Seventy-One Cents ($658.71) as still owed, without notifying

AMERICA'S WHOLESALE LENDER or JOE MONGE and ROSANA

MONGE of same;

i.     **Interstate Transportation of Stolen Property Count No. 9.**  On or about

February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO,

VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA

as accomplices, in conspiracy with Defendants HERRERA, DONA ANA

TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST

AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST

AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE,

AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G.

ZACOUR, purportedly issued, or caused to be issued, in interstate

commerce, to ZACOUR and PAUL G. ZACOUR a check or wire, for the

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 270 of 312

fraudulent sale of the Thoroughbred Property to JOE MONGE and

ROSANA MONGE, in the amount of Five Hundred Fifty Dollars

($550.00);

j.      **Interstate Transportation of Stolen Property Count No. 10.**  On or

about February 6, 2006, ROJAS and JAYME, with Defendants

ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and

TATIANA as accomplices, in conspiracy with Defendants HERRERA,

TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA ANA TITLE,

BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST

AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST

AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE,

AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G.

ZACOUR, following the fraudulent sale of the Thoroughbred Property to

JOE MONGE and ROSANA MONGE, purportedly issued, or caused to

be issued, in interstate commerce, a check or wire in the amount of One

Hundred Twenty-Five Thousand One Hundred Seventy-Nine Dollars and

Twenty-Seven Cents ($125,179.27), ostensibly to be sent to Defendant

TOMASA, which was never deposited by Defendant TOMASA, which

was never actually disbursed by said Defendants; and,

k.      **Interstate Transportation of Stolen Property Count No. 11.**  On or

about February 8, 2006, ROJAS and JAYME, with Defendants

ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and

TATIANA as accomplices, in conspiracy with Defendants HERRERA,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 271 of 312

DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and

abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN

TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA,

COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR,

and PAUL G. ZACOUR, purportedly issued, or caused to be issued, in

interstate commerce, to Little & Dranttel, a wire in the amount of Five

Hundred Sixty-Seven Thousand Four Hundred Forty Dollars and Fifty-

Four Cents ($567,440.54), to further the fraudulent closing of the

Thoroughbred Property.

**M.     Action for Interstate Transportation of Stolen Property.**

293.     In the alternative, and in addition to the foregoing count(s), Plaintiff re-alleges

and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and

files this Action for Interstate Transportation of Stolen Property, on the basis that ROJAS and

JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA,

and TATIANA as accomplices, in conspiracy with Defendants HERRERA, TOMASA, JOSE

LUIS, SR., JOSE LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, and SELBY, aided

and abetted by Defendants ZACOUR, PAUL G. ZACOUR, FIRST AMERICAN GUARANTY,

FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA,

COUNTRYWIDE, and AMERICA'S WHOLESALE LENDER, willfully and intentionally

violated 18 USCA §2315, Sale Or Receipt Of Stolen Goods, Securities, Moneys, Or Fraudulent

State Tax Stamps, and Conspiracy To Commit The Sale Or Receipt Of Stolen Goods, Securities,

Moneys, Or Fraudulent State Tax Stamps, by devising or intending to devise a scheme or artifice

to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 272 of 312

Plaintiff, and conspiring to devise or intend to devise a scheme or artifice to defraud JOE

MONGE and ROSANA MONGE, for purposes of obtaining and converting JOE MONGE and

ROSANA MONGE's property or business, to the economic and financial detriment of Plaintiff,

without lawful authority, by means of false or fraudulent pretenses, representations, or promises,

in that ROJAS and JAYME and said Defendants, by receiving, possessing, concealing, storing,

bartering, selling and/or disposing of goods, wares, or merchandise, securities, or money of the

value of Five Thousand Dollars ($5,000.00) or more, and which crossed a State boundary after

being stolen, unlawfully converted, or taken, knowing the same to have been stolen, unlawfully

converted, or taken, in that ROJAS and JAYME and said Defendants received monies of a value

of Five Thousand Dollars ($5,000.00) or more, and/or which were transferred by and in and

between banks and ROJAS and JAYME and said Defendants, in interstate commerce from and

between the states of Texas and New Mexico, and other states, specifically as follows:

a.   **Interstate Transportation of Stolen Property Count No. 1.**  On
     February 3, 2006, ROJAS and JAYME, with Defendants ARTEMIO,
     VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA
     as accomplices, in conspiracy with Defendants HERRERA, DONA ANA
     TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST
     AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST
     AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE,
     AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G.
     ZACOUR, traveled, in interstate commerce, from New Mexico to El Paso,
     Texas, to further the fraudulent closing of the sale of the Thoroughbred
     Property, whereby ROJAS and JAYME, with Defendants ARTEMIO,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 273 of 312

VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, fraudulently induced JOE MONGE and ROSANA MONGE to purchase the Thoroughbred Property for Six Hundred Ninety-Seven Thousand Five Hundred Dollars ($697,500.00), when ROJAS and JAYME lacked title to the Thoroughbred Property;

b. **Interstate Transportation of Stolen Property Count No. 2.** On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly issued, or caused to be issued, in interstate commerce, to ROJAS d/b/a First Mortgage of El Paso, a check or wire for Six Thousand Nine Hundred Seventy-Five Dollars ($6,975.00), for the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE;

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                      Page 274 of 312

c.   **Interstate Transportation of Stolen Property Count No. 3.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly issued, or caused to be issued, in interstate commerce, to Little & Dranttel, a check in the amount of Five Hundred Sixty Two Thousand Fifty-Eight Dollars and Ninety-Eight Cents ($562,058.98), to further the fraudulent closing of the Thoroughbred Property;

d.   **Interstate Transportation of Stolen Property Count No. 4.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly accepted, in interstate commerce, a check or wire for Six Thousand Nine Hundred Seventy-Five Dollars ($6,975.00), from

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                   Page 275 of 312

Defendant AMERICA'S WHOLESALE LENDER, as a commission for the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE;

e.     **Interstate Transportation of Stolen Property Count No. 5.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly issued, or caused to be issued, in interstate commerce, to the Los Ranchos Del Rio Homeowner Association, a check or wire, in the amount of One Hundred Thirty-Three Dollars ($133.00), for the fraudulent sale of the Thoroughbred Property to JOE MONGE and ROSANA MONGE, for less than the full Four Hundred Forty Dollars and Twenty-Three Cents ($440.23) owed, without notifying AMERICA'S WHOLESALE LENDER or JOE MONGE and ROSANA MONGE of same, to further the fraudulent closing of the Thoroughbred Property;

f.     **Interstate Transportation of Stolen Property Count No. 6.**  On or about February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 276 of 312

TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST
AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST
AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE,
AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G.
ZACOUR, purportedly issued, or caused to be issued, in interstate
commerce, to Defendant DONA ANA TITLE, a check or wire, for the
fraudulent sale of the Thoroughbred Property to JOE MONGE and
ROSANA MONGE, in the amount of Three Thousand Nine Hundred One
Dollars and Eighteen Cents ($3,901.18), to further the fraudulent closing
of the Thoroughbred Property;

g.    **Interstate Transportation of Stolen Property Count No. 7.**  On or about
February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO,
VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA
as accomplices, in conspiracy with Defendants HERRERA, DONA ANA
TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST
AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST
AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE,
AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G.
ZACOUR, purportedly issued, or caused to be issued, in interstate
commerce, to Edward Abraham, a check or wire, for the fraudulent sale of
the Thoroughbred Property to JOE MONGE and ROSANA MONGE, in
the amount of Eighty Thousand Five Hundred Dollars and Thirty-Six
Cents ($80,500.36), which was never actually disbursed by said

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 277 of 312

Defendants, to further the fraudulent closing of the Thoroughbred
Property;

h.    **Interstate Transportation of Stolen Property Count No. 8.**  On or about
February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO,
VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA
as accomplices, in conspiracy with Defendants HERRERA, DONA ANA
TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST
AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST
AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE,
AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G.
ZACOUR, purportedly issued, or caused to be issued, in interstate
commerce, to Elephant Butte Irrigation, a check or wire, for the fraudulent
sale of the Thoroughbred Property to JOE MONGE and ROSANA
MONGE, in the amount of Six Hundred Sixty-One Dollars and Seventy-
Five Cents ($661.75), leaving Six Hundred Fifty-Eight Dollars and
Seventy-One Cents ($658.71) as still owed, without notifying
AMERICA'S WHOLESALE LENDER or JOE MONGE and ROSANA
MONGE of same;

i.    **Interstate Transportation of Stolen Property Count No. 9.**  On or about
February 6, 2006, ROJAS and JAYME, with Defendants ARTEMIO,
VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA
as accomplices, in conspiracy with Defendants HERRERA, DONA ANA
TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 278 of 312

AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST
AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE,
AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G.
ZACOUR, purportedly issued, or caused to be issued, in interstate
commerce, to ZACOUR and PAUL G. ZACOUR a check or wire, for the
fraudulent sale of the Thoroughbred Property to JOE MONGE and
ROSANA MONGE, in the amount of Five Hundred Fifty Dollars
($550.00);

j.  **Interstate Transportation of Stolen Property Count No. 10.**  On or
about February 6, 2006, ROJAS and JAYME, with Defendants
ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and
TATIANA as accomplices, in conspiracy with Defendants HERRERA,
TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA ANA TITLE,
BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST
AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST
AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE,
AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G.
ZACOUR, following the fraudulent sale of the Thoroughbred Property to
JOE MONGE and ROSANA MONGE, purportedly issued, or caused to
be issued, in interstate commerce, a check or wire in the amount of One
Hundred Twenty-Five Thousand One Hundred Seventy-Nine Dollars and
Twenty-Seven Cents ($125,179.27), ostensibly to be sent to Defendant
TOMASA, which was never deposited by Defendant TOMASA, which

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 279 of 312

was never actually disbursed by said Defendants; and,

k. **Interstate Transportation of Stolen Property Count No. 11.** On or about February 8, 2006, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, BLOUNT, PARSLEY, and SELBY, aided and abetted by FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, FIRST AMERICAN FINANCIAL, BANK OF AMERICA, COUNTRYWIDE, AMERICA'S WHOLESALE LENDER, ZACOUR, and PAUL G. ZACOUR, purportedly issued, or caused to be issued, in interstate commerce, to Little & Dranttel, a wire in the amount of Five Hundred Sixty-Seven Thousand Four Hundred Forty Dollars and Fifty-Four Cents ($567,440.54), to further the fraudulent closing of the Thoroughbred Property.

**N.    Action for Fraud Connected With A Case Under Title 11.**

294.    In the alternative, and in addition to the foregoing count(s), Plaintiff re-alleges and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and files this Action for Fraud Connected with a Case Under Title 11, on the basis that ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendant HERRERA, DONA ANA TITLE, PARSLEY, SELBY, and BLOUNT, willfully and intentionally violated 18 USCA §152, Concealment of Assets, False Oaths and Claims, Bribery, by devising or intending to devise a scheme or artifice to defraud JOE MONGE and ROSANA MONGE, to the economic and

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                          Page 280 of 312

financial detriment of Plaintiff, and conspiring to devise or intend to devise a scheme or artifice

to defraud JOE MONGE and ROSANA MONGE, to the economic and financial detriment of

Plaintiff, for purposes of obtaining and converting JOE MONGE and ROSANA MONGE's

property or business, to the economic and financial detriment of Plaintiff, without lawful

authority, by means of false or fraudulent pretenses, representations, or promises, in that ROJAS

and JAYME, and said Defendant HERRERA, filed documents in the above-discussed adversary

proceeding under Title 11, thereby knowingly and intentionally filing a fraudulent claim in

Bankruptcy under Title 11, specifically as follows:

a.  **Fraud Connected With A Case Under Title 11 Count No. 1.**  On or

about July 13, 2010, ROJAS and JAYME, with Defendants ARTEMIO,

VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA

as accomplices, in conspiracy with Defendants HERRERA, DONA ANA

TITLE, PARSLEY, SELBY, and BLOUNT, filed a false and meritless

document (AP, DOC #10), in the United States Bankruptcy Court for the

Western District of Texas, El Paso Division, in which ROJAS and

JAYME presented the false claims that the Thoroughbred Property is

partially located in the State of Texas, and the Thoroughbred Property is

subject to a claim allowing ROJAS and JAYME to retain possession of the

Thoroughbred Property, in violation of the automatic stay, in order to

prevent fair judicial relief under law in the AP;

b.  **Fraud Connected With A Case Under Title 11 Count No. 2.**  On or

about August 24, 2010, ROJAS and JAYME, with Defendants

ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 281 of 312

TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, PARSLEY, SELBY, and BLOUNT, filed a false and meritless document (AP, DOC #17-1), in the United States Bankruptcy Court for the Western District of Texas, El Paso Division, in which ROJAS and JAYME presented the false claims that the Thoroughbred Property is partially located in the State of Texas, and the Thoroughbred Property is subject to a claim allowing ROJAS and JAYME to retain possession of the Thoroughbred Property, in violation of the automatic stay, in order to prevent fair judicial relief under law in the AP;

c.    **Fraud Connected With A Case Under Title 11 Count No. 3.** On or about April 5, 2011, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, PARSLEY, SELBY, and BLOUNT, filed a false and meritless document (AP, DOC #39), in the United States Bankruptcy Court for the Western District of Texas, El Paso Division, in which ROJAS and JAYME presented the false claims that the Thoroughbred Property is partially located in the State of Texas, and the Thoroughbred Property is subject to a claim allowing ROJAS and JAYME to retain possession of the Thoroughbred Property, in violation of the automatic stay, in order to prevent fair judicial relief under law in the AP;

d.    **Fraud Connected With A Case Under Title 11 Count No. 4.** In February 2012, ROJAS and JAYME, with Defendants ARTEMIO,

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 282 of 312

VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, PARSLEY, SELBY, and BLOUNT, prepared a FAST Order Sheet, as part of a fraudulent and unauthorized attempt to sell the Thoroughbred Property to "Joe J Jayme", without the approval or authorization of JOE MONGE and ROSANA MONGE, or the United States Bankruptcy Court for the Western District of Texas, El Paso Division, or the United States Trustee of said Court, while ROJAS and JAYME knew the Thoroughbred Property was part of the Chapter 11 bankruptcy estate of JOE MONGE and ROSANA MONGE;

e.    **Fraud Connected With A Case Under Title 11 Count No. 5.**  On or about August 21, 2012, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, PARSLEY, SELBY, and BLOUNT, filed a false and meritless document (AP, DOC #80), in the United States Bankruptcy Court for the Western District of Texas, El Paso Division, in which ROJAS and JAYME presented the false claims that the Thoroughbred Property is partially located in the State of Texas, and the Thoroughbred Property is subject to a claim allowing ROJAS and JAYME to retain possession of the Thoroughbred Property, in violation of the automatic stay, in order to prevent fair judicial relief under law in the AP;

f.    **Fraud Connected With A Case Under Title 11 Count No. 6.**  On or

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                                    Page 283 of 312

about November 29, 2012, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, PARSLEY, SELBY, and BLOUNT, filed a false and meritless document (AP, DOC #122), in the United States Bankruptcy Court for the Western District of Texas, El Paso Division, in order to prevent fair judicial relief under law in the AP;

g.      **Fraud Connected With A Case Under Title 11 Count No. 7.**  On or about September 19, 2013, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA TITLE, PARSLEY, SELBY, and BLOUNT, filed a false and meritless document (AP, DOC #221), in the United States Bankruptcy Court for the Western District of Texas, El Paso Division, in which ROJAS and JAYME presented the false claims that the Thoroughbred Property is partially located in the State of Texas, and the Thoroughbred Property is subject to a claim allowing ROJAS and JAYME to retain possession of the Thoroughbred Property, in violation of the automatic stay, in order to prevent fair judicial relief under law in the AP;

h.      **Fraud Connected With A Case Under Title 11 Count No. 8.**  On or about June 3, 2014, ROJAS and JAYME, with Defendants ARTEMIO, VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA as accomplices, in conspiracy with Defendants HERRERA, DONA ANA

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 284 of 312

TITLE, PARSLEY, SELBY, and BLOUNT, filed a false and meritless

document (AP, DOC #278), in the United States Bankruptcy Court for the

Western District of Texas, El Paso Division, in order to prevent fair

judicial relief under law in the AP; and,

i.     **Fraud Connected With A Case Under Title 11 Count No. 9.**  On or

about June 3, 2014, ROJAS and JAYME, with Defendants ARTEMIO,

VIVIANA, MARCO, PAUL, MARIANA, GABRIELA, and TATIANA

as accomplices, in conspiracy with Defendants HERRERA, DONA ANA

TITLE, PARSLEY, SELBY, and BLOUNT, filed a false and meritless

document (AP, DOC #279), in the United States Bankruptcy Court for the

Western District of Texas, El Paso Division, in order to prevent fair

judicial relief under law in the AP.

## IX.     LEGAL REQUIREMENTS FOR APPRAISAL STANDARDS AND LENDERS.

### A.     The Federal Housing Administration and Mortgage Insurance for Single-Family Homes.

295.    Section 203(b) of the National Housing Act, as amended, 12 U.S.C. §§1707, *et*

*seq.*, at §1709(b), authorizes the United States Department of Housing and Urban Development

(hereinafter referred to as "HUD") to insure lenders against losses on mortgage loans made to

buyers of single-family homes.  This is commonly referred to as Federal Housing Administration

(hereinafter referred to as the "FHA") mortgage insurance.  The FHA program is designed to

help low and moderate income families become homeowners by lowering or eliminating

altogether certain costs associated with mortgage loans and by providing protection to lenders.

296.    Congress created the FHA in 1934.  The FHA then became a part of HUD's

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 285 of 312

Office of Housing in 1965.  FHA provides mortgage repayment insurance to lending institutions.

FHA's mortgage insurance programs help low and moderate income families become

homeowners by lowering some of the costs of their mortgage loans.  FHA mortgage insurance

also encourages lenders to make mortgages to otherwise creditworthy borrowers and projects

that might not be able to meet conventional underwriting requirements, by protecting the lender

against default on mortgages for properties that meet certain minimum requirements.

297.   Section 203(b) of the NHA, is the centerpiece of FHA's single-family mortgage

insurance programs.  According to FHA, the One to Four Family Mortgage Insurance Program

remains an important tool with which the federal government expands homeownership

opportunities for homebuyers who would not otherwise qualify for conventional mortgages on

affordable terms, as well as for those who live in underserved areas where mortgages are harder

to get.  These obligations are protected by FHA's Mutual Mortgage Insurance Fund.

298.   Section 203(b) has several important features:

a.   **Down payment requirements can be low.**  In contrast to conventional
mortgage products, which frequently require down payments of 10% or
more of the purchase price of the home, single-family mortgages insured
by FHA under Section 203(b) make it possible to reduce down payments
to as little as 3%.  This is because FHA insurance allows borrowers to
finance approximately 97% of the value of their home purchase through
their mortgage, in some cases.  As such, FHA requires that the loan-to-
value ratio for a qualified loan be no greater than 97%.

b.   **Many closing costs can be financed.**  With most conventional mortgages,
the borrower must pay, at the time of purchase, closing costs equivalent to
2-3% of the price of the home.  This program allows the borrower to
finance many of these charges, thus reducing the up-front cost of buying a
home.

c.   **HUD sets limits on the amount that may be insured.**  To make sure that
its programs serve low-and-moderate-income people, FHA sets limits on
the dollar value of the mortgage.  The current FHA mortgage limit ranges

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 286 of 312

from $271,050 to $729,750.  These figures vary over time and by place, depending on the cost of living and other factors (higher limits also exist for two-to-four-family properties).

299.   To make FHA-insured Section 203(b) mortgages, lending institutions such as banks, mortgage companies, and savings and loan associations must receive approval by FHA.

300.   Anyone intending to use the mortgaged property as their primary residence is eligible to apply for an FHA-insured mortgage through FHA-approved lenders.  Applications for FHA mortgage insurance are made through an FHA-approved lending institution.  Most lenders who use this mortgage insurance product, however, make their requests through a provision known as Direct Endorsement, which authorizes them to consider applications without first submitting paperwork to HUD.

**B.    HUD's Direct Endorsement Program - Legal Requirements For Lenders Participating In The Direct Endorsement Mortgage Insurance Program.**

**1.    Statutory Requirements.**

301.   Congress and HUD have prescribed to lenders clear standards for approval of mortgage insurance, including standards for appraisals.

302.   In the 1989 amendments to the NHA, Congress adopted appraisal standards.  12 U.S.C. § 1708(1).  The Act requires HUD to "prescribe standards for the appraisal of all property to be insured by the Federal Housing Administration.  Such appraisals shall be performed in accordance with uniform standards, by individuals who have demonstrated competence and whose professional conduct is subject to effective supervision." 12 U.S.C. §1708(f)(1).

303.   Congress established minimum appraisal standards, which it authorized HUD to build upon further.  These minimum standards are that: (1) appraisals "shall be performed in

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                      Page 287 of 312

accordance with generally accepted appraisal standards," and (ii) each appraisal be a written statement that is "independently an[d] impartially prepared by a licensed or certified appraiser setting forth an opinion of defined value of an adequately described property as of a specific date, supported by presentation and analysis of relevant market information." 12 U.S.C. §1708(f)(1)(A), (B).

304.    The law sets independence standards for appraisers involved in federally regulated transactions. *See* 12 U.S.C. §§3331, *et seq.*  It provides that an in-house or "staff" appraiser at a bank "must be independent of the lending, investment, and collection functions and not involved, except as an appraiser, in the federally related transaction, and have no direct or indirect interest, financial or otherwise, in the property." 12 C.F.R. §34.45.  For appraisers who are independent contractors or "fee" appraisers, the regulation states that "the appraiser shall be engaged directly by the regulated institution or its agent, and have no direct or indirect interest, financial or otherwise, in the property transaction." 12 C.F.R. §34.45.

305.    In 1990, Congress added standards to apply specifically to DE Program appraisers.  It required that appraisers comply with qualifications or standards established by HUD, and that the individual responsible for the appraisal personally approve and sign the appraisal report. 12 U.S.C. §1708(f)(3)(B).

306.    Congress also imposed restrictions on appraisal companies by requiring only specifically approved appraisers to perform appraisals for HUD-insured mortgages.  For individuals who are employees of appraisal companies, only those persons who meet the qualifications or standards for appraisers and inclusion on appraiser fee panels established by HUD are eligible to conduct appraisals insured by HUD, *i.e.,* FHA-insured mortgages.  12

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB

Page 288 of 312

U.S.C. §1708(f)(4).

307.    In July 2008, Congress imposed additional restrictions on approved appraisers.

Beginning on July 30, 2008, "any appraiser chosen or approved to conduct appraisals for

mortgages under this title shall: (A) be certified (i) by the State in which the property to be

appraised is located ... or (ii) by a nationally recognized professional appraisal organization; and

(B) have demonstrated verifiable education in the appraisal requirements established by the

[FHA]." 12 U.S.C. §1708(f)(5).

### 2.    Regulatory Requirements.

#### a.    Underwriting Requirements.

308.    Exercising its statutory authority, HUD adopted regulations governing lenders

who seek to issue FHA-insured mortgages. *See generally* 24 C.F.R §§203.1 *et seq.*

309.    As pertinent here, a lender must be approved under HUD's regulatory procedures

to issue insured mortgage loans under the DE Program. 24 C.F.R. §203.3(a); *see also* 24 C.F.R.

§203.4. The lender must use a *bona fide* underwriter who is on its permanent staff and is

registered with HUD. 24 C.F.R. §203.3(b)(2).

310.    HUD imposes due diligence requirements on lenders' approved underwriters. "A

Direct Endorsement mortgagee shall exercise the same level of care which it would exercise in

obtaining and verifying information for a loan in which the mortgagee would be entirely

dependent on the property as security to protect its investment." 24 C.F.R §203.5(c).

311.    Underwriters are required to be in "compliance with [the] guidelines" found in the

HUD Underwriter Handbook, No. *4155.1,* which creates the "minimum standards of due

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 289 of 312

diligence" in underwriting mortgages.  24 C.F.R §203.5(c).

### b.   Appraisal Requirements.

312.   "[A]n appraisal is performed to determine the maximum insurable mortgage and to also protect the FHA insurance funds."  24 C.F.R §200.200(b).

313.   HUD requires lenders to use only those appraisals that meet FHA requirements. 24 C.F.R. §203.5(e)(1).

314.   A lender is required to "ensure that an appraisal and related documentation satisfy FHA appraisal requirements," and "both [the lender and the appraiser] bear responsibility for the quality of the appraisal in satisfying such requirements."  24 C.F.R. §203.5(e)(3).

315.   A lender may use an appraiser only if he or she is listed on the FHA Appraiser Roster.  24 C.F.R. §203.5(e)(1).  In turn, appraisers listed on the FHA Appraiser Roster are responsible for obtaining, reading, and complying with the HUD Appraiser Handbook 4150.2, any updates, and "all other instructions and standards issued by HUD when performing all appraisals of properties for HUD single family mortgage insurance purposes."  24 C.F.R. §200.206.

316.   HUD requires lenders to ensure that sellers of property deliver to the purchaser a written appraisal in a form that complies with FHA requirements.  24 C.F.R. §203.15.

317.   Additionally, "[t]he mortgagee's underwriter is to review the appraisal to determine whether or not the appraiser's conclusions are acceptable.  If found to be acceptable, the property is eligible for HUD mortgage insurance."  HUD Handbook 4000.4, REV-1, CHG-2, ch. 3-3.G; *see also* HUD Handbook 4155.2, ch. 4.1.b (May 9, 2009) ("Lenders are responsible

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                              Page 290 of 312

for properly reviewing appraisals and determining if the appraised value used to determine the mortgage amount is accurate and adequately supports the value conclusion."). The underwriter's review includes verification, as possible, that the factual information submitted is correctly reported, as well as determination of the plausibility and consistency of the conclusions based on the data presented in the appraisal. *See* HUD Handbook 4000.4, REV-1, CHG-2, ch. 3-3.G. The appraisal must include the appraiser's certification that, among other things, the appraisal was not based on a requested minimum value or a specific value. HUD Handbook 4150.2, CHG-1, ch. 5-1.A. A Direct Endorsement Lender "must accept responsibility, equally with the appraiser, for the integrity, accuracy, and thoroughness of the appraisal, and will be held accountable by HUD for the quality of the appraisal." Mortgagee Letter 1994-54.

318.    The appraisal is important to the eligibility of the loan for FHA insurance because HUD places limits on the eligible loan amount based on the appraised value of the property. The maximum eligible loan amount is determined by HUD's loan-to-value (LTV) limits, which compare the loan amount to the appraised value.

319.    FHA rules specifically provide that an appraisal cannot be "based on a requested minimum valuation, a specific valuation or range of values." *See* Mortgagee Letter 1996-26. Appraiser independence from lenders has been a significant concern of the FHA, and as HUD reaffirmed in 2009, lenders are prohibited from providing to the appraiser "an anticipated, estimated, encouraged or desired value." *See* Mortgagee Letter 2009-28.

C.    **HUD's Direct Endorsement Program - Lender Certifications To Induce FHA To Approve Direct Endorsement Mortgage Insurance Applications.**

320.    HUD's regulations provide that any "certification required by [FHA] shall specifically state that it has been made, presented, and delivered for the purpose of influencing

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 291 of 312

an official action of the FHA, and of the Commissioner [of FHA], and may be relied upon by the Commissioner as a true statement of the facts contained therein." 24 C.F.R. §200.62.

321.    As pertinent to this case, HUD requires Direct Endorsement lenders to submit three properly completed forms and certifications with applications for mortgage insurance. 24 C.F.R. §203.255(b).

322.    Lenders must submit a "[p]roperty appraisal upon a form meeting the requirements of [HUD] (including, if required any additional documentation supporting the appraised value of the property ...)." 24 C.F.R. § 203.255(b)(l).

323.    Lenders also must submit an underwriter certification. This must state that the underwriter "has personally reviewed the appraisal report ... and that the proposed mortgage complies with HUD underwriting requirements, and incorporates each of the underwriter certification items that apply to the mortgage submitted for endorsement, as set forth in the applicable handbook or similar publication that is distributed to all Direct Endorsement mortgagees ...." 24 C.F.R. §203.255(b)(5)."

324.    In addition, lenders must submit a separate mortgagee certification. This must state that "the authorized representative or the mortgagee ... who is making the certification has personally reviewed the mortgage documents and the application for insurance endorsement, and certif[ies] that the mortgage complies with [24 C.F.R. § 203.255(b)]." 24 C.F.R. §203.255(b)(11). In addition, "[t]he-certification shall incorporate each of the mortgagee certification items which apply to the mortgage loan submitted for endorsement, as set forth in the applicable handbook or similar publication that is distributed to all Direct Endorsement mortgagees." *Id.*

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 292 of 312

**D.    HUD's Direct Endorsement Program - Appraisal Requirements In HUD Handbooks And Forms Submitted To FHA As Applicable To Direct Endorsement Lenders.**

325.    "The success of the FHA insurance program and HUD's ability to protect its financial interest begins with selecting qualified and knowledgeable appraisers." HUD Handbook No. 4150-2 CHG-I, "Valuation Analysis for Single Family One- To Four-Unit Dwellings." This is because "[f]or HUD, the purpose [of an appraisal] is to determine market value for mortgage insurance purposes." *Id.,* §4-1(C). "Appraisals performed for HUD/FHA are not intended to protect the buyer: they protect HUD." *Id.,* § 5-1(C).

326.    The lender's approved Direct Endorsement Underwriter is responsible for determining that the property is acceptable for mortgage insurance. HUD Handbook 4000.4 REV -1, Single Family Direct Endorsement Program *(9/2/88),* §1-2. This includes the responsibility to review the appraisal report prepared by the staff or fee appraiser to determine eligibility, the maximum mortgage amount, and the acceptability of the conclusions reached by the appraiser. *Id.*

327.    The Direct Endorsement Underwriter has the responsibility to: (a) comply with all HUD instructions; (b) review appraisal reports to ensure reasonable conclusions, sound reports, and compliance with HUD requirements; (c) make final decisions relating to the acceptability of the appraisal and the overall acceptability of the mortgage loan for HUD insurance; (d) remaining aware of the warning signs that may indicate irregularities; (e) detecting fraud, and (f) making underwriting decisions with due diligence in a prudent manner. (HUD Handbook No. 4000.4 REV-1, §2-4(C)).

328.    The Direct Endorsement Underwriter receives a CHUMS number, pursuant to

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                          Page 293 of 312

HUD regulation.  HUD Handbook No. 4000.4 REV-1, §2-3(F)(2)(C).  This CHUMS

identification number is "automatically recognized in each Field Office where a lender has been

approved to do business" and is required to be provided on FHA documents submitted to HUD.

*Id.*  This number may be used only by the person to whom it is assigned.

329.     The lender provides the assigned appraiser a Uniform Residential Appraisal

Report ("URAR") and a Form HUD-92800.5B (Conditional Commitment, Direct Endorsement,

Statement of Appraised Value).  (HUD Handbook 4000.4 REV-1, §3-2(D)).  After completing

the URAR, the appraiser returns it to the lender's underwriter.  (HUD Handbook 4150.2 CHG-1,

§1-2(C)).  The underwriter reviews it and, if proper, submits it to FHA with the application for

mortgage insurance, called the Request for Insurance Endorsement Under the Direct

Endorsement Program (Form HUD-54111).  *Id., §3-22.*

330.     The URAR is required to contain a truthful opinion of the market value of the

property subject to the mortgage loan.  "Market value" is defined as "[t]he most probable price

which a property should bring in a competitive and open market under all conditions requisite to

a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is

not affected by undue stimulus."  *Id.* at 2; *see also* HUD Handbook 4150.2 CHG-1, §4-1 (A).

331.     The URAR contains numerous certifications by the appraiser.  The first one is:

"Based on a complete visual inspection of the interior and exterior areas of the subject property,

defined scope of work, statement of assumptions and limiting conditions, and appraiser's

certification, *my (our) opinion of the market value, as defined, of the real property that is the*

*subject of this report is* $ _____, *as of* ____ , *which is the date of inspection and the effective date*

*of this appraisal.*"  Freddie Mac Form 70 and Fannie Mae Form 1004 (March 2005), at 2

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 294 of 312

(emphasis added).

332.    The URAR contains a representation that the appraiser conducted a complete visual inspection of the interior and exterior areas of the subject property and analyzed comparable properties "in the subject neighborhood."  URAR at 2; *see also* HUD Handbook 4150.2 CHG-l, §3-1 and Appendix D.  The comparables must be examined "from at least the street," and the appraiser must inspect the neighborhood as well. *Id.* at 4.

333.    The URAR contains a list of 25 express appraiser certifications.  HUD has stated that "[o]f particular importance is the certification that the appraisal is not based on any of the following: a requested minimum value[;] a specific value[; or] the approval of a loan as indicated."  HUD Handbook 4150.2 CHG-1, §5-1(A)(2).  Most pertinent to this case are:

> 2.  I performed a complete visual inspection of the interior and exterior areas of the subject property.
>
> 3.  I performed this appraisal in accordance with the requirements of the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place at the time this appraisal report was prepared.
>
> 7.  I selected and used comparable sales that are locationally, physically, and functionally the most similar to the subject property.
>
> 10.  I verified, from a disinterested source, all information in this report that was provided by parties who have a financial interest in the sale or financing of the subject property.
>
> 11.  I have knowledge and experience in appraising this type of property in this market area.
>
> 15.  I have not knowingly withheld any significant information from this appraisal report and, to the best of my knowledge, all statements and information in this appraisal report are true and correct.
>
> 16.  I stated in this appraisal report my own personal, unbiased, and professional analysis, opinions, and conclusions, which are subject only to the assumptions and limiting conditions in this appraisal report.

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                                    Page 295 of 312

18.  My employment and/or compensation for performing this appraisal or any future or anticipated appraisals was not conditioned on any agreement or understanding, written or otherwise, that I would report (or present analysis supporting) a predetermined specific value, a predetermined minimum value, a range or direction in value, a value that favors the cause of any party, or the attainment of a specific result or occurrence of a specific subsequent event (such as approval of a pending mortgage loan application).

URAR at 5.

334.    The Uniform Standards of Professional Appraisal Practice ("USPAP") require appraisers to conduct their appraisals independently: "An appraiser must perform assignments with impartiality, objectivity, and independence, and without accommodation of personal interests.  In appraisal practice, an appraiser must not perform as an advocate for any party or issue."  USPAP Ethics Rule (Conduct).  USPAP rules also provide that "[a]n appraiser must not accept an assignment that includes the reporting of predetermined opinions and conclusions."  *Id.* In addition, each appraisal report must contain a certification signed by the appraiser, stating that his or her compensation for completing the assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client.

335.    USPAP is incorporated into federal law (12 C.F.R. §34.44), and into FHA requirements.  The above obligations are generally incorporated into FHA required certifications submitted by lenders.

336.    The lender's authorized Direct Endorsement Underwriter also reviews and submits Form HUD-92800.5B (Conditional Commitment, Direct Endorsement, Statement of Appraised Value) to the FHA.  HUD Handbook 4000.4 REV-1, § 3-22(A)(16).  This form states the estimated value of the property, *i.e.,* the appraised amount.

337.    The Direct Endorsement Underwriter is required to execute the underwriter

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                          Page 296 of 312

certification on the Underwriter/Mortgagee Certification, Form HUD-54113.  The underwriter's

certification expressly represents that the mortgage, including the appraisal, meets FHA

requirements.  It states:

> I, the undersigned underwriter, certify that I have personally reviewed the appraisal report
> (if applicable) credit application, and all associated documents and have used due
> diligence in underwriting this mortgage.  I find that this mortgage is eligible for HUD
> mortgage insurance under the Direct Endorsement program and I hereby make all
> certifications required for the mortgage as set forth in HUD Handbook 4000.4.

338.    Appendix 3 of HUD Handbook 4000.4 is entitled "Underwriter's Certification".

Among other things, this certification states that "[t]he underwriter executing form HUD-54113

has personally reviewed the appraisal report (if applicable) ... and certifies, for and on behalf of

the mortgagee, that the mortgage complies with HUD underwriting requirements as contained in

all outstanding HUD handbooks and Mortgagee Letters...."

339.    In addition, an authorized representative of the lender, who may be the Direct

Endorsement Underwriter, executes the mortgagee's certification on Form HUD-54113.  It states:

> I, the undersigned, as authorized representative of [lender name], mortgagee at the time
> of the closing of the mortgage loan, certify that I have personally reviewed the mortgage
> loan documents, closing statements, application for insurance endorsement, and all
> accompanying documents.  I hereby make all certifications required for this mortgage as
> set forth in HUD Handbook 4000.4.

340.    Appendix 4 of HUD Handbook 4000.4 is entitled "Mortgagee's Certification".

Among other things, this certification states that "[t]he mortgagee executing form HUD-54113

has personally reviewed the mortgage documents and the application for insurance endorsement

and certifies that the mortgage is eligible for mortgage insurance under HUD's Direct

endorsement program."

341.    HUD staff conducts a pre-endorsement review of the case binder submitted by the

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 297 of 312

lender under the DE Program using the Pre-Endorsement Review Checklist. HUD Handbook 4000.4, Appendix 17. If the pre-endorsement review provisions have been met, HUD will endorse the mortgage for insurance. If the pre-endorsement review provisions are not met, HUD will return the file to the lender for correction. HUD Handbook 4000.4 states that "[m]ortgagees are responsible for complying with all applicable HUD regulations and handbook instructions." HUD Handbook 4000.4, §1-3.

342. HUD staff's Pre-Endorsement Review Checklist states that it lists "the pre-endorsement review documents required by [12] C.F.R. §203.255 and represent[s] Statutory and Regulatory Requirements." HUD Handbook 4000.4, Appendix 17.

343. The Checklist requires the HUD staff member determine that the lender and its authorized underwriter signed all required certifications. Under the DE Program, HUD does not conduct an independent review of the accuracy of the certifications, but instead relies on the truthfulness of the lender and its authorized underwriter.

**E.   HUD's Direct Endorsement Program - Direct Endorsement Lenders' Duties.**

    **1.   Due Diligence As Required By Regulation.**

344. HUD relies on Direct Endorsement Lenders to conduct due diligence on Direct Endorsement loans. The purposes of due diligence include (a) determining a borrower's ability and willingness to repay a mortgage debt, thus limiting the probability of default and collection difficulties, and (b) examining a property offered as security for the loan to determine if it provides sufficient collateral. See 24 C.F.R. §203.5(d), and (e)(3). Due diligence thus requires an evaluation of, among other things, a borrower's credit history, capacity to pay, cash to close, and collateral. In all cases, a Direct Endorsement Lender owes HUD the duty, as prescribed by

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB        Page 298 of 312

federal regulation, to "exercise the same level of care which it would exercise in obtaining and verifying information for a loan in which the mortgagee would be entirely dependent on the property as security to protect its investment." 24 C.F.R. §203.5(c).

345.    HUD has set specific rules for due diligence predicated on sound underwriting principles.  In particular, HUD requires Direct Endorsement Lenders to be familiar with, and to comply with, governing HUD Handbooks and Mortgagee Letters, which provide detailed processing instructions to Direct Endorsement Lenders.  These materials specify the minimum due diligence with which Direct Endorsement Lenders must comply.

346.    With respect to ensuring that borrowers have sufficient credit, a Direct Endorsement Lender must comply with governing HUD Handbooks, such as HUD 4155.1, Mortgage Credit Analysis/or Mortgage Insurance on One-to-Four-Family Properties, to evaluate a borrower's credit.  The rules set forth in HUD 4155.1 exist to ensure that a Direct Endorsement Lender sufficiently evaluates whether a borrower has the ability and willingness to repay the mortgage debt.  HUD has informed Direct Endorsement Lenders that past credit performance serves as an essential guide in determining a borrower's attitude toward credit obligations and in predicting a borrower's future actions.

347.    To properly evaluate a borrower's credit history, a Direct Endorsement Lender must, at a minimum, (a) obtain and review credit histories; (b) analyze debt obligations; (c) reject documentation transmitted by unknown or interested parties; (d) inspect documents for proof of authenticity; (e) obtain adequate explanations for collections, judgments, recent debts and recent credit inquiries; (f) establish income stability and make income projections; (g) obtain explanations for any gaps in employment; (h) document any gift funds; (i) calculate debt and

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 299 of 312

income ratios and compare those ratios to the fixed ratios set by HUD rules; and (j) consider and document any compensating factors permitting deviations from those fixed ratios.

348.     With respect to appraising the mortgaged property (i. e., collateral for the loan), a Direct Endorsement Lender must ensure that an appraisal and its related documentation satisfy the requirements in governing HUD Handbooks, such as HUD 4150.2, Valuation Analysis/or Home Mortgage Insurance.  The rules set forth in HUD 4150.2 exist to ensure that a Direct Endorsement Lender obtains an accurate appraisal that properly determines the value of the property for HUD's mortgage insurance purposes.

### 2.     Due Diligence As Required By Common Law.

349.     Direct Endorsement Lenders owe HUD a common law duty of due diligence.  The exercise of due diligence is an affirmative duty of Direct Endorsement Lenders.  This duty obligates Direct Endorsement Lenders to comply with HUD rules, accepted practices of prudent lending institutions, and all procedures that a prudent lender would use if it looked solely to the property as security to protect its interests.  The duty further obligates the Direct Endorsement Lender to use due care in providing information and advice to FHA.

350.     Indeed, "[t]he entire scheme of FHA mortgage guaranties presupposes an honest mortgagee performing the initial credit investigation with due diligence and making the initial judgment to lend in good faith after due consideration of the facts found." *United States v. Bernstein*, 533 F.2d 775, 797 (2d Cir. 1976).

351.     HUD has apprised Direct Endorsement Lenders of this common law duty since it first created the Direct Endorsement Lender program.  See 48 Fed. Reg. 11928, 11932 (Mar. 22, 1983) ("The duty of due diligence owed the Department by approved mortgagees is based not

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                          Page 300 of 312

only on these regulatory requirements, but also on civil case law."); *Id.* ("HUD considers the exercise of due diligence an affirmative duty on the part of mortgagees participating in the program.").

### 3.    The Fiduciary Duty Of Utmost Good Faith.

352.    A fiduciary relationship exists between Direct Endorsement Lenders and HUD.

353.    HUD relies on the expertise and knowledge of Direct Endorsement Lenders in providing FHA insurance.  HUD places confidence in their decisions.  The confidence that HUD reposes in Direct Endorsement Lenders invests those lenders with an advantage in the Direct Endorsement Lenders' relationship with HUD.

354.    Direct Endorsement Lenders are under a duty to act for HUD, and give advice to HUD, for HUD's benefit, as to whether mortgages should be insured by FHA under the Direct Endorsement Lender program.

355.    As a result of the fiduciary relationship between Direct Endorsement Lenders and HUD, Direct Endorsement Lenders have a duty to HUD of *uberrmiae fidea*, or, the obligation to act with the utmost good faith, candor, honesty, integrity, fairness, undivided loyalty, and fidelity in dealings with HUD.

356.    The duty of *uberrmiae fidea* also requires Direct Endorsement Lenders to refrain from taking advantage of HUD by the slightest misrepresentation, to make full and fair disclosures to HUD of all material facts, and to take on the affirmative duty of employing reasonable care to avoid misleading HUD in all circumstances.

357.    The duty of *uberrmiae fidea* further requires Direct Endorsement Lenders to

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 301 of 312

exercise sound judgment, prudence, and due diligence on behalf of HUD in endorsing mortgages for FHA insurance.

## F. Defendants' Scheme And Plaintiff's Knowledge.

358.   As described above, Defendant BANK OF AMERICA, d/b/a COUNTRYWIDE HOME LOANS, INC., d/b/a AMERICA'S WHOLESALE LENDER, is in the business of providing mortgage loans, and, here, worked closely with ROJAS and JAYME, and Defendants HERRERA, TOMASA, JOSE LUIS, SR., JOSE LUIS, JR., DONA ANA TITLE, PARSLEY, BLOUNT, and SELBY, aided and abetted by Defendants ZACOUR, PAUL G. ZACOUR, and FIRST AMERICAN GUARANTY, FIRST AMERICAN TITLE, and FIRST AMERICAN FINANCIAL.  A necessary part of BANK OF AMERICA's business is assessing the credit worthiness of potential borrowers using the HUD criteria discussed above, and determining if the borrowers' financial condition (including, in particular, the borrowers' debt-to-income ratios) allow the borrowers to be certified for FHA insured mortgage loans, and then, once this credit analysis is performed, setting up the loan and requisite escrow account to process the transaction.

359.   A crucial factor in determining a potential borrower's credit worthiness to finance a home (and whether the borrower's debt-to-income ratio complies with HUD guidelines) is the calculation of the borrower's monthly mortgage payment under the proposed loan, including the estimated monthly escrow amounts for insurance and property taxes on the home being purchased.  By knowingly using artificially low amounts in its calculation of borrowers' monthly payments and in its establishment of escrow accounts, BANK OF AMERICA is able to market to home buyers, and potential borrowers, falsely low monthly payments, but in the process certifies loans that are well outside of HUD guidelines and federal regulations for guaranteed loans.  As a result, BANK OF AMERICA is able to sell homes to buyers who otherwise

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 302 of 312

probably could never afford them, and BANK OF AMERICA obtains a competitive advantage over other lenders who properly set up escrow accounts and therefore have higher initial monthly payments.

360.    The effect of Defendants' scheme on the borrowers' ability to pay the loans in question (and by extension, on the government's liability for the guaranties on the loans when they go into default) cannot be overstated.  The impact on the borrowers when BANK OF AMERICA intentionally understates their liability and escrows based upon false appraisal values, and false loan application information, is even greater than the simple discrepancy between what is paid and what should be paid.  This is the case because, once the taxing authorities notice the discrepancy in taxes paid and notify the lender of the deficiency, not only does the lender increase the monthly escrow payment to reflect the correct tax figures for an improved lot, but the lender also increases the payments by an additional amount to recoup the back taxes for the preceding year.  To add insult to injury, because borrowers in such situations have under-funded their escrow accounts (albeit unintentionally), the lenders are allowed under law to collect fourteen (14) months of escrow payments over a period of twelve (12) months – in effect, penalizing the borrowers for Defendants' fraud.

361.    Because BANK OF AMERICA certifies most borrowers at the absolute edge of their creditworthiness, when the escrow amounts are corrected to reflect the actual values of the property (and to recoup back taxes and the under-funding "penalty" as described above) a significant percentage of borrowers are forced into default because of an inability to pay the true amounts.  These are results for the borrowers that are readily foreseeable by Defendants at the time Defendants consummate the transactions.  These loans generated by BANK OF AMERICA are loans that would never have been made and insured in the stated amounts by the FHA absent

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                        Page 303 of 312

BANK OF AMERICA's false certification that the loans and escrow accounts were established in accordance with FHA and HUD regulations and guidelines.

362.     From a business standpoint, what BANK OF AMERICA gains by setting up the loans in this manner is a competitive advantage.  By using false appraisal and tax numbers, BANK OF AMERICA gets to "sell" a lower monthly payment than its competitors.  Since, the loans are federally guaranteed, the higher risk of default associated with the improperly established loans is of little concern to BANK OF AMERICA and does not act as a brake on BANK OF AMERICA's behavior.  Defendants' calculated scheme of fraudulently certifying FHA loans therefore has very little practical downside for Defendants as the government shoulders the cost of the defaults.  Defendants simply enrich themselves at HUD's expense.

363.     Plaintiff came to be aware of Defendants' scheme as a result of an investigation and analysis on behalf of the undersigned counsel, while preparing for trial in the AP.  In examining the loan documents concerning the purchase of the Thoroughbred Property, Plaintiff discovered the loan applications included false and fraudulent leases, which had the effect of increasing the assets and monthly income of JOE MONGE and ROSANA MONGE. Additionally, based upon information and belief, Defendants used false appraisal numbers in calculating the value of the Thoroughbred Property.  As a result, BANK OF AMERICA granted JOE MONGE and ROSANA MONGE mortgages for which they were otherwise ineligible, to the economic and financial detriment of Plaintiff.  HUD was then responsible for the loss of the mortgages upon default.

364.     Plaintiff was unaware of the specific loan files that support these conclusions until they were discovered by the undersigned counsel during preparation for the trial in the AP, in

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 304 of 312

March of 2012.

## X.  DAMAGES.

365.  **Actual Damages.**  Plaintiff's claims herein seek full and complete payment for the actual damages sustained by Plaintiff in an amount to be determined by the trier of fact, and as may be appropriate, as compensatory damages for the actual economic, pecuniary, monetary, financial injury, loss, cost and damage suffered by Plaintiff, and for Plaintiff's mental anguish and/or emotional distress and injury, all of which was caused by Defendants.

366.  **Common Law Damages.**  In the alternative, and in addition to the foregoing claim for damages, Plaintiff re-alleges and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and files this claim for Compensatory Damages, Reliance Damages, and Special Damages, under the common law of the State of Texas, and/or the common law of the State of New Mexico, in an amount to be determined by the trier of fact, and as may be appropriate.

367.  **Exemplary Damages.**  In the alternative, and in addition to the foregoing claimed damages, Plaintiff re-alleges and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and files this claim for exemplary damages, awarded as a penalty or by way of punishment, for Defendants' fraud, malice, and/or willful or grossly negligent theft and conversion of property, and in connection with the purchase and/or sale of property, in accordance with (a) the Texas Civil Practice and Remedies Code Chapter 41, "Damages", (b) the Texas Civil Practice & Remedies Code Chapter 12, "Liability Related to a Fraudulent Court Record or a Fraudulent Lien or Claim Filed Against Real or Personal Property", (c) the Texas Business & Commerce Code Chapter 17, "Deceptive Trade Practices", (d) the New Mexico

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                      Page 305 of 312

Statutes Chapter 57, Article 12, "Unfair Trade Practices", and (e) the Texas Business & Commerce Code Chapter 27, "Fraud", in an amount to be determined by the trier of fact, and as may be appropriate.

368.   **Punitive Damages.**  In the alternative, and in addition to the foregoing claimed damages, Plaintiff re-alleges and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and files this claim for common law punitive damages, awarded as a penalty or by way of punishment, for Defendants' fraud, malice, and/or the willful or grossly negligent theft and conversion of property, in accordance with the common law of the State of Texas, and/or the common law of the State of New Mexico, in an amount to be determined by the trier of fact, and as may be appropriate.

369.   **Theft Damages.**  In the alternative, and in addition to the foregoing claimed damages, Plaintiff re-alleges and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and files this claim for damages awarded by the trier of fact, due to the unlawful appropriation of property, resulting by the theft and unlawful conversion of property by the Defendants, and/or by the theft by check(s) by the Defendants, in accordance with (a) the Texas Business & Commerce Code Chapter 27, "Fraud in a Real Estate Transaction", (b) the Texas Civil Practice and Remedies Code Chapter 134, "Texas Theft Liability Damages", (c) the Texas Business & Commerce Code Chapter 17, "Deceptive Trade Practices", and (d) the New Mexico Statutes Chapter 57, Article 12, "Unfair Trade Practices", in an amount to be determined by the trier of fact, and as may be appropriate.

370.   **TILA and RESPA.**  In the alternative, and in addition to the foregoing claimed damages, Plaintiff's claims herein further seek penalties, restitution, rescission, recoupment and

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 306 of 312

damages under the Truth in Lending Act, 15 U.S.C. §1601 *et seq.*, and the Real Estate Settlement Procedures Act, 12 U.S.C. §2601 et seq., and relief in an amount to be determined by the trier of fact, and as may be appropriate.

371.   **Unliquidated Damages.**  In the alternative, and in addition to the foregoing claimed damages, Plaintiff re-alleges and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and files this claim for unliquidated damages, in an amount to be determined by the trier of fact, and as may be appropriate, not including attorneys' fees and costs, which is within the jurisdictional limits of this court.

372.   **Racketeer Influenced & Corrupt Organizations Act Damages.**  In the alternative, and in addition to the foregoing claimed damages, Plaintiff re-alleges and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and files this claim for threefold damages, and for attorneys' fees and costs, as Civil Remedies under the Racketeer Influenced & Corrupt Organizations Act ("RICO"), 18 U.S.C. §1964, for the damages and injuries sustained by Plaintiff to its business and/or property, by reason of a violation of 18 U.S.C. §1961-1968, by Defendants herein.

373.   **Attorneys' Fees and Costs.**  In the alternative, and in addition to the foregoing claimed damages, Plaintiff re-alleges and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and files this claim for full and complete payment of the reasonable attorneys' fees and costs incurred to date, in accordance with (a) the Texas Civil Practice & Remedies Code Chapter 38, "Attorneys Fees", (b) the Texas Civil Practice and Remedies Code Chapter 134, "Texas Theft Liability Damages", (c) the Texas Civil Practice & Remedies Code Chapter 12, "Liability Related to a Fraudulent Court Record or a Fraudulent

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                              Page 307 of 312

Lien or Claim Filed Against Real or Personal Property", (d) the Texas Business & Commerce Code Chapter 27, "Fraud", (e) the Texas Business & Commerce Code Chapter 17, "Deceptive Trade Practices", (f) the New Mexico Statutes Chapter 57, Article 12, "Unfair Trade Practices", (g) the Truth in Lending Act (TILA), 15 U.S.C. 1601 *et seq.*, (h) the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. 2601 *et seq.*, and (i) under the Racketeer Influenced & Corrupt Organizations Act ("RICO"), 18 U.S.C. §1964, and any other applicable statute or law, in an amount to be determined by the trier of fact, and as may be appropriate.

374.   **Texas Prompt Payment Act Interest.**   In the alternative, and in addition to the foregoing claimed damages, Plaintiff re-alleges and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and files this claim for full and complete payment of interest, in accordance with the Texas Property Code Chapter 28, "Prompt Payment To Contractors And Subcontractors."

375.   **Pre-Judgment Interest.**   In the alternative, and in addition to the foregoing claimed damages, Plaintiff re-alleges and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and files this claim for full and complete payment of interest for any damages that occurred before Judgment, calculated on an annual basis on the total judgment herein, from the date of accrual of interest herein until fully paid, at the highest legal or contractual rate allowed by law.

376.   **Post-Judgment Interest.**   In the alternative, and in addition to the foregoing claimed damages, Plaintiff re-alleges and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and files this claim for full and complete payment of interest on any Judgment issued herein, from the date of Judgment until fully satisfied, calculated on an

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                                    Page 308 of 312

annual basis on the total judgment herein, from the date of judgment until fully paid, at the highest legal or contractual rate allowed by law.

377. **Post-Judgment Appeal.**  In the alternative, and in addition to the foregoing claimed damages, Plaintiff re-alleges and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and files this claim for full and complete payment by the Defendants of **$20,000.00** for the time (approximately 80 hours) that would be incurred in making or responding to an appeal, and arguing such an appeal, provided that if said Defendants do not appeal this judgment, and time for appeal to the appellate court has expired, said Defendants shall be entitled to a remittitur of **$20,000.00** against this judgment for said attorneys fees.

378. **Post-Judgment Collection.**  In the alternative, and in addition to the foregoing claimed damages, Plaintiff re-alleges and incorporates herein all of the above paragraphs, the same as if fully set forth verbatim, and files this claim for full and complete payment by the Defendants of **$20,000.00** for the time (approximately 80 hours) that necessarily would be incurred in post-judgment collection.

379. **Writs.**  Plaintiff's claims herein further seek the issuance of all writs of execution and other process necessary to enforce this judgment, including but not limited to attachment, sequestration, garnishment, liens, receivership, and/or injunction.

380. **Other Relief.**  Plaintiff's claims herein further seek any and all other relief to which Plaintiff is entitled, both at law and in equity, that the Court deems appropriate, whether pled or not pled.

## XI.        CONDITIONS PRECEDENT.

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 309 of 312

381.    All conditions precedent have been performed or have occurred.

## XII.        PRAYER FOR RELIEF.

382.    **WHEREFORE, ALL PREMISES CONSIDERED**, and for the foregoing

reasons, Plaintiff herein requests and prays that Defendants be cited to appear and answer herein,

and that after final trial on this matter, Plaintiff be awarded the following relief upon entry of

Judgment against Defendants, to wit:

a.    Payment by Defendants, jointly and severally, to Plaintiff as Actual Damages, as requested above, in an amount to be determined by the trier of fact, and as may be appropriate; and/or,

b.    Payment by Defendants, jointly and severally, to Plaintiff of Compensatory damages, as requested above, in an amount to be determined by the trier of fact, and as may be appropriate; and/or,

c.    Payment by Defendants, jointly and severally, to Plaintiff of Exemplary Damages, as requested above, in an amount to be determined by the trier of fact, and as may be appropriate; and/or,

d.    Payment by Defendants, jointly and severally, to Plaintiff of Punitive Damages, as requested above, in an amount to be determined by the trier of fact, and as may be appropriate; and/or,

e.    Payment by Defendants, jointly and severally, to Plaintiff of Reliance Damages, as requested above, in an amount to be determined by the trier of fact, and as may be appropriate; and/or,

f.    Payment by Defendants, jointly and severally, to Plaintiff of Special Damages, as requested above, in an amount to be determined by the trier of fact, and as may be appropriate; and/or,

g.    Payment by Defendants, jointly and severally, to Plaintiff of Theft Liability Damages, as requested above, in an amount to be determined by the trier of fact, and as may be appropriate; and/or,

h.    Payment by Defendants, jointly and severally, to Plaintiff of Unliquidated Damages, as requested above, in an amount to be determined by the trier of fact, and as may be appropriate; and/or,

i.    Payment by Defendants, jointly and severally, to Plaintiff of Treble Damages, under the common law of the State of Texas, and/or the common

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                Page 310 of 312

law of the State of New Mexico, in an amount to be determined by the trier of fact, and as may be appropriate; and/or,

j.     Payment by Defendants, jointly and severally, to Plaintiff of Damages for Deceptive Trade Practices, as requested above, in an amount to be determined by the trier of fact, and as may be appropriate; and/or,

k.     Payment by Defendants, jointly and severally, to Plaintiff of Damages for Unfair Trade Practices, as requested above, in an amount to be determined by the trier of fact, and as may be appropriate; and/or,

l.     Payment, by Defendants, jointly and severally, to Plaintiff of penalties, restitution, rescission, recoupment and damages pursuant to the Truth in Lending Act (TILA), 15 U.S.C. 1601 *et seq.*, as requested above, in an amount to be determined by the trier of fact, and as may be appropriate; and/or,

m.     Payment, by Defendants, jointly and severally, to Plaintiff of penalties, restitution, rescission, recoupment and damages pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. 2601 *et seq.*, as requested above, in an amount to be determined by the trier of fact, and as may be appropriate; and/or,

n.     Payment by Defendants, jointly and severally, to Plaintiff for threefold damages, under (i) the Racketeer Influenced & Corrupt Organizations Act ("RICO"), 18 U.S.C. §1961-1968, as requested above, in an amount to be determined by the trier of fact, and as may be appropriate; and/or,

o.     Payment, by Defendants, jointly and severally, to Plaintiff of all reasonable and necessary attorneys fees incurred to date, as well as all costs incurred to date, as requested above, in an amount to be determined by the trier of fact, and as may be appropriate; and/or,

p.     Payment by Defendants, jointly and severally, to Plaintiff for all costs of suit; and,

q.     Payment by Defendants, jointly and severally, to Plaintiff of Prompt Payment Act Interest at the highest legal or contractual rate allowed by law; and,

r.     Payment by Defendants, jointly and severally, to Plaintiff of Pre-judgment interest thereon at the highest legal or contractual rate allowed by law; and,

s.     Payment by Defendants, jointly and severally, to Plaintiff of Post-judgment interest thereon at the highest legal or contractual rate allowed by law; and,

t.     Payment by Defendants, jointly and severally, to Plaintiff of **$20,000.00** for the time (approximately 80 hours) that would be incurred in making or

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB        Page 311 of 312

responding to an appeal, and arguing such an appeal, provided that if Defendants do not appeal this judgment, and time for appeal to that court has expired, said Defendants shall be entitled to a remittitur of **$20,000.00** against this judgment for said attorneys fees; and,

u.     Payment by Defendants, jointly and severally, to Plaintiff of **$20,000.00** for the time (approximately 80 hours) that necessarily would be incurred in post-judgment collection; and,

v.     Any and all other further relief to which Plaintiff may be entitled, including but not limited to attachment, sequestration, garnishment, liens, receivership, and/or injunction; and,

w.     Any and all other further relief to which Plaintiff may be entitled, both at law and in equity, which the Court deems appropriate, whether pled or unpled.

April 20, 2016                              Respectfully submitted,

                                           THE LAW OFFICES OF MICHAEL R. NEVAREZ
                                           A Professional Corporation
                                           5915 Silver Springs Drive, Building 6, Suite B
                                           El Paso, Texas 79912
                                           Telephone: (915) 584-8000
                                           Facsimile:  (915) 584-8024
                                           Email: MNevarez@LawOfficesMRN.com

                                           /s/ Michael R. Nevarez
                                           By: **MICHAEL R. NEVAREZ**
                                           State of Texas Bar No. 14933400

                                           Attorney for Plaintiff

Plaintiff's First Amended Complaint
*Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 312 of 312